IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01761-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

TIFFANY GRAYS, *pro se*,

      Plaintiff,

v.

AUTO MART USA, LLC,
JORGE PACHECO,
AUTO MART USA2,
DANIEL RAMIERIZ,
JB OVALLE,
DONNIE MCELROY,
MARCO SANDOVAL,
AUTO MART,

      Defendant.

_____

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff, Tiffany Grays, initiated this action on July 10, 2018, by filing, *pro se*, a

Complaint for Injunctive Relief and Damages (ECF No. 1) and an Application to

Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3).

Plaintiff will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915

solely on the basis of inability to prepay fees or give security therefor.

The Court must construe the Complaint liberally because Plaintiff is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Complaint and has determined that it is deficient.  For the reasons discussed below, Plaintiff will be directed to file an amended complaint.

## I.    The Complaint

Plaintiff asserts she is bringing her claims under the "Fair Credit Reporting Act 15 U.S.C. §§ 1681, *et seq.* ("FCRA"); Equal Credit Opportunity Act of Title VII; & the Federal Truth in Lending Act; 15 U.S.C. §§ 7001 *et seq.* 45(a) and 57, Electronic Signatures in Commerce; the Free Annual File Disclosure Rule, 16 C.F.R. § 610, issued pursuant to section 612(a)(1)(C)(i) of the FCRA, 15 U.S.C. § 1681(a)(1)(C)(i), and recodified as Duties of Consumer Reporting Agencies, Regarding Disclosures to Consumers, 12 C.F.R. § 1022, subpart N; and the Duties of Furnishers of Information to Consumer Reporting Agencies Rule, 16 C.F.R. C 660, issued pursuant to section 623(e)(1) of the FCRA, 15 U.S.C. § 1681s-2(e)(1), and recodified as Duties of Furnishers of Information, 12 C.F.R. § 1022, subpart E."  (ECF No. 1 at 1-2).

This case arises from the sale of a used car.  Plaintiff alleges that Defendants engaged in "fraudulent behavior and misrepresentations, luring the Plaintiff with knowingly false advertisements of '[C]redit Approval Guaranteed;' vehicles posted online for sale, with known, undisclosed salvaged titles; failing to disclose contract terms, during sale, upon notification and culminating with disparate treatment; denying the Plaintiff's loan absent business reason." (*Id.* at 2).  She further states that Defendants employed "discriminatory, fraudulent, and intentionally false, soft credit-

2

check promises, bad faith, non-compliant and unlawful practices during the purchase

and eventual return of a 2013 Dodge Journey on or about March 20, 2018." (*Id.*).  She

contends that Defendants' actions "have caused damage to the Plaintiffs' credit,

emotional and physical health, financial health and aspiring goals." (*Id.*).   Plaintiff

asserts the following claims:

> (1) Defendants did not obtain authorization to run hard inquires of her credit, and unlawfully disclosed her information to third-party lenders, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, n, o, and r;
>
> (2) Defendants made fraudulent misrepresentations in their advertising, in violation of 15 U.S.C. § 52(a)(b);
>
> (3) Defendants engaged in deceptive acts or practices during the sale process, in violation of 15 U.S.C. § 45(a)(4)(A);
>
> (4) Defendants fraudulently misrepresented the terms and conditions of the sale;
>
> (5) Defendants treated her disparately based on her race and sex, in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a)(1);
>
> (6) Defendants' misrepresentations violated the Truth in Lending Act, 15 U.S.C. § 1604(b);
>
> (7) Defendants fraudulently concealed material facts; and
>
> (8) Defendants violated Electronic Signatures in Global Commerce requirements, in violation of 15 U.S.C. § 7001(c).

(*Id.* at 25-39).  As relief, she requests damages.  (*Id.* at 39-40).

## II.    Analysis

### A.    Rule 8

The Complaint does not comply with Rule 8 of the Federal Rules of Civil

Procedure.  The jurisdictional basis for the Complaint and nature of the claims alleged

are convoluted and unclear.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass' n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff' d*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint " must contain (1) a short and plain statement of the grounds for the court' s jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that " [e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.  For the purposes of Rule 8(a), " [i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957) (recognizing that the claims must be presented clearly and concisely in a manageable format that allows the Court and any defendants to know what claims are being asserted and to be able to respond to those claims).

It appears that Plaintiff is attempting to assert violations of the Fair Credit Reporting Act (FCRA), the Equal Credit Opportunity Act (ECOA), the Truth in Lending

Act (TILA), the Federal Trade Commission Act (FTCA), and may be attempting to assert state law claims.

