Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
10/1/2018
**JEFFREY P. COLWELL, CLERK**

Civil Action No.     18-CV-01761-GPG
_____
(To be supplied by the court)

Tiffany Grays, pro se
_____, Plaintiff

v.

See Attached
_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## SECOND AMENDED COMPLAINT

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## Defendants

1. Auto Mart USA, LLC; Auto Mart and Auto Mart USA2;

2. Daniel Ramirez;

3. Jorge Pacheco;

4. JB Ovalle;

5. Marco Sandoval;

6. Donnie McElroy;

7. Jay Barber.

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Tiffany Grays  PO Box 472322 Aurora, CO 80013

(Name and complete mailing address)

720-623-1883 |  Legalgrays@gmail.com

(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   Auto Mart USA, LLC;  835 S Havana St. Aurora CO, 80012

(Name and complete mailing address)

303-438-4000 | dramirez@denverautomart.com

(Telephone number and e-mail address if known)

Defendant 2:   Daniel Ramirez;  835 S Havana St. Aurora CO, 80012

(Name and complete mailing address)

303-438-4000 | dramirez@denverautomart.com

(Telephone number and e-mail address if known)

Defendant 3:   Jorge Pacheco;   835 S Havana St. Aurora CO, 80012

(Name and complete mailing address)

720-401-4586  or  303-438-4000 | jpacheco@denverautomart.com

(Telephone number and e-mail address if known)

Defendant 4:   Marco Sandoval;   835 S Havana St. Aurora CO, 80012

(Name and complete mailing address)

303-438-4000 |  msandoval@denverautomart.com

(Telephone number and e-mail address if known)

3

## B.   DEFENDANT(S) INFORMATION

Defendant 5: JB Ovalle;

835 S. Havana St. Aurora CO, 80012
720-412-6914 | jovalle@denverautomart.com

Defendant 6:  Donnie McElroy.

835 S Havana St. Aurora CO, 80012
303-438-4000 | dmcelroy@denverautomart.com

Defendant 7:  Jay Barber

835 S Havana St. Aurora CO, 80012
303-438-4000 | MBarbar@denverautomart.com

4

## C.     JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

☑    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

15 U.S.C. Sections 1681 et seq; 15 U.S.C. §§7001 et seq.
_____

15 U.S.C. §§ 1601-1667f; 15 U.S.C. § 1691; 15 U.S.C. § 52; 28 U.S.C. § 1367
_____

☐    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:    VIOLATIONS OF FAIR CREDIT REPORTING ACT

Supporting facts: See Additional Pages Attached

CLAIM TWO:  VIOLATIONS OF THE TRUTH IN LENDING ACT 15 U.S.C. § 1604(b)

Supporting facts: See Additional Pages Attached

VIOLATIONS OF ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE 15 U.S.C. § 7001(c)

CLAIM THREE_____

Supporting facts:

15 U.S.C. §7001, puts requirements on all commerce using and storing electronic records. In particular, Id 7001 (c)(1)(B), provides, in part:"[t]he consumer, prior to consenting, is provided with a clear and conspicuous statement (i) informing the consumer of (I) any right or option of the consumer to have the record provided or made available on paper or in nonelectronic form; (ii) informing the rise to the obligation to provide the record; (iii) describing the procedures the consumer must use to withdraw consent as provided in clause (i) and to update information needed to contact the consumer electronically; and (iv) informing the consumer (I) how, after the consent, the consumer may, upon request, obtain a paper copy of an electronic record, and (II) whether any fee will be charged for such copy; the electronic form that will be used to provide the information that is the subject of the consent."

1.   The investigation performed by the Colorado Department of Revenue has in fact determined Auto Mart to have violated this and will be sending Auto Mart, "[a] warning letter will be mailed to the dealer for this violation."

