UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **18-CV-01761-MSK-NYW**

Tiffany Grays, *pro se*

*Plaintiff(s)*

- V -

Auto Mart USA, LLC;  Jorge Pacheco;
Auto Mart USA2; Daniel Ramirez, JB Ovalle;
Donnie McElroy; Marco Sandoval; Auto Mart;
Jay Barber

*Defendant(s)*

# PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

**COMES NOW,** Plaintiff, Tiffany Grays*, pro se*, respectfully moves this Court for entry of an Order of sanctions against Defendants and Defendants legal counsel, Michael G. McKinnon #24689, as both have flagrantly displayed an unwillingness to abide by Orders of this Court, Rules of this Court, and Laws of this land.

## I.   INTRODUCTION

1.     Litigation is not the proper venue to test one's manliness, ego, or sinister abilities to evade and avoid laws meant to protect consumers. Consumers like the Plaintiff, whom are forced to litigate their own cases in Federal Court for the very first time, need not then be unduly

1

burdened, harassed, or bullied out of the courthouse; due only to attempting to correct egregious business errs easily admitted by Defendants; yet do not cause Defendants to perform authorized appropriate actions, within the confines of the Rules and Orders of this Court, and correct said errs.

2.     As a licensed attorney and Officer of this Court, Michal G. McKinnon #24689 has knowledge and comprehension of his duty to make reasonable investigation into his clients claims; to construct pleadings to do substantial justice; to forgo undue burden upon parties, to forgo hindering or otherwise delaying justice. Nevertheless, Defendants and counsel have: (1) Ignored Court's Order to be responsive; (2) Proffered facts to this Court and the Plaintiff which were known to be false, meant only to induce justice away from rightful owner, the Plaintiff; (3) Failed to conduct reasonable inquiry into the validity of Defendants documents and statements; (4) Proffered overtly forged sales documents within Defendants Initial Disclosures; (5) Made frivolous defense as to jurisdiction without any authority presented, meaning this was done to delay and deny justice owed to Plaintiff and cause further injury to the Plaintiff; (6) Defendants Answer to the Complaint displays Defendants and counsel's willingness to ignore Rules set forth by this Court, as claims of ignorance are abundant and overtly fictitious; and (7) the conduct of Defendants and counsel has unreasonably and vexatiously multiplied pleadings filed by *pro se* Plaintiff.

## II.   CERTIFICATION

3.     Plaintiff sent Mr. McKinnon a Rule 11 Letter on June 01, 2019 via email, and to mail or a copy on June 03 (**ECF No. 60-2 (Exhibit 3)),** counsel acknowledged receipt of the June 01, 2019 email on June 05, 2019, *(Id.* **60-2 p.1)**. Mr. McKinnon, yet again unresponsive, *(Id.* **60-2**

**p.2)** fails to address the issues raised within the Rule 11 Letter (**Exhibit 5),** only responding by threatening *(Id.* **60-2 p.1)** the Plaintiff and acknowledging Mr. McKinnon unlawfully working with counsel in a separate case *(Id.* **60-2 p.2),** against the *pro se* Plaintiff; unethically exchanging Discovery information. As Plaintiff stated in *Id.* 60-2 p.2 on June 07, 2019, counsel was unresponsive to the Rule 11 Letter, and to date counsel has remained unresponsive, further in direct contempt of Court's Order[1].

## III.   STANDARD REVIEW

4.   Rule 11 is meant to "deter presentation and maintenance of frivolous positions, while also reducing the frequency of Rule 11 motions." 137 F.R.D. at 64, 65 (1991) (Advisory Committee letter explaining rule). "An attorney takes a frivolous position if he fails to make a reasonable inquiry into facts (which later prove false) or takes a position unwarranted by existing law or a good faith argument for its modification." (*Magnus Elecs., Inc. v. Masco Corp*., 871 F.2d 626, 629 (7th Cir. 1989)). In short, Rule 11 requires that a "pleading be, to the best of the signer's knowledge, well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and . . . not interposed for any improper purpose." (*Coffey v. Healthtrust, Inc*., 1 F.3d 1101, 1104 (10th Cir. 1993)).

