# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Case No. **18-CV-01761-MSK-NYW**

| | |
|---|---|
| Tiffany Grays, *pro se* | ) |
| *Plaintiff(s)* | ) |
| - V - | ) |
| Auto Mart USA, LLC;  Jorge Pacheco; Auto Mart USA2; Daniel Ramirez, JB Ovalle; Donnie McElroy; Marco Sandoval; Auto Mart; & Jay Barber | ) |
| *Defendant(s)* | ) |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANTIONS PURSUANT TO FED. FED. R. CIV. P 37 AND 28 U.S.C. § 1927

*Pro se*, Plaintiff, Tiffany Grays hereby submits this Brief in support of sanctions against Defendants and counsel for Defendants, as Counsel was previously granted an extension of nine additional days to answer Plaintiff First Set of Discovery Requests **(ECF No. 68-3),** each of them, on June 07, 2019.  As Defendants responded with the same mendacity exhibited in the [sic] Answer **(ECF No. 51)** to the Complaint, which denies even selling a vehicle to the Plaintiff; a fact uncontested within Defendants Response(s) **(ECF Nos. 73 and 74).** Plaintiff has many objections to the answers received yet has been unduly hindered in doing so, as the pro se Plaintiff has been vexatiously forced to seek an Order of Protection **(ECF No. 60),** Rule 11 Sanctions **(ECF No. 68),** and Rule 37 Sanctions **(ECF No. 81 and 81-Exhibit 11);** on account

1

of counsel's unwillingness to conduct these matters civilly, ethically, and in accordance with Court's Order of responsiveness **(ECF No. 47),** as outlined in ECF Nos. 47, 50, 53, 58, 60, and 67, **(ECF No. 68 ¶9),** 81 and now 84.

## I.     DEFENDANT'S INTENTIONAL MISSTATEMENTS

1. Defendants contend they have "addressed the [Rule 37] allegations" **(ECF No. 82 p.2)** in Responses (ECF No. 73 and 74), which were filed weeks before the Rule 37 Motion was filed (ECF No. 81); as Plaintiff's grounds for each Motion are the [sic] "same," *Id.* p.2. Plaintiff contends any duplicative verbiage used was necessary as Defendants' currently unsanctioned actions have been repeated, continue to escalate, and substantiate violations under Rules 11 and 37, as well as Statute 1927.

2. Defendants did not object to Plaintiff's Request for Production, as Defendants held thirty days to object, and failed to do so **(ECF No. 81- Exhibit 11).** Counsel again expressing his focus on a case which he is not a party nor made an appearance, expressing his unethical improper behavior which necessitated the Court entering a protective order; alleging "the expert witness disclosures deadline having passed," **(ECF No. 82 p.3),** which is factually not true in this case **(ECF No. 48 p.10);** but is true in the case 18-cv-01761-SKC-STV. Experts can and will be disclosed by September 13, 2019, *Id*. p10. Counsel's improper focus substantiates the bad-faith, failures to make reasonable inquiry to his pleadings; causing the Plaintiff to file additional briefs, vexatiously. Defendants end their Response addressing Rule 11 and not Rule 37, due to Defendants being void of any Rule 37 defense which would sanction Defendant's actions.

2

## II.  CONCLUSION

3. In sum, Defendants have not denied nor defended the fact that Defendants failed to timely object to Plaintiff's Request for Production. Therefor Defendants have admitted to untimely objecting to Plaintiff's Request for Production; making sanctions appropriate, as any objection is now barred under the time limitations provided in Rule 33 and counsel failed to seek additional time prior to its expiration. Counsel has not attested or declared conducting this litigation in good-faith nor having made reasonable inquiry into documents provided in the course of this litigation. Plaintiff has been forced to file two separate motions for sanctions in less than seven days due to Defendants mendacity. Defendants' throughout both Defendants Responses to Plaintiff's Motions for Sanctions have not admitted any wrongdoing, even when err is evident, similar conduct which has caused Plaintiff's claims. Defendants' and counsel continue to egregiously work with counsel in a separate case, against the *pro se* Plaintiff; indication of collusion required to deny justice to the rightful owner, the Plaintiff.  Counsel and Defendants unethically rely upon the Plaintiff's pro se status as ability to ignore Court Rules and Orders, as pro se parties are allegedly unable to recover fees; an inconceivable concept as the money and time pro se parities spend is just the same as licensed attorneys. In fact, the cost to pro se parties is amplified by the implicit ignorance present in pro se parties. To sanction the overt insubordination of Defendants and counsel on account of Plaintiff's pre se status, only perpetuates unlawful and unethical behavior presented multiple times by counsel and Defendants.

4. It is in this Court's equitable powers to end Defendants and their counsel's indifference to the Rules and Orders of this Court; to end the Plaintiff's suffering and Order Rule 11, 37, and

3

Statute 1927 Sanctions upon Defendants and their legal counsel, as stated in Plaintiff's Motions for Sanctions.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO 80047
(720) 623-1883
Legalgrays@gmail.com

4

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*                                                    18-CV-01761-MSK-NYW
     v.
Auto Mart USA, et al

# CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 15th day, of August 2019, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT:  **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANTIONS PURSUANT TO FED. FED. R. CIV. P 37 AND 28 U.S.C. § 1927**

      Auto Mart et al.
      C/O Michael McKinnon
      mgmckinnon@msn.com
      P: 303-438-4000

/s/ Tiffany Grays, pro se

Tiffany Grays, *pro se*
PO Box 472322
Aurora CO, 80047
(720) 623-1883
LegalGrays@gmail.com
