# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01761-MSK-NYW

TIFFANY GRAYS,

      Plaintiff,

v.

AUTO MART USA, LLC,
JORGE PACHECO,
AUTO MART USA2,
DANIEL RAMIREZ,
JB OVALLE,
DONNIE MCELROY,
MARCO SANDOVAL,
AUTO MART,
JAY BARBER,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

This matter comes before this court for recommendation on pro se[1] Plaintiff Tiffany Grays's ("Plaintiff" or "Ms. Grays") Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 (the "Motion for Sanctions" or "Motion"), filed July 7, 2019. [#68]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and the Memorandum dated July 24, 2019 [#75]. This court concludes that oral argument will not materially assist in the resolution of this matter, nor is an evidentiary hearing

---

[1] Given Ms. Grays's pro se status, this court construes her filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but does not act as her advocate and applies the same procedural and substantive law to Ms. Grays as a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

necessary given the types of issues presented by Ms. Grays. *See Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1135 (10th Cir. 1991) (explaining that due process does not require oral or evidentiary hearings on motions for sanctions when the Parties fully brief the issue). Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and the entire docket, this court respectfully **RECOMMENDS** that the Motion for Sanctions be **DENIED**.[2]

## BACKGROUND

The court discussed the background of this matter in its prior Order, *see* [#49], and thus this court discusses it here only as it pertains to the instant Motion for Sanctions. Plaintiff initiated this action by filing her Complaint on July 10, 2018. *See* [#1]. The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis* and directed Plaintiff to file an Amended Complaint. *See* [#4]. Plaintiff filed an Amended Complaint and has since filed a Second Amended Complaint, the operative pleading in this matter. *See* [#16].

The Second Amended Complaint raises a host of claims against Defendants Auto Mart USA, LLC, Jorge Pacheco, Auto Mart USA2, Daniel Ramirez, JB Ovalle, Donnie Mcelroy, Marco Sandoval, Auto Mart, Jay Barber (collectively, "Defendants"), including violations of state and federal credit and consumer laws as well as various common law claims pursuant to Colorado law. *See* [#16; #49 at 4-7 (detailing Ms. Grays's 20 claims)]. All of Plaintiff's claims arise from her attempt to purchase an automobile from Defendants. Specifically, on or about March 17, 2018, Plaintiff purportedly purchased a Dodge Journey from Defendants, but had to return the vehicle three days later when Defendants informed Ms. Grays that they could not secure financing for the vehicle—this being despite Defendants' "Credit Approval Guaranteed" assurance. *See* [#49 at 2,

---

[2] Because Ms. Grays seeks, *inter alia*, to "[s]trike Defendants [sic] Answer to the Complaints and enter Entry of Default (ECF No. 41)" [#68 at 13], this court proceeds by Recommendation rather than Order out of an abundance of caution.

3].   According to Ms. Grays, a lender approved Ms. Grays for a loan on the Dodge Journey but Defendants refused to complete the necessary loan paperwork, allegedly in discrimination to Ms. Grays's race.  *See* [*id.* at 4].  Defendants stated they did not submit Ms. Grays's credit application to lenders, but Ms. Grays began receiving letters from lenders indicating Defendants had sought credit on Ms. Grays's behalf.  Ms. Grays further contends Defendants sought "hard checks" of her creditworthiness, despite agreeing to run "soft checks," which detrimentally affected her credit score.  *See* [*id.* at 4]; *see also* [#16].

On October 31, 2018, Defendants moved to compel arbitration of Ms. Grays's claims based on the sales agreement entered between Plaintiff and Defendants for the purchase of the Dodge Journey.  *See* [#24].  The presiding judge, the Honorable Marcia S. Krieger, granted the Motion to Compel Arbitration in part, bifurcating Ms. Grays's claims, and compelling arbitration as to claims based on:

> (i) false promises by Auto Mart of "guaranteed credit acceptance" or the like, (ii) the failure of Auto Mart to assign the Sale Contract to a lender, and (iii) any claims that involve Auto Mart's failure to make disclosures or provide documents (including Ms. Grays'[s] Claim 8) that were required to be provided as part of the transaction represented by the Sale Contract.

