IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 18-cv-01761-MSK-NYW

TIFFANY GRAYS,

    Plaintiff,

v.

AUTO MART USA, LLC,
JORGE PACHECO,
AUTO MART USA2,
DANIEL RAMIREZ,
JB OVALLE,
DONNIE MCELROY,
MARCO SANDOVAL,
AUTO MART, and
JAY BARBER,

    Defendants.
_____

**OPINION AND ORDER ADOPTING RECOMMENDATION DENYING
MOTION FOR SANCTIONS; AND DENYING
SECOND MOTION FOR SANCTIONS**
_____

**THIS MATTER** comes before the Court pursuant to the September 25, 2019 Recommendation of the Magistrate Judge **(# 90)** that Plaintiff Tiffany Grays' (hereafter, "Ms. Grays") Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 **(# 68)** be denied. No objections to the Recommendation were filed.

Also pending is Ms. Grays' second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 and 28 U.S.C. § 1927 **(# 81)**, the Defendants Auto Mart USA, Jorge Pacheco, Auto Mart USA 2, Daniel Ramirez, Donnie McElroy, Marco Sandoval, Auto Mart, and Jay Barber's (hereafter, "the Defendants") response **(# 82)**, and Ms. Grays' reply **(# 84)**.

**FACTS**

The Court assumes the reader's familiarity with the claims and underlying proceedings in this case. According to Ms. Gray's *pro se*[1] Second Amended Complaint **(# 16)**, on or about March 17, 2018, Ms. Grays went to Defendant Auto Mart, a used car dealer, to purchase a vehicle. However, despite the fact that Ms. Grays agreed to purchase a 2013 Dodge Journey and the parties executed both an Invoice/Purchase Agreement and a Sale Contract, the sale did not go through. **(# 49 at 2-3)**. On March 20, 2018, Donnie McElroy, Auto Mart's Assistant Sales Manager, contacted Ms. Grays and advised her that Auto Mart was unable to obtain financing for her and instructed her to immediately return the Dodge Journey. **(# 16 at 14)**. Ms. Grays returned the vehicle and filed the instant lawsuit.

On April 29, 2019, the Court issued an Order granting in part and denying in part the Defendants' Motion to Compel Arbitration and Stay Proceedings **(# 49)**. The Court ordered that Ms. Grays' claims against Defendant Auto Mart involving: (i) false promises by Auto Mart of "guaranteed credit acceptance" or the like, (ii) the failure of Auto Mart to assign the Sale Contract to a lender, and (iii) any claims that involve Auto Mart's failure to make disclosures or provide documents as part of the transaction represented by the Sale Contract will be resolved in arbitration. **(# 49 at 13-14)**. The following claims, however, remain pending before this Court: (i) violations of the Fair Credit Reporting Act, (ii) violations of the Truth in Lending Act, (iii)

---

[1] Given Ms. Grays' *pro se* status, the Court construes her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Such liberal construction is intended merely to overlook technical formatting errors and other defects in Ms. Grays' filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Indeed, although she is not represented by counsel, Ms. Grays must still comply with procedural rules and satisfy substantive law to be entitled to relief. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).

fraudulent misrepresentation, (iv) violation of Colo. Rev. Stat. § 4-5-109(a), (v) fraud and forgery, and (vi) violation of 15 U.S.C. § 1638(a)(1), (b)(1)(B).  **(# 16, # 49)**.

On July 7, 2019, Ms. Grays filed a Motion for Sanctions **(# 68)**, which was referred to the Magistrate Judge.  Then, on July 24, 2019, Ms. Grays filed a second Motion for Sanctions **(# 81)**, which was not referred to the Magistrate Judge and remains pending before the Court.  Thus, this Opinion addresses both motions.

## ANALYSIS

**I.     Ms. Grays' Initial Motion for Sanctions (# 68)**

Ms. Grays moves for sanctions against the Defendants pursuant to Rule 11 and 28 U.S.C. § 1927 for numerous instances of misconduct including: (i) failing to follow court orders, (ii) advancing unsupported facts and arguments, (iii) submitting false information to the Court, (iv) filing improper motions, (v) failing to confer with Ms. Grays and timely respond to her requests, and (vi) generally acting unreasonably and vexatious.  **(# 68 at 5-12)**.  Ms. Grays seeks reasonable costs and fees; an injunction against any future delays by Defendants; the striking of Defendants' Answer and entry of default against the Defendants; an order requiring defense counsel to respond to Ms. Grays' inquires within 24 hours; and various monetary sanctions.  **(#68 at 12-13)**.  In response, the Defendants contend that the motion is groundless, frivolous, and devoid of any factual support that they engaged in sanctionable conduct.  **(# 74)**.   This motion was referred to the Magistrate Judge by Memorandum dated July 24, 2019 **(# 75)** pursuant to 28 U.S.C. § 636(b) and Rule 72.