###   B.   The Fair Credit Reporting Act

Congress established the FCRA in 1970 to ensure "fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. V. Burr,* 551 U.S. 47, 52 (2007).  The FCRA limits the circumstances in which a credit-reporting agency may provide a consumer's credit report.  15 U.S.C. § 1681b(a).  A credit agency may furnish a consumer's credit report to a third party upon written instruction by the consumer to whom it relates.  15 U.S.C. § 1681b(a)(2).  A person or entity who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished" may also access the credit report.  15 U.S.C. § 1681b(a)(3)(A).  Finally, a person or entity may also obtain an individual's credit report for a legitimate business need under 15 U.S.C. § 1681b(a)(3)(F)(i).  A person or entity that obtains a consumer's credit report for an improper purpose may be found civilly liable to that consumer.  15 U.S.C. § 1681b(f).  To establish a violation of the FCRA for obtaining a credit report without a proper purpose, a plaintiff must prove that (1) there was a consumer report; (2) defendant used or obtained it; (3) defendant did so without a permissible statutory purpose; and (4) defendant was negligent (or willful) in doing so.  *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco,* 551 U.S. 47.

Plaintiff alleges that the car dealership is a "credit reporting agency," and attempts to state a claim under the provisions of the FCRA that apply to the credit

reporting agency.  Defendants, however, do not meet the statutory definition of a credit reporting agency.  *See* 15 U.S.C. § 1681a(f) (defining consumer reporting agency as "[a]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."). The FCRA "imposes [distinct] obligations on three types of entities:  [CRAs], users of consumer reports[,] and furnishers of information to [CRAs]."  *Jarrett v. Bank of Am.,* 421 F. Supp.2d 1350, 1353 (D. Kan. 2006) (citing 165 U.S.C. § 1681, *et seq*.).  As such, Plaintiff cannot assert violations of specific provisions of the FCRA that impose specific duties on consumer reporting agencies.

The car dealership may qualify as a "user" under the Act, and may be held responsible for violations under the provisions of the FCRA that apply to users of consumer reports.

### C.    The Equal Credit Opportunity Act

The ECOA was originally enacted in 1974 to prohibit discrimination in credit transactions.  *See Fischl v. General Motors Acceptance Corp.,* 708 F.2d 143, 146 (5th Cir.1983).  It was amended in 1976 to require creditors to furnish written notice of the specific reasons why an adverse action was taken against a consumer.  *Id*.; 15 U.S.C. §§ 1691(d)(2) and (3) ("A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.").  The term,

"adverse action" is defined in relevant part by the ECOA as "a denial or revocation of credit." 15 U.S.C. § 1691(d)(6).

### D.     The Truth in Lending Act

In order to state a violation of TILA's provisions under 15 U.S.C. § 1638, a plaintiff must allege that the creditor failed to accurately state any one of the required disclosures such as the amount financed, the total number of payments, the finance charges, the annual percentage rate, the identity of the creditor, and an itemization of the amount financed.  A creditor must make the disclosures clearly and conspicuously in writing, in a form the consumer may keep, and it must do so before the credit is actually extended. 12 C.F.R. § 226.17(a)(1), (b).  A credit contract is consummated when a consumer signs a credit contract that binds him to the credit terms. *Compton v. Altavista Motors, Inc.,* 121 F.Supp.2d 932, 936 (W.D.Va.2000).  These disclosures must properly "reflect the terms of the legal obligations of the parties" and where the creditor is uncertain of the terms, the creditor is required to clearly state that the disclosure is an estimate and the estimate must be based on the best information reasonably available at that time.  12 C.F.R. § 226.17(c)(1)-(2).

### E.     The Federal Trade Commission Act

Sections 45 and 52 of the Federal Trade Commission Act prohibit unfair or deceptive acts or practices in commerce.  The Federal Trade Commission Act, however, does not provide a private cause of action.  *See Deutsche Bank Nat. Tr. Co. v. Foxx*, 971 F. Supp. 2d 1106, 1120 (M.D. Fla. 2013) ("[T]he administration of the Federal Trade Commission Act [ ] is in the hands of the administrative agency and not the

private citizen.") (citing *Roberts v. Cameron-Brown Co.,* 556 F.2d 356, 361 n.6 (5th Cir. 1977)); *see also Sefa v. Kentucky,* 510 Fed. Appx. 435 (6th Cir. 2013) (recognizing that the Federal Trade Commission Act did not create a private cause of action for violations of rules respecting unfair or deceptive acts or practices); *Alfred Dunhill Ltd. V. Interstate Cigar Co.,* 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission.").

III.    **Amended Complaint**

Plaintiff will be given an opportunity to cure the pleading deficiencies in the Complaint by filing an amended pleading that complies with Rule 8.  In the amended complaint, she must clearly and concisely set forth her factual allegations and claims for relief and the statutory authority that allows the Court to consider those claims, in compliance with this Order.  Further, pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Thus, Plaintiff must use the current Court-approved form Complaint when preparing her amended pleading.  Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and the directives in this Order, and does not exceed 30 pages.  It is

FURTHER ORDERED that Plaintiff shall obtain and use the appropriate court-approved Complaint form, along with the applicable instructions, at

8

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an

Amended Complaint on the Court-approved form that complies with this order, this

action may be dismissed, in part or in full, without further notice.  It is

FURTHER ORDERED that the Application to Proceed in District Court Without

Prepaying Fees or Costs (Long Form) (ECF No. 3) is GRANTED.

DATED July 12, 2018, at Denver, Colorado.

BY THE COURT:

_____

Gordon P. Gallagher

United States Magistrate Judge