2.   Electronic Signatures in Global Commerce puts requirements on all commerce using and storing electronic records. Auto Marts' online application does not meet federal standards as it fails to: (1) display any notices regarding electronic records to consumers for consent; (2) display method of consent withdrawal; (3) display transaction limitations; (4) display procedure to withdrawal; (5) display procedure to obtain a paper copy; (6) display hardware and software requirements; (7) grant consumer access to the information, thus violating all sections of this statute, as per paragraph The Plaintiff can verify the Defendants' have failed to provide her documentation upon request, multiple times.

VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. § 1691 (a)(1)

CLAIM FOUR _____

Supporting facts:

15 U.S.C. 1691(a)(1)(3) states, in relevant parts:
"[A]ctivities constituting discrimination It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—
(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
(3) because the applicant has in good faith exercised any right under this chapter."

1. Defendants adverse action of denial of credit also violate the firm offer of credit made the day the purchase documents were signed. The Defendants have no valid business reason for denying the Plaintiffs credit application. The Plaintiff was approved by Premier Members Credit Union. The Defendants willfully made the decision not return the paperwork to complete the loan. Due to AUTO failing to return the paperwork with vehicle specific information, there is no data to determine the specific loan details, thus the decision could not have been based on too high payments, interest or any other business reason.

   Violating the provision in the act by denying the application based on race and sex. Plaintiff believes her loan was not approved because she stood up to all of the men, disparate treatment. She would not let the men get away with the lies and forced them to their word of the warranty. To repay her, Mr. Ramirez or Mr. Sandoval decided to cancel the contract inappropriately, because she was a strong willed dark-skinned African-American woman.

2. Not only was the Plaintiff exposed to disparate treatment through the denial of the credit application, absent apparent business reason, the Plaintiff also experienced disparate treatment when attempting to recover the $1000 check. Six days after the check was in physical possession of AUTO representatives. The Plaintiff was required to expose private information, in order to recover funds AUTO was legally required to provide the Plaintiff, regardless of a screenshot. The additional step, proof of disparate treatment.

3. Defendants intently inflict additional emotional distress through additional acts of disparate treatment, by providing the Plaintiffs' private consumer information, illegally to 10 different lenders. Double the amount of typical auto dealerships.

CLAIM FIVE: FRAUDULENT MISREPRESENTATION OF THE TERMS AND CONDITIONS OF THE SALE
_____

Supporting facts:

1.  Defendants, AUTO, consciously misrepresented terms, conditions and promises to the Plaintiff, described in this Complaint, including, but not limited to, the facts that (a) the credit check which was being performed was actually a hard credit check, not the described soft; (b) that the "[A]sk About Our Credit Approval Guaranteed," does not apply to all customers, not all credit is approved; (c) Defendants are not always "Dealers with a heart," as AUTO so promised the Plaintiff and the general public; and (d) Defendants knowingly failed to disclose the salvaged title when posting the vehicle for sale online.

2.  Sales Manager Donnie continues providing the Plaintiff fraudulent misrepresentations as so described in the phone call in April. Donnie easily supplies the Plaintiff with multiple verbal reassurances of the "[s]oft credit check." When the Plaintiff requests the policy in writing, Donnie refuses and passes the commitment of putting the statement in writing, to the Finance Manager, although Donnie is the Sales Manager. The behavior exhibited being unwilling to put in writing, indicates an acknowledgement from Donnie, that what is being said is not on par with legal standards, thus cannot be written down; that Donnie knows or believes that the matter is not as he represents it to be.

3.  Finance Manager Marco provides the Plaintiff fraudulent misrepresentations, stating at vehicle purchase, only soft credit checks were being performed. In the phone call between Marco and the Plaintiff on or about April 12th, Marco denies Sales Manager Donnie would communicate the promise of only soft credit checks, as that is not what is being performed. Marco answered Donnie's question that day when the Plaintiff returned to retrieve the $1000 check, that AUTO performed only soft credit checks, intently providing the Plaintiff false information.

4.  Jorge makes fraudulent misrepresentations by failing to disclose the salvaged title via text message or upon arrival at 835 S Havana St. Jorge continues providing the Plaintiff fraudulent misrepresentations by stating only soft credit checks will be performed, knowing it to be a false statement. JB Ovalle failed to disclose the salvaged title, fraudulent misrepresenting the opportunity the Plaintiff possessed to purchase the vehicle, via text.