---

[1] At the Scheduling Conference held in front of the Honorable Magistrate Judge Nina Y. Wang on April 18, 2019 (ECF No. 47), Plaintiff stated counsel had been unresponsive a number of times, and asked the Court to Order timely responses. Mr. McKinnon contested Plaintiff's assertions, yet in still Judge Wang Ordered counsel to be responsive).

5. Under Rule 11(b), for every pleading, motion, or other paper presented to the court, an attorney must certify, to the best of his knowledge, information, and belief, formed after a reasonable inquiry, (1) that he isn't presenting the filing for any improper purpose, (2) that the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law, (3) that the factual contentions are warranted on the evidence or will likely have support after further investigation, and (4) that the denials of factual contentions have similar support. (*Fed. R. Civ. P. 11(b)).*

6. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (28 U.S.C. § 1927). Courts interpret § 1927 sanctions as requiring a showing of "subjective bad faith," which "is present when an attorney knowingly or recklessly raises a frivolous argument." (*B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *Keegan Mgmt. Co., Sec. Lit*., 78 F.3d 431, 436 (9th Cir. 1996))). The court must apply an objective standard to both Rule 11 and § 1927 sanctions (*White* 908 F.2d 675, 680 (10th Cir. 1990). While subjective bad faith is not a necessary showing for application of § 1927 sanctions, it is for Rule 11 sanctions. Sanctions under § 1927 are intended to compensate those who have been wronged as a result of abusive litigation practices (*Hamilton v. Boise Cascade Exp.,* 519 F.3d 1197, 1205 (10th Cir. 2008)).

4

# IV.   ARGUMENT

7.      Sanctions serve many purposes — deterrence, punishment, compensation, streamlining dockets — but deterrence is the primary goal. (*White v. Gen. Motors Corp*., 908 F.2d 675, 683 (10th Cir. 1990). Successful deterrence works for the benefit of the judicial system as much as of the Plaintiff. Sanctions may be imposed under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987).

8.      Refusing to drop a defense once it becomes apparent that the evidence will not support the defense is a perfect example of sanctionable bad faith under § 1927. Defendants are praying the *pro se* Plaintiff will make fatal err, and not appropriate reliance on evidence which disproves Plaintiff's claims. Such actions are specifically intended to and inevitably result in the unreasonable multiplication of the proceedings by asserting frivolous defenses. Courts recognize this by holding that § 1927 imposes on counsel an affirmative "duty [that is sanctionable when breached] to correct or withdraw litigation positions after it becomes obvious that they are meritless." In re Girardi, 611 F.3d 1027, 1064 (9th Cir. 2010).

## DIRECT CONTEMPT

9.      Counsel has intently disregarded Court's Order (ECF No. 44), as the attempts of the Plaintiff to confer and comply with the Order of the Court, to construct and file a joint proposed scheduling order, were seemingly intolerable to and evidently ignored by counsel, Michael G. McKinnon. Counsel further ignores Court's verbal Order (ECF No. 47), for counsel to be

5

responsive to Plaintiff, by and through multiple unanswered emails and multiple unanswered requests for conferral, as outlined in ECF Nos. 47, 50, 53, 58, 60, and 67.

## RECKLESS CONDUCT & WILLFUL BAD FAITH

10. "For an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," *Fed. R. Civ. P. 11(b)(1),* Defendants, by and through counsel, proffered facts to this Court and the Plaintiff which were known to be false, meant only to induce justice away from rightful owner, the Plaintiff. The following pleadings contain: 1) known false information proffered as facts; 2) evidence proffered as authentic while Defendants have in their control evidence which contradicts said proffered evidence; and/or 3) are overtly meritless, expressing counsel's recklessness and willful bad-faith: ECF Nos. 24, 27, 46, 47, 51, and 54.