[#49 at 13-14].  Ms. Grays's remaining claims alleging violations of the Fair Credit Reporting Act (Count 1), violations of the Truth in Lending Act (Count 2), fraudulent misrepresentation (Count 7), violation of Colo. Rev. Stat. § 4-5-109(a), fraud and forgery (Count 16), and  violations of 15 U.S.C. § 1638(a)(1), (b)(1)(B)[3] "Credit Transaction" (Count 20) remain pending before the court.  *See* [*id.* at 14].

Then, on April 18, 2019, the Parties appeared before the undersigned Magistrate Judge for a Scheduling Conference.  *See* [#47].  Relevant here, the Scheduling Order sets the discovery

---

[3] The statutory citation refers to the Truth in Lending Act but is separately alleged from Count 2.

deadline for October 18, 2019 and the dispositive motion deadline for November 18, 2019.  *See* [#48 at 10].  The Parties have proceeded with discovery and have neither sought nor received any modifications to the Scheduling Order.

Ms. Grays filed the instant Motion for Sanctions on July 7, 2019.[4]  [#68].  She argues that the court should impose sanctions on Defendants and defense counsel for numerous instances of alleged misconduct, including (1) failing to abide by court Orders, (2) advancing defenses known to be unsupported by evidence, (3) failing to confer with and respond to Plaintiff, (4) proffering false information and unauthentic evidence to the court, (5) filing an improper Motion to Compel Arbitration and Reply in support thereof, (6) failing to confer with Plaintiff regarding the Proposed Scheduling Order, (7) raising Plaintiff's lack of service on Defendants JB Ovalle and Daniel Ramirez at the Scheduling Conference, (8) filing an Answer that does not comply with "Court Rules" and denies undisputed facts, (9) failing to confirm Defendants "actually registered the arbitration clause" at issue in the Motion to Compel Arbitration, (10) serving initial disclosures based on fraudulent evidence, and (11) initiating "unreasonabl[e] and vexatious[] multipl[e] proceedings."  *See generally* [*id.*].  Ms. Grays seeks a variety of relief:  reasonable litigation costs and fees; an injunction against any future delays by Defendants and "certified documentation to substantiate any future requests for extensions of time by Defendants"; striking of Defendants' Answer and entry of default against Defendants; an Order requiring Defendants' counsel to respond to Plaintiff within 24 hours of all communications; and monetary sanctions for any future violations of the contemplated injunctions.  [*Id.* at 12-13].  Defendants oppose the Motion, arguing Ms. Grays fails to support her assertions that Defendants engaged in sanctionable conduct and thus

---

[4] Ms. Grays filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 and 28 U.S.C. § 1927 on July 31, 2019, which remains pending before Judge Krieger.  *See* [#81].

the Motion is groundless and frivolous.  *See* [#74].[5]  Ms. Grays has since filed her Reply [#78],

and the Motion for Sanctions is now ripe for recommendation.  I consider the Parties' arguments

below.

## LEGAL STANDARDS

### I.       Rule 11 of the Federal Rules of Civil Procedure

Rule 11(b) of the Federal Rules of Civil Procedure provides:

(b) Representations to the Court. By presenting to the court a pleading, written
motion, or other paper--whether by signing, filing, submitting, or later advocating
it--an attorney or unrepresented party certifies that to the best of the person's
knowledge, information, and belief, formed after an inquiry reasonable under the
circumstances:

(1) it is not being presented for any improper purpose, such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by
existing law or by a nonfrivolous argument for extending, modifying, or
reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a reasonable
opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if
specifically so identified, are reasonably based on belief or a lack of
information.