On September 25, 2019, the Magistrate Judge issued a Recommendation that Ms. Grays' initial Motion for Sanctions be denied for failure to both comply with Rule 11(c)(2)'s safe harbor provision and put forth a sufficient factual basis that the Defendants engaged in sanctionable

3

conduct under either Rule 11 or 28 U.S.C. § 1927.  **(# 90 at 7-8)**.  No objections to the Recommendation were filed.

Under Rule 72, written objections are due within fourteen (14) days after service of a copy of the Recommendation.  Here, no objections were filed to the Recommendation, thus, the Court is vested with discretion to review the Recommendation "under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, the Court reviews the Recommendation to "satisfy itself that there is no clear error on the face of the record . . . ."  Fed. R. Civ. P. 72(b) Advisory Committee Notes.  Upon such review, the Court agrees entirely with both the findings and reasoning of the Magistrate Judge.

### A. Sanctions Pursuant to Rule 11

To be entitled to sanctions under Rule 11(b), Ms. Grays must show that the Defendants' pleadings submitted to the Court: (i) were intended "to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) contained legal positions that were not "warranted by existing law"; (iii) lacked evidentiary support; and (iv) contained denials of factual contentions not supported by the evidence.  Fed. R. Civ. 11(b)(1)-(4).  Rule 11 obligates Defendants' counsel to conduct an "inquiry reasonable under the circumstances" before filing any such pleading.  That inquiry is judged by an objective standard—inquiring what a reasonable attorney would have done—rather than a subjective one that inquires into defense counsel's good faith belief in the merits of the argument.  *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990).

4

In the Recommendation, the Magistrate Judge rejected Ms. Grays' argument that the Defendants violated Rule 11(b) when they filed their Motion to Compel Arbitration but failed to first register the arbitration clause with the American Arbitration Association. The Magistrate Judge found that because the "Defendants purportedly cured this deficiency, and [Ms. Grays] accepted this fact in withdrawing her Motion for Reconsideration of the Court's Order compelling arbitration," there was no Rule 11(b) violation **(# 90 at 9-10)**.

The Magistrate Judge was similarly unpersuaded as to Ms. Gray's contention that the Defendants failed to meaningfully confer with her in the preparation of the proposed Scheduling Order and that it "contained misleading information about using a unified exhibit numbering system and prior settlement negotiations." **(# 90 at 10)**. Concluding that since Ms. Grays submitted similar information in connection with the proposed Scheduling Order and supplemented that information at the Scheduling Conference, the Magistrate Judge found no sanctionable conduct occurred. **(# 90 at 10-11)**. Next, the Magistrate Judge rejected Ms. Grays' contention that the Defendants' Answer, which denied the allegation that the Defendants sold her the Dodge Journey, was "proof of the mendacity, maliciousness, and insubordination of Court Orders and Rule by counsel and Defendants." **(# 90 at 11)**. Rather, the Magistrate Judge agreed with Defendants "that whether they actually sold [Ms. Grays] the Dodge Journey is subject to dispute given Ms. Grays' return of the vehicle." **(# 90 at 11)**. Additionally, to the extent that Ms. Grays objected to Defendant's Rule 26(a)(1) Initial Disclosures as containing inaccurate information, the Magistrate Judge found that "Rule 11(d) explicitly excludes sanctions concerning "disclosures and discovery requests, responses, objections, and motions under Rule [] 26." **(# 90 at 11)**. Finally, the Magistrate Judge found there has been no showing of compliance with the safe-harbor provisions of Rule 11(c)(2). **(# 90 at 7-8)**.

This Court finds no fault with the findings made by the Magistrate Judge. They are supported by the record.