5.  These facts were material to the Plaintiff and were ought to have been disclosed in equity and good conscience.

6.  The Plaintiff ignorant of Defendants' fraudulent misrepresentations. The Plaintiff relied solely and only on the statements provided. The Plaintiff reverified at each opportunity, thus, had no cause to speculate the truth and accuracy of the representations, as multiple Managers of Auto Mart USA were involved in the transaction and confirmed the details with the Plaintiff.

7.  Defendants' misrepresentations were done so intently, only to induce the Plaintiff into purchasing a vehicle from Auto Mart USA. Defendants' actions resulting in the Plaintiffs' injuries as described herein and damaged in the amount to be proven at trial.

8.  Acts and practices described in the Complaint also constitute unfair or deceptive acts or practices in violation of section C.R.S. §§ 6-2-102 & 6-2-103.

## CLAIM SIX : FRAUDULENT CONCEALMENT OF MATERIAL FACTS

Supporting facts:

1.   Defendants, AUTO, consciously concealed material existing facts described in this Complaint from the Plaintiff, including, but not limited to, the facts that (a) the credit check which was being performed was actually a hard credit check, not the proffered soft; (b) the "[A]sk About Our Credit Approval Guaranteed," does not apply to all customers, not all credit is 'Guaranteed' to be approved; (c) Defendants were receiving and keeping the profits yielded by the unlawful practice described in this Complaint; (d) Defendants are not always "Dealers with a heart," as AUTO so promised the Plaintiff and the general public; (e) Defendants knowingly sent the ficticious adverse action letter; (f) Defendants knowingly failed to disclose the salvaged title when posting the vehicle for sale online; (g) Defendants intently concealed that the Plaintiffs consumer information would be released to ten outside financing sources, (h) Defendants concealed the need to increase the down payment for internal financing.

2.   These facts were material to the Plaintiff and were ought to have been disclosed in equity and good conscience.

3.   The Plaintiff ignorant of Defendants' fraudulent concealments. The Plaintiff relied solely and only on the statements provided. The Plaintiff reverified at each opportunity, thus, had no cause to speculate the truth and accuracy of the representations, as multiple Managers of Auto Mart USA were involved in the transaction and confirmed the details with the Plaintiff.

4.   Defendants' misrepresentations were done so intently, only to induce the Plaintiff into purchasing a vehicle from Auto Mart USA. Defendants' actions resulting in the Plaintiffs' injuries as described herein and damaged in the amount to be proven at trial.

VIOLATIONS OF C.R.S. § 5-3-110 FRAUDULENT MISREPRESENTATIONS IN ADVERTISING

CLAIM SEVEN_____

   Supporting facts:  See Additional Pages Attached

## CLAIM EIGHT BREACH OF CONTRACT – PROMISSORY ESTOPPEL

Supporting facts:

1. Registered Salesman Donny McElroy, made several promises to the Plaintiff that the Defendants' were only performing a "[s]oft credit check," which can be heard on the recorded calls.

2. The Defendants failed to show the Plaintiff they are "[D]ealer with a heart."

3. Defendants failed to provide the Guaranteed Credit Approval as advertised and told to the Plaintiff.

4. Defendants failed to offer the Plaintiff the, "[9]0 day, 3,000 mile protection plan."

4. Plantiff depended and relied soley upon the Promises made.

5. Plaintiff performed actions based on these promises.

6. Plaintiff received injuries through Defendants failure to perform as promised, leading to Plaintiffs' damages in E. Requests for Relief.

CLAIM NINE: ## BREACH OF CONTRACT – SELLER'S RIGHT TO CANCEL

Supporting facts:

1.   Stipulated in the: Retail Installment Sale Contract with Arbitration, the "[S]eller may cancel this contract upon written notice." Ms. Grays was contacted via phone, on 03/20/2018 in the late afternoon, by salesman Donny, who advised that she was not approved and needed to bring the vehicle back that day. Written notice was never given to the Plaintiff.