### ECF No. 24 - MOTION to Compel Arbitration and Stay Proceedings

11. Counsel filed this motion all the while the arbitration clause was unenforceable **(ECF No. 53; Exhibit 6)),** as Auto Mart USA reveals the sub-standard business practices causing this case; exhibited and sanctioned by the owners and managers of Auto Mart USA, failing to register the clause with the American Arbitration Association. As outlined below in ¶¶ 20-21, the motion to compel arbitration was improperly filed, as counsel failed to conduct reasonable investigation into his clients' business actions/inaction, failing to validate the clause, further failing to investigate ability of the Court to provide relief requested. Whilst Defendants and counsel have proffered curing of business arbitration deficiencies **(ECF No. 54),** the American Arbitration Association is unaware of said curing **(Exhibit 6)**

### ECF No. 27 - REPLY to Response to 24 MOTION to Compel Arbitration and Stay Proceedings

12.     Restatement of **ECF No. 24**

### ECF No. 46 - Proposed Scheduling Order by Defendants

13.     Plaintiff did not sign the Proposed Scheduling Order as counsel has been unresponsive, failing to schedule any meetings, failing to respond to Plaintiff's numerous attempts to provide the Court a complete Proposed Scheduling Order **(ECF No. 45),** in accordance with Court's Order at the Status Conference, ECF No. 44. Counsel again ignored Court's direct Order; requiring Plaintiff to make an oral motion at the Scheduling Conference **(ECF No. 47)** for responsiveness from Mr. McKinnon, which the Court granted. Specifically, the Proposed Order filed, stated the Plaintiff agreed to "using a unified exhibit numbering system;" ECF No. 46 ¶f, no such discussion ever occurred. Additionally, "prior discussions concerning settlement," Id. 46 ¶h, never occurred.

### ECF No. 47 – Oral Proceedings – Scheduling Conference

14.     Defendants for the first time assert that two of the six Defendants were not served the Complaint and Summons, JB Ovalle and Daniel Ramirez, whilst having made multiple entries on behalf of all Defendants. This action done only to squander the *pro se* Plaintiff's resources; to intimidate and coerce the Plaintiff out of the courthouse; to impede and hinder justice rightfully owed to the Plaintiff. Defendants have been successful in squandering Plaintiff's resources by commencing a three-month-long service battle between the Plaintiff and the U.S. Marshals,

which is ongoing, ECF Nos. 50, 59, 67. Defendants have been successful not only squandering the Plaintiff's resources, but the U.S. Marshals and this Court's as outlined in the below in ¶22.

### ECF No. 51 – ANSWER to Complaint

15.     Defendants answer does not comply with Court Rules, as Defendants have denied or claimed to have no knowledge of everything within Plaintiff's Complaints, with the exception of Plaintiff Information and Defendant Information (ECF No. 51 p.1). Defendants go so far as to deny even selling the Plaintiff the vehicle, which Defendants and counsel have admitted occurred **(ECF No. 46 - 4. UNDISPUTED FACTS),** proof of the mendacity, maliciousness, and insubordination of Court Orders and Rules by counsel and Defendants.

### ECF No. 54 - RESPONSE to 53 MOTION for Reconsideration of Order Compelling Plaintiff to Arbitration

16.     Counsel failed to confirm that his client had actually registered the arbitration clause as stated in ECF No. 53 p.2, yet the American Arbitration Association in still unaware of Auto Mart USA clause, **(Exhibit 6).** As outlined below, counsel is yet again unresponsive in providing answers to questions and explanation of actions ¶¶ 20-21.