Fed. R. Civ. P. 11(b).  "Rule 11 applies at any point that the party advocates a frivolous claim,

including at trial," *Hach Co. v. In-Situ, Inc.*, No. 13-CV-02201-CBS, 2016 WL 9725765, at *10

(D. Colo. Nov. 22, 2016); however, the Rule is inapplicable "to disclosures and discovery requests,

responses, objections, and motions under Rules 26 through 37," Fed. R. Civ. P. 11(d).

---

[5] Defendants filed their Response to the Motion for Sanctions twice on the court's docket, one
designated as Defendants' Motion for Sanction and one designated as Defendants' Response. *See*
[#73; #74].  The court terminated Defendants' Motion for Sanctions [#73] given that the filing was
the same as Defendants' Response [#74].  For clarity, this court cites to the entry originally
designated as Defendants' Response to the Motion for Sanctions [#74].

The aim of Rule 11 is to deter sanctionable conduct rather than compensate the opposing party, and thus an appropriate sanction under Rule 11 must be tailored to this purpose and may include attorney's fees and other expenses arising from the violation.  *See Grynberg v. Ivanhoe Energy, Inc.*, 663 F. Supp. 2d 1022, 1025 (D. Colo. 2009).  But before a court may impose sanctions under Rule 11, the movant must serve its motion for sanctions on the opposing party under Rule 5 of the Federal Rules of Civil Procedure and may not file the motion with the court if the opposing party withdraws or corrects the alleged infraction within twenty-one days of receipt of the motion.  *See Harrington v. Aerogelic Ballooning, LLC*, No. 18-CV-02023-MSK-NYW, 2019 WL 2613334, at *4 (D. Colo. Apr. 25, 2019) (citing Fed. R. Civ. P. 11(c)(2)).  Failure to abide by Rule 11(c)(2)'s safe harbor provision is reason alone to deny a motion for sanctions.  *See Kazazian v. Emergency Serv. Physicians, P.C.*, 300 F.R.D. 672, 676-78 (D. Colo. 2014).

## II.    28 U.S.C. § 1927

28 U.S.C. § 1927 "targets the vexatious and unreasonable multiplication of proceedings," and imposes sanctions on attorneys for certain misconduct.  *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).  Specifically, § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Whether to impose sanctions under § 1927 is a decision the court does not take lightly.  *See DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1345 (10th Cir. 2009).  Sanctions under § 1927 may be appropriate when: "counsel repeatedly refers to facts in the record that simply are not there"; raises issues already addressed by the court or other courts; obfuscates "the legal issues" and complicates the opposing party's and the court's ability to "sort them out";

or "submits rambling briefs" and "cites to inapplicable or irrelevant authorities" or "misrepresents facts or law to the court." *Lewis v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1153 (10th Cir. 2007) (brackets and citations omitted).  Ultimately, "any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable." *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008) (internal quotation marks omitted).

## ANALYSIS

As set forth above, Ms. Grays moves for sanctions against Defendants and defense counsel for several instances of alleged misconduct.  For the following reasons, this court concludes that sanctions are not warranted under the circumstances.

*First*, this court concludes that the Motion for Sanctions should be denied given Ms. Grays's failure to abide by Rule 11(c)(2)'s safe harbor provision.  Ms. Grays certifies that she "sent [defense counsel] a Rule 11 Letter on June 01, 2019 via email, and to mail or a copy on June 03," and defense counsel acknowledged receipt of the Rule 11 Letter.  *See* [#68 at 2-3; #68-2]. But "the plain language of subsection (c)[(2)] requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion."  *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).  And it does not appear to this court that Ms. Grays served defense counsel with the actual Motion for Sanctions as required by Rule 11(c)(2), and thus Ms. Grays's failure "should result in the rejection of the motion for sanctions."  *Id.* at 1192 (brackets and ellipsis omitted) ("[T]he Advisory Committee's Notes clearly suggest that warning letters, such as those sent by defendants to Mulhern, are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself.").  Accordingly, this court respectfully **RECOMMENDS** that the Motion for Sanctions be **DENIED**

for failure to comply with Rule 11(c)(2). *See Espinoza v. Am. Family Mut. Ins. Co.*, No. CIV.08-cv-00709-REB-MEH, 2008 WL 4538833, at *1 (D. Colo. Oct. 7, 2008) (denying the plaintiff's Rule 11(c) motion for attorney's fees because, *inter alia*, "[t]here [was] no evidence that this safe harbor was afforded defendants here").