B.     **Sanctions Pursuant to 28 U.S.C. § 1927**

To be entitled to sanctions pursuant to 28 U.S.C. § 1927, Ms. Grays must show that Defendants' counsel "multiplie[d] the proceedings . . . unreasonably and vexatiously" such that he "may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under § 1927 can be awarded even in the absence of a finding of bad faith. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1202 (10th Cir. 2008). The Court's analysis focuses on the objective nature of the conduct, not the attorney's subjective intent. *Id.* (an attorney who acts with "an empty head and a pure heart" may be sanctioned). If the conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, it is sanctionable. *Id.*

In the Recommendation, the Magistrate Judge carefully analyzed the challenged conduct by Defendants' counsel (the disregard of Court orders to confer with Ms. Grays; the refusal to respond to Ms. Grays' inquiries for several days as to whether the arbitration clause had been registered; the representations made at the Scheduling Conference that Defendants' counsel was not authorized to accept service on behalf of individual Defendants Daniel Ramirez and JB Ovalle when he purportedly entered an appearance as to all Defendants) and found no instances that could be characterized as unreasonable or vexatious, causing unnecessary proceedings. (**#90 at 13-14**).

This Court agrees. Viewed objectively, the Court finds no factual support warranting the imposition of sanctions. There is no record evidence that Defendants' counsel ignored Court orders by refusing to confer with Ms. Grays or respond to her inquiries. While it may be true

6

that Defendants' counsel did not respond to Ms. Grays as quickly as she would have preferred, this type of conduct simply cannot rise to the level of sanctionable behavior contemplated in § 1927. Further, the Court cannot say that Defendants' counsel acted recklessly or unreasonably when he (accurately) stated that he could not accept service on behalf of Mr. Ramirez or Mr. Ovalle. Although Ms. Grays presumably incurred costs and devoted time and effort to effect service on these Defendants[2], the Recommendation correctly notes that it is ultimately her burden to serve these Defendants. (**# 90 at 10-11**). Under these circumstances, sanctions under either Rule 11 or § 1927 are not warranted.

## II.     Ms. Grays' Second Motion for Sanctions (# 81)

In her second motion for sanctions, Ms. Grays focuses on Defendants' conduct related to (i) the preparation of the proposed Scheduling Order and (ii) the failure to timely produce written discovery, arguing that sanctions should be imposed pursuant to Rule 37 and § 1927. Ms. Grays seeks the following relief: reasonable litigation costs; an order enjoining Defendants from further delaying this matter and requiring "certified documentation to substantiate any future request for extensions of time"; an order striking the Answer and entering an Entry of Default; an order requiring defense counsel to respond to all communications within 24 hours or monetary sanctions of $25,000 shall be paid within 72 hours (and will increase by $25,000 per occurrence); and an order compelling Defendants to produce the requested discovery. (**# 81 at 7**). The Defendants oppose the motion, arguing that Ms. Grays' discovery requests were irrelevant, not material to her claims, and not likely to lead to the discovery of admissible evidence. (**# 82**).

---

[2]     By all accounts, the United States Marshal Service was able to serve Mr. Ramirez. However, Mr. Ovalle remains unserved to date. (**# 90 at 10-11**).

The imposition of sanctions under Rule 37 is permitted only upon a finding that a party has failed to comply with a rule or order. Fed. R. Civ. P. 37(b). Ms. Grays first argues that Defendants' violated the Magistrate Judge's February 11, 2019 order directing the "parties to work together and file a proposed scheduling order."[3] **(# 81)**. Ms. Grays states that on February 11, 2019, she provided her proposed draft to Defendants' counsel but did not receive a response for two weeks. She then sent a follow-up email, to which Defendants' counsel responded that there was still sufficient "time-I will review and get back to you in a couple of weeks." **(# 81 at 4-5)**. On March 27, 2019, Defendants' counsel advised Ms. Grays that he would be "providing our part of the scheduling order Tuesday." **(# 81 at 5)**. After Ms. Grays made several more unsuccessful attempts to contact Defendants' counsel in order to complete the proposed Scheduling Order, on April 7, 2019, she filed a "Notice" with the Court stating that the "parties will be unable to comply with the Court's Order, . . . as work has not begun on an agreed upon scheduling order and [counsel] has become unresponsive." **(# 45)**. On April 11, 2019, Defendants filed a proposed Scheduling Order (unsigned by Ms. Grays), and on April 18, 2019, the Magistrate Judge held the Scheduling Conference and entered a Scheduling Order. **(# 46, # 47, # 48)**.