CLAIM TEN :    VIOLATIONS OF C.R.S. §§ 6-2-102 & 6-2-103, UNFAIR PRACTICES ACT

Supporting facts:

1.   By and through acts described in all Counts and the Paragraphs in this Complaint, Defendants actions are considered unfair.

CLAIM ELEVEN ## OUTRAGEOUS CONDUCT

Supporting facts:

1.   By and through acts described in all Counts and the Paragraphs in this Complaint, Defendants actions are outrageous conduct.

## VIOLATIONS OF C.R.S. § 6-1-105(1) (e)(i)(n)(l)(r)(u)

CLAIM TWELVE _____

Supporting facts:

1.  AUTO has the "[C]redit Approval Guaranteed," sign on their side walk, advertising something everyone cannot get, approved. This deceptive, misleading sign, caused the Plaintiff to engage in business with AUTO.
Not only did Auto Mart mislead and misrepresent their intentions to the Plaintiff with the aforementioned sign, additionally, online, the Plaintiff inquired about a Mitsubishi Outlander.

2.  The Plaintiff called the AUTO, prior to travelling to the car lot, verifying the vehicle was still available. At no point online or in call or text, did any representative of AUTO inform Ms. Grays the title to the vehicle she inquired about, was salvaged. Not until the Plaintiff had arrived on premises provided all documentation and had her credit run, did Jorge inform her of the situation.

VIOLATIONS OF C.R.S. § 5-3-210, DISPERATE TREATMENT

CLAIM THIRTEEN

Supporting facts:

1.  By and through acts described in Count Four, Defendants have disparately treated Ms. Grays.

VIOLATIONS OF 15 U.S.C. § 1635(a) RIGHT OF RECISSION AS TO CERTAIN TRANSACTIONS

CLAIM FOURTEEN

Supporting facts:

1. Defendants provided Plaintiff, as well as, all other consumers purchasing a vehicle through AUTO, provisions which stipulate no rescission options available to consumers, in violation of this statue.

NEGLIGENT MISREPRESENTATIONS OF TERMS AND CONDITIONS OF SALE; AND PROMISES
CLAIM FIFTEEN

Supporting facts:

1.    The Defendants' knowingly stating multiple times, that AUTO was only conducting soft credit checks, intentionally supplied misinformation to the Plaintiff, coupled with the "[C]redit Approval Guaranteed," and it is clear, deceitful statements were being told throughout the transaction. The Defendants knowing the credit check was not going to be soft and not everyone gets approved. The Plaintiff used the misinformation provided to her by the Defendants, to make her decision to purchase, which has ended with no vehicle and damage to her credit.

2. By and through acts described in Counts: Two, Three, Five, Six, and Seven, Defendants have made negligent misrepresentations regarding the sale and to promises before, during and after the sale.
.

VIOLATIONS OF COLORADO UNIFORM COMMERICERIAL CODE: C.R.S. § 4-5-109(a) AND C.R.S. § 4-1-304

CLAIM SIXTEEN

Supporting facts: See Additional Pages Attached

# VIOLATIONS OF C.R.S. § 5-5-109

CLAIM SEVENTEEN

### Supporting facts:

1.    Auto Marts' conduct throughout these transactions have been nothing less than unconscionable. Starting the process with consumers with, knowingly fictitious, misleading statements, thereby, ignoring State and Federal laws, causing significant threats to thousands of Coloradoans economic statuses; by disclosing credit worthiness in a method prohibited by statutes.

2.    By and through acts described in all Counts and the Paragraphs in this Complaint, Defendants actions are deemed Unconscionable.

CLAIM Eighteen ## Breach of Fiduciary Duty

Supporting facts:

1.  As the Finance Manager, Jay Barber, was acting as a fiduciary to the Plaintiff with respect to Plaintiffs' consumer report and auto loan application. Jay Barber breaches duty by allowing unauthorized access to the Plaintiffs' consumer report and intently attempting to deceive the Plaintiff by stating Auto Mart did not seek outside financing sources, when they sought ten outside financing sources.

2.  As the Operations Manager, Daniel Ramirez was acting as a fiduciary to the Plaintiff with respect to Plaintiffs' consumer report and auto loan application. Daniel Ramirez breaches duty by allowing unauthorized access to the Plaintiffs' consumer report and intently attempting to deceive the Plaintiff by stating Auto Mart did not seek outside financing sources, when they sought ten outside financing sources. Daniel Ramirez further breaches duty by denying the Plaintiffs' application based on her race and sex. As the Operations Manager, Daniel Ramirez is ultimately responsible for all actions occuring in the business and allowed the salvaged titled car to be posted online.

3.  As the Sales Manager, Donnie McElroy, was acting as a fiduciary to the Plaintiff with respect to Plaintiffs' consumer report and auto loan application. Donnie McElroy, breaches duty by allowing unauthorized access to the Plaintiffs' consumer report and intently attempting to deceive the Plaintiff by stating Auto Mart did not seek outside financing sources, when they sought ten outside financing sources. Donnie McElroy further breaches duty by intently disclosing "soft check" multiple times during and following the sale when having knowledge a hard credit check was going to be performed. As the Sales Manager, Donnie McElroy is ultimately responsible for all actions occuring in the business and allowed the salvaged titled car to be posted online.

4.  As a Sales Consultant, JB Ovalle, was acting as a fiduciary to the Plaintiff with respect to Plaintiffs' inquiry about the salvage titled vehicle posted online. JB Ovalle breaches duty by allowing the Plaintiff to believe the vehicle online was able to be sold; by failing to disclose the salvaged title.

5.  As a Sales Consultant, Jorge Pacheco, was acting as a fiduciary to the Plaintiff with respect to Plaintiffs' inquiry about the salvage titled vehicle posted online and salesmen. Jorge Pacheco, breaches duty by allowing the Plaintiff to believe the vehicle online was able to be sold; by failing to disclose the salvaged title; by failing to provide a copy of the credit application at the time of sale; by failing to disclose changes in terms upon notification; and attempting to force the Plaintiff to sign documents which would have negated the warranty.

6.  As the General Manager, Marco Sandoval was acting as a fiduciary to the Plaintiff with respect to Plaintiffs' consumer report and auto loan application. Marco Sandoval breaches duty by allowing unauthorized access to the Plaintiffs' consumer report and intently attempting to deceive the Plaintiff by stating Auto Mart did not seek outside financing sources, when they sought ten outside financing sources; by failing to provide a copy of the credit application at the time of sale;  and attempting to force the Plaintiff to sign documents which would have negated the warranty. As the General Manager, MarcoSandoval is ultimately responsible for all actions occuring in the business.

CLAIM Nineteen ## Negligence

Supporting facts:

1.  By and through all Counts and Paragraphs, Defendants have performed negligently which has directly and negatively impacted the Plaintiff.

VIOLATIONS OF 15 § U.S.C. 1638(a)(1) 1638(b)(1) PART B – CREDIT TRANSACTIONS

CLAIM TWENTY_____

Supporting facts: See Additional Pages Attached

## E. REQUESTS FOR RELIEF

Plaintiff prays the court will grant relief as follows for, inter alia: credit damage; damage to reputation; loss of affection; pain and suffering; mental and emotional distress; loss of time; Past, present, and future medical bills; Hedonic damages; increased risk of harm; past and future pain and suffering. past and future lost income, wages, and earnings. The Fair Credit Reporting Act also provides civil liability for violations of the Act's provisions.15 U.S.C. §1681n(a)(2)(3); allowing the Court to have full discretion on the discipline to which the Defendants' will be held. Defendants have been willfully negligent in their duties and should be penalized according to 15 U.S.C. § 1681o(a)(1)(2). As a direct result of Defendants unlawful actions outlined above, *inter alia:*

**WHEREFORE,** Plaintiff requests jury trial on all claims so triable and judgment as follows:

1. Pursuant to C.R.S. 5-5-206. Civil Liability for Discrimination, provide damages of $100,000;

2. Award actual damages to the Plaintiff in accordance with 15 U.S.C. § 1681n(a)(1)(B); 15 U.S.C. § 1691e(a); 15 U.S.C. §§ 1640(a)(1) and 1640(a)(2)(i);

3. Award punitive damages to Plaintiff in accordance with 15 U.S.C. § 1681n(a)(2); 15 U.S.C. § 1691e(b);

4. Award Plaintiffs' costs and attorney's fees in accordance with 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); 15 U.S.C. § 1691e(d); C.R.S. § 5-5-206 and C.R.S. § 4-5-111(c)(d)(e)(f);

5. All statutory damages awarded to the Plaintiff;

6. Maximum pre and post judgement interest awarded on all allowable damages for the Plaintiff;

7. Punitive and exemplary damages as the Court determines appropriate awarded to the Plaintiff;

8. Special damages awarded to the Plaintiff;

9. Order Defendant to pay the United States of America back for the costs of this action;

10. Notify the Federal Trade Commission to seek prosecution for the willful violations as outlined in C.R.S. § 5-5-301(3)(4) and 15 U.S.C. § 45(a);

11. Declare Auto Mart's practices unconscionable, provide injunctive relief and in accordance with C.R.S.§ 5-6-113, an accurate accounting of all the deceptive, illegal activities which may or may not be being conducted on the premises at Auto Mart USA. Temporarily enjoin Auto Mart USA from conducting any sales of automobiles, until the legality of their business operation, can be confirmed by the Colorado Attorney General or other State agencies as Law allows;

12. In accordance with 15 U.S.C.§ 1640, statutory damages of 3 times the amount of any average loss to be determined by jury at trial, for the TILA violations;

13. Declare Auto Marts' practices to have breached the terms and conditions of the contracts and provide injunctive relief on behalf of Plaintiff who so desires:

    a. Defendant will send a letter to each CRA;

        i. Experian; &

        ii. Transunion; &

        iii. Equifax; &

       iv. SageStream; &

       v. Innovis;

  b. Within letter, request each hard inquiry that was authorized illegally be removed;

  c. A copy of each correspondence will be sent to the Plaintiff;

  d. AUTO will repeat efforts, until all fraudulent hard inquiries are removed from all consumer credit reports;

14. Award actual and punitive damages to Plaintiff, due to multiple breaches of contract;

15. Award actual and consequential damages liberally pursuant to C.R.S. §§ 6-1-101 et. seq., 6-1-113, C.R.S. § 4-1-305 and C.R.S. § 4-2-715;

16. Pursuant to 15 U.S.C. § 2310(d), remedies are allowed for breach of warranties;

17. Restitution of all fees paid to credit repair company fees, within 1 year of this complaint.

18. Disgorgement of the ill-gotten gains received from the bad-faith, fraudulent behavior;

19. All statutory damages according to proof;

20. Punitive and exemplary damages;

21. Punish Defendants under title 18 in accordance with, 15 U.S.C. § 1681q, with imprisonment and fines;

22. In accordance with C.R.S. § 5-5-109(6) provide damages in addition to all other remedies to the Plaintiff;

23. Award treble damages in accordance with C.R.S § 6-1-113(2)(a)(III), (2.3);

24. Other relief the Court finds appropriate awarded to the Plaintiff;

25. Other injunctive relief the Court finds appropriate against Defendants and individual Daniel Ramirez and Marco Sandoval, as they are responsible parties.

September 17, 2018                               /s/ Tiffany Grays, pro se

*(Date)*                                                        *(Plaintiff)*

Tiffany Grays, pro se
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

29

**E.     REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

See Additional Pages Attached

**F.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

/s/ Tiffany Grays, pro se
_____
   (Plaintiff's signature)

September 17 2018
_____
   (Date)

(Revised December 2017)