### Defendant's Initial Disclosures - FRAUDULENT EVIDENCE

17.     Defendants Initial Disclosures provided to the Plaintiff via email, attached hereto **(Exhibit 8),** displays the overt bad-faith fraudulent conduct Defendants are willing to perform

8

and counsel is willing to proffer to this Court and the Plaintiff as authentic. Specifically, the Initial Disclosers proffer the following known misstatements:

> **p. 8** forged You Owe We Owe, - does not contain Plaintiff's or any represented from Auto Mart USA's signatures and does not contain the MasterTech Warranty (p. 44) which is written in on p. 53.
>
> **p. 19** – Letter from Ally Bank stating Auto Mart sent Plaintiff's consumer information to Ally Bank for financing of a vehicle; an outside source.
>
> **p. 20** – Auto Mart USA Letter to Plaintiff stating Auto Mart **did not** submit Plaintiff's consumer information to "Outside Finance Sources," yet on p.19 and p. 24 Defendants acknowledge they did submit the Plaintiff's consumer information to outside sources.
>
> **p. 24** – Also contradicts Auto Mart's advisements in the Adverse Action Letter on p. 20.
>
> **p. 53** – Actual You Owe We Owe – has Plaintiff's signatures and Auto Mart USA signatures.

Counsel has not once asked what evidence was fraudulent, expressing counsel's complicity in Defendants ongoing unlawful conduct, similar to those which cause this instant case.

## Unreasonably & Vexatiously Multiplied Proceedings

18.     By and through the conduct described in section "Reckless Conduct and Willful Bad-Faith" Defendants and Counsel have unreasonably and vexatiously multiple proceedings, while having knowledge of Plaintiff's health conditions.

19.     In addition to the actions aforementioned, Defendants and counsel have unreasonably and vexatiously multiple proceedings through the multiple frivolous defenses within its Answer to

the Complaint. For example, Defendants [sic] affirmative defense, asserting this Court lacks jurisdiction, presented without any authority, explanation or substantiation; meaning this was done to delay and deny justice owed to Plaintiff and cause further injury to the Plaintiff. Jurisdiction of this Court has been established by and through Defendants failure to file a Motion to Dismiss based upon this defense and filing multiple pleadings on behalf of all Defendants under this Court's jurisdiction, further pleading for this Court's assistance to compel the Plaintiff into arbitration, which the Court did. To include such defense in the Answer to the Complaint, is forcing the Plaintiff to draft a Motion to Compel Defendants to Answer in accordance with Fed. R. Civ. P. 12 and 8, as the effect of such baseless defenses is unknown to the *pro se* Plaintiff. Another example, Defendants Answer to the Complaint displays Defendants and counsel's willingness to ignore Rules set forth by this Court, as claims of ignorance are abundant and overtly fictitious, as Defendants state ignorance, answer including accurate references to documents, then stifle answer with claims of ignorance.

20.     Mr. McKinnon further ignores Court's Responsiveness Order and is once again unresponsive once notified that the Defendants failed to register the arbitration clause contained within the Retail Installment Sales Contact with the American Arbitration Association, meaning the clause was unenforceable; multiplying proceedings and forcing the Plaintiff to file a Motion for Reconsideration **(ECF No. 53).** Mr. McKinnon responds ten days later on June 14, 2019, proffering the Court and the Plaintiff curing of arbitration deficiencies **(ECF No. 54),** causing Plaintiff to file Notice with the Court, withdrawing ECF No. 53, **(ECF No. 57)**

21.     Yet in still, on July 03, 2019, nineteen days after said curing statements, the American Arbitration Association ("AAA") states, "This business has not previously submitted its

10

consumer arbitration clause for review." **(Exhibit 6 p.1).** On July 03, 2019, Plaintiff advises counsel of the material misstatements in pleading No. 54, advising the Court and Plaintiff of cured arbitration deficiency, in fact counsel stated within ECF No. 54 p.2, "as of the date of this Response [06/14/19], Defendant Auto Mart USA has registered the Arbitration Agreement;" a [sic] fact materially disputed by AAA. Defendants proffer a receipt which has timestamp discrepancies **(Exhibit ("Ex." )7 pp. 1-2).** Mr. McKinnon is unresponsive regarding the timestamp deficiencies **(Ex. 7).** When asked for a bank statement which corroborates the payment, Mr. McKinnon does not respond **(Ex. 7).** When asked to "please reply all to the email received from AAA denying your registration, including the receipt you forwarded to me, and asking AAA to correct its statements," *Id.* 7 p. 2, Mr. McKinnon does not do so. When asked for actions which have been conducted to resolve, Mr. McKinnon only responds stating, "we are contacting AAA to see what problem is[.]" *Id*. 7 p.3, and intentionally fails to include the Plaintiff on any alleged contact with AAA. When asked to substantiate Plaintiff's concerns of the legitimacy of the receipt, Plaintiff does so, advising McKinnon that his "client has forged other documents, which you have proffered as authentic in your disclosures," Id. 7 p.4; to which counsel is again unresponsive, therefore admitting the documents are forged. Thus, Plaintiff is forced to file this Motion for Sanctions (ECF No. 68), another pleading caused by Defendants and counsel's insubordination of Court's Order and Rules.

22. At the Scheduling Conference conducted by the Honorable Magistrate Judge Wang on April 18, 2019, counsel for the first time advises the Court and Plaintiff that service for two of the six individually named Defendants have not been served the Complaint or Summons; the catalyst to months of communications, motions, and notices the Plaintiff had to file; all the while

counsel had entered appearance for all Defendants through multiple filings. This service charade by counsel has not only squandered U.S. Marshal time and resources, this Court's time and resources, but the *pro se* Plaintiff's time and resources; significantly multiplying the pleadings which Plaintiff filed, ECF Nos. 50, 59, 60, 67, and 68, as well as emails sent to the Court, multiple phone calls with multiple Marshals, multiple in-person visits to the Marshal's Office in the Courthouse, and multiple emails to counsel).

## V.   CONCLUSION

23.     § 1927 places an affirmative duty on counsel to dispose of unsubstantiated defenses; Rule 11 places affirmative duties upon counsel to uphold the sanctity of the justice system, to protect the Courts from needless litigation and to conduct all actions in good-faith, to do substantial justice at all times. Counsel can face severe monetary sanctions for breaching these duties. Motions for sanctions under § 1927 and Rule 11 can effectively prevent counsel's attempt to bully the *pro se* Plaintiff out of the courthouse, quash the squandering of Court's, Marshal's and Plaintiff's limited resources and provide a strong disincentive for refusing to drop frivolous defenses.

**WHEREFORE**, in the interests of judicial economy, equitable justice, and reverence for this Court and the judicial system at large, Plaintiff respectfully requests this Court enter an Order of sanctions against Defendants and counsel for Defendants, Michael G. McKinnon and:

   a)   Award Plaintiff reasonable litigation costs and expenses incurred in responding to Defendants insubordination of Court's Orders and Rules;

b) Enjoin Defendants and counsel from further delaying or hindering these proceedings in any manner, requiring certified documentation to substantiate any future requests for extensions of time by Defendants;

c) Strike Defendants Answer to the Complaints and enter Entry of Default (ECF No. 41) or Order Defendants to appropriately and fully Answer in compliance with Court Rules;

d) Order counsel to be responsive to Plaintiff, responding within twenty-four hours to all communications. If counsel is unable to respond, counsel is directed to follow actions described in 'b,' if counsel fails to respond, or provide said documentation, a sanction of $25,000 is to be paid within 72 hours, in addition to other possible sanctions (to increase by $25,000 per occurrence);

e) Other relief this Court deems just and proper.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Grays, Tiffany, *pro se*                      **18-CV-01761-MSK-NYW**
    v
Auto Mart, et al

## CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 7th day, of July 2019, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT:  **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927**

DOCUMENT:  **Exhibits 5-8**

    Auto Mart et al.
    C/O Michael McKinnon
    mgmckinnon@msn.com
    P: 303-438-4000

                                                                                          /s/ Tiffany Grays, pro se

                                                                                      Tiffany Grays, *pro se*
                                                                                            PO Box 472322
                                                                                      Aurora CO, 80047
                                                                                   (720) 623-1883