*Second*, even assuming Ms. Grays complied with Rule 11(c)(2), she fails to support her contentions that Defendants and defense counsel engaged in sanctionable conduct under either Rule 11(b) or 28 U.S.C. § 1927. I consider each alleged instance of misconduct in turn, and respectfully **RECOMMEND** that the Motion for Sanctions be **DENIED** on this ground as well.

Direct Contempt. "[D]irect contempt occurs in the presence of the court and is traditionally subject to summary adjudication, [while] indirect contempt addresses behavior that occurs outside the presence of the court." *In re Armstrong*, 304 B.R. 432, 437 (B.A.P. 10th Cir. 2004). Plaintiff contends defense counsel "has intently disregarded Court's [sic] Order (ECF No. 44)," given defense counsel's failure to confer with Ms. Grays about the Proposed Scheduling Order and defense counsel's failure to respond to Ms. Grays's requests for conferral. *See* [#68 at 5-6; #78 at 5]. Although this court discussed the Parties' participation in drafting the Proposed Scheduling Order, *see* [#47 at 1], and while this District's Local Rules of Civil Practice and Judge Krieger's Civil Practice Standards require the Parties to confer before filing certain motions, *see* D.C.COLO.LCivR 7.1(a); MSK Civ. Practice Standard 7.6.1(a), Ms. Grays points to no separate Order of the court directing defense counsel to confer with Ms. Grays, which is a necessary component for establishing contempt. *See Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1230 (10th Cir. 2018) (stating that to prove contempt the movant must demonstrate by clear and convincing evidence "[1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order."). Nor does Ms. Grays demonstrate

that defense counsel's conduct "manifests either intentional or reckless disregard of the attorney's duties to the court" or that this conduct was objectively unreasonable. *Hamilton*, 519 F.3d at 1202.[6]

Reckless Conduct and Willful Bad Faith.   Ms. Grays contends several filings exhibit Defendants' and defense counsel's reckless conduct and willful bad faith because each contains "known false information proffered as facts," "evidence proffered as authentic while Defendants have in their control evidence which contradicts said proffered evidence," and "are overtly meritless." [#68 at 6].

First, Ms. Grays argues Defendants improperly filed the Motion to Compel Arbitration [#24], their Reply [#27] in support of the Motion to Compel Arbitration, and their Response [#54] to Plaintiff's Motion for Reconsideration, because Defendants had not first registered the arbitration clause with the American Arbitration Association, rendering the arbitration clause unenforceable. *See* [#68 at 6-7].   But Defendants purportedly cured this deficiency, *see* [#54; #74 at 4-5; #74-1], and Plaintiff accepted this fact in withdrawing her Motion for Reconsideration of the court's Order compelling partial arbitration. *See* [#57].   Further, while there remained some ambiguity as to Defendants' registration of the arbitration clause when filing their Response [#54] to the Motion for Reconsideration,  *compare* [#54; #74 at 3-4; #74-1] *with* [#68-3; #68-4], the American Arbitration Association's Letter dated July 3, 2019 makes clear that the registration of the arbitration clause is administrative and "is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is <u>legally</u> enforceable."  [#68-3 at 1 (emphasis added)].

---

[6] Nevertheless, I remind the Parties of their obligations to comply with the Federal Rules of Civil Procedure as well as this District's Local Rules of Civil Practice and Judge Krieger's Civil Practice Standards. Furthermore, despite the contentious nature of this suit, the undersigned expects the Parties to address the court and each other with decorum and respect in all filings and/or communications. *See* [#68-4].

Indeed, Judge Krieger has already determined the arbitration clause to be enforceable and nothing suggests Defendants' filings violated Rule 11(b).

Next, Ms. Grays takes issue with defense counsel's conduct in preparing the Proposed Scheduling Order [#46] and at the Scheduling Conference [#47]. As to the Proposed Scheduling Order, Plaintiff argues defense counsel was unresponsive to Plaintiff's attempts to confer on the matter and the Proposed Scheduling Order contained misleading information about using a unified exhibit numbering system and prior settlement negotiations. *See* [#68 at 7]. To be sure, Ms. Grays filed a Notice with the court indicating she had been unsuccessful in conferring with defense counsel as to the Proposed Scheduling Order, *see* [#45], and did not sign the Proposed Scheduling Order, *see* [#46]. But Ms. Grays had submitted some of the information contained in the Proposed Scheduling Order prior to Defendants' filing and updated her submissions with this court at the Scheduling Conference. As to defense counsel's conduct at the Scheduling Conference, defense counsel represented on the record that he was not authorized to accept service on behalf of two individual Defendants, Daniel Ramirez and JB Ovalle, and the burden to serve these Defendants lies with Plaintiff (albeit through the United States Marshals Service). Nothing in the record before this court, however, suggests defense counsel has acted improperly and/or interfered with Plaintiff's attempts to serve these individual Defendants. Indeed, the United States Marshals Service has served Defendant Ramirez, *see* [#63], but has been unable to serve Defendant Ovalle at the address provided by Ms. Grays, *see* [#76 ("The Marshal has also indicated the inability to locate Mr. Ovalle at the address provided [52] by ms. [sic] Grays, and it is Ms. Grays' obligation to supply the Marshal with the address at which she desires the process should be served. Absent a showing that Ms. Grays has provided the Marshal with an alternative address at which to serve Mr. Ovalle, the Marshal has fully discharged its obligations with regard to attempting to serve that

defendant.")].[7]   Accordingly, sanctions pursuant to Rule 11(b) or 28 U.S.C. § 1927 are not appropriate under these circumstances.

Finally, Ms. Grays takes issue with Defendants' Answer which generally denies and/or lacks information to respond to the allegations of her Second Amended Complaint. *See* [#51]. She points to the denial of the allegation that Defendants sold Plaintiff the Dodge Journey as "proof of the mendacity, maliciousness, and insubordination of Court Orders and Rules by counsel and Defendants." [#68 at 8]. But as Defendants note, the undisputed facts from the Scheduling Order indicate only that Ms. Grays signed a sales agreement that contained an arbitration provision. *See* [#48 at 7]. Indeed, this court agrees with Defendants that whether they actually sold Plaintiff the Dodge Journey is subject to dispute given Ms. Grays return of the vehicle. Nor is the court convinced that Defendants' Answer violates Rule 11(b), *see Bergeson v. Dilworth*, 749 F. Supp. 1555, 1567 (D. Kan. 1990) (holding that the defendants' Answer, which denied liability for the traffic collision despite expert evidence to the contrary, did not warrant Rule 11 sanctions, because "sanctions are inappropriate if there is *some* evidence to support the losing party's position."), or evinces an intent by defense counsel to unreasonably and vexatiously multiply these proceedings.

Initial Disclosures. As to any suggestion that Rule 11 sanctions are appropriate because Defendants' Initial Disclosures pursuant to Rule 26(a)(1) consisted of or were based on fraudulent evidence, Rule 11(d) explicitly excludes sanctions concerning "disclosures and discovery requests, responses, objections, and motions under Rule[] 26." Fed. R. Civ. P. 11(d). Nor is it apparent that the documents produced are forged. And even though some documents appear to contradict Defendants' position in this matter, nothing suggests sanctions are warranted. *Cf. Bergeson*, 749 F. Supp. at 1567.

---

[7] Presently, Defendant Ovalle remains unserved.

    <u>Unreasonably and Vexatiously Multiplied Proceedings.</u>   Ms. Grays's final point of contention is Defendants and defense counsel have unreasonably and vexatiously multiplied these proceedings given their conduct discussed above.   In addition to those reasons already discussed, I find sanctions under § 1927 are inappropriate.

    Ms. Grays first takes issue with Defendants' Answer which denies that this court has jurisdiction over the dispute; she argues this was done improperly as Defendants did not challenge jurisdiction initially, thereby establishing jurisdiction with this court.   But federal courts have an independent obligation to assure themselves of subject matter jurisdiction, and a challenge to that jurisdiction may be raised at any time by the Parties or the court *sua sponte*.  *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015); *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).   And Defendants present a colorable explanation for their denial of jurisdiction in their Answer: "Given that Defendants filed a Motion to Compel Arbitration on behalf of all Defendants regarding all claims, which was denied in part by the Court, Defendants had to deny jurisdiction in order to preserve any appeal rights regarding the arbitrability of all claims by all Defendants."   [#74 at 6].   Further, as mentioned, Defendants' general denial and/or lack of sufficient information to respond to the Second Amended Complaint's allegations does not appear to this court to be a violation of Rule 11(b), and though Ms. Grays represents that she would need to file an appropriate motion challenging the sufficiency of the Answer, she has not done so in the nearly two months since filing the instant Motion for Sanctions.   Thus, I find Defendants' Answer has not unreasonably and vexatiously multiplied these proceedings.

    Ms. Grays's next issue concerns defense counsel's responsiveness (or lack thereof) to Ms. Grays's inquiries about the registering of the arbitration clause.   She argues defense counsel was unresponsive over the course of several days and refused to address Plaintiff's concerns about the

registering of the arbitration clause. *See* [#68 at 10-11]. As discussed, there appears some ambiguity as to Defendants' registering of the arbitration clause. *Compare* [#54; #74 at 3-4; #74-1] *with* [#68-3; #68-4]. But the communication provided by Ms. Grays regarding this ambiguity does not demonstrate defense counsel's intentional or reckless disregard of his duties. And while defense counsel did not respond as promptly as Ms. Grays demanded, *e.g.*, [#68-4 at 2 (demanding a response "within the hour"), 3 (demanding a response by "Noon today" and stating, "Any unresponsiveness will be deemed admittance.")],[8] Defendants' conduct, even if it was considered dilatory (which is not substantiated by the record before the court), without more, does not warrant sanctions under § 1927, *see B. Willis, C.P.A., Inc. v. Pub. Serv. Co. of Oklahoma*, 511 F. App'x 753, 756 (10th Cir. 2013) ("While it is correct that reach of § 1927 includes dilatory practices, . . . Mr. Dickson has not cited any authority that sanctions can be imposed only for dilatory conduct." (internal citation omitted)).

Lastly, Ms. Grays argues that defense counsel's representations at the Scheduling Conference concerning the service of Messrs. Ramirez and Ovalle led to numerous "months of communications, motions, and notices the Plaintiff had to file" to effect service on these Defendants. She contends defense counsel appeared to enter his appearance for all Defendants and only raised the service issue to "squander" the court's, the United States Marshals Services', and Ms. Grays's resources. But as discussed, defense counsel represented to this court on the record that he could not accept service on behalf of Messrs. Ramirez and Ovalle, and as Judge Krieger explained, the burden remains on Ms. Grays to properly serve all Defendants (even if using the United States Marshals Service). [#76]. Thus, the filing of additional motions and notices by Plaintiff to effect service on Messrs. Ramirez and Ovalle cannot be attributed to defense

---

[8] Again, this court expects the Parties to remain professional and courteous throughout the remainder of this litigation and is troubled by the Parties' tone displayed in this communication.

counsel, nor can it be characterized as unreasonably and vexatiously multiplying these proceedings as all efforts concern Plaintiff's burden to serve these Defendants.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1)    Plaintiff's Motion for Sanctions [#68] be **DENIED**.[9]

DATED: September 25, 2019                    BY THE COURT:

Nina Y. Wang
United States Magistrate Judge

---

[9] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).