This argument was raised by Ms. Grays raised this same argument in her first Motion for Sanctions, which was soundly rejected by the Magistrate Judge. **(# 90 at 8)**. The Court sees nothing to change the prior outcome. A proposed Scheduling Order was timely filed with the Court. Although it was not the product of conversation between Ms. Gray and defense counsel, Ms .Gray was free to object to any portion or file another proposed order prior to the Scheduling

---

[3] While the Court could not find this exact language in the record, the Magistrate Judge ordered the parties to file their proposed Scheduling order not later than April 11, 2019. **(# 44)**.

Conference. Even now, Ms. Gray offers no argument about the contents of the Scheduling Order entered by the Magistrate Judge.[4] On this record, it appears that Ms. Gray is offended that defense counsel did not address her in a manner that she expected. Although the Court appreciates her offense, it is not grounds for imposition of sanctions because there is not showing that the Defendants improperly impeded the preparation of the proposed Scheduling Order.

Ms. Grays also seeks sanctions pursuant to Rule 37 for Defendants' failure to timely answer or produce documents that she requested and for lodging a frivolous objection. Pursuant to Rules 33 and 34, parties use written interrogatories and requests for production of documents in order to exchange discoverable information relating to the claims and defenses at issue in the suit. Fed. R. Civ. P. 33, 34. Responses to these requests must be provided to the opposing party within 30 days after service. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2). Should a party object to a particular request, a specific objection, as compared to a general objection, must be raised.[5] *See Greystone Const., Inc. v. Nat'l Fire & Marine Ins. Co.*, No. 07–cv–00066–MSK–CBS, 2008 WL 795815, at *5 (D. Colo. Mar. 21, 2008).

On June 25, 2019, Ms. Grays served her Second Set of Requests for Production specifically requesting the signatures and phone numbers of the following individual Defendants: Mr. McElroy, Mr. Ramirez, Mr. Pacheco, Mr. Ovalle, Mr. Sandoval, and Mr. Barber. **(# 81-3)**. On July 29, 2019, Mr. McKinnon served his response objecting to Mr. Grays' request as "irrelevant, not material to Plaintiff's claims or Defendant's defenses and is not likely to lead to the discovery of admissible evidence." **(# 81-2)**.

---

[4] The record reveals no indication that the Magistrate Judge experienced complications entering the final Scheduling Order or that any wrongdoing occurred in connection with its preparation.
[5] Rule 34(b)(2)(B) was amended effective December 1, 2015 to require that objections to Rule 34 requests be stated with specificity.

9

The Court notes that the presiding Magistrate Judge's Practice Standards set forth a specific procedure for all discovery disputes. *See* NYW Civ. Practice Standard 37.1 INFORMAL DISCOVERY DISPUTE PROCEDURE. This discovery procedure is applicable to all civil cases, including this one, and requires the parties to contact the Magistrate Judge's chambers *before* filing any discovery motion to "set an informal discovery conference." *Id.* Indeed, there are specific procedures for written discovery disputes such as the one raised in Ms. Grays' pending motion. Based on the Court's review of the record pleadings, there has been no showing of compliance with the Magistrate Judge's procedures as to this particular discovery dispute.[6] Thus, Ms. Grays' request for Rule 37 sanctions is premature and must be denied. To the extent that Ms. Grays believes this information should be produced and/or a discovery dispute still exists, the Court directs her to follow the presiding Magistrate Judge's Practice Standard 37.1.

Finally, insofar as Ms. Grays requests sanctions pursuant to 28 U.S.C. § 1927 for Defendants' failure to produce the requested documents[7], the Court again finds the record does not contain any evidence that the Defendants or their counsel acted unreasonably, improperly or with reckless disregard in discharging their duties to the Court. Thus, Ms. Grays' second motion for sanctions is denied.

## CONCLUSION

Accordingly, the Court, finding no error on the face of the record, adopts the Magistrate Judge's Recommendation **(# 90)**. Ms. Grays' Motion for Sanctions Pursuant to Fed. R. Civ. P.

---

[6] Indeed, the record reveals that the parties have engaged in these discovery procedures in connection with taking discovery depositions. **(# 92, # 96)**. The instant discovery dispute should be treated no differently.

[7] The Court previously rejected Ms. Grays' argument that Defendants' conduct related to the preparation of the proposed Scheduling Order violates 28 U.S.C. § 1927.

11 and 28 U.S.C. § 1927 **(# 68)** is **DENIED.** Additionally, Ms. Grays' second Motion for Sanctions Pursuant to Fed. R. Civ. P. 37 and 28 U.S.C. § 1927 **(# 81)** is **DENIED** with leave to renew.

Dated this 28th day of October, 2019.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge