| **From:** | Legal Grays <legalgrays@gmail.com> |
|---|---|
| **Sent:** | Thursday, November 14, 2019 1:39 PM |
| **To:** | Wang Chambers |
| **Cc:** | Michael McKinnon |
| **Subject:** | 18-CV-01761-MSK-NYW Discovery DIspute |
| **Attachments:** | 1st Production - Auto.pdf; 3rd Production - Auto.pdf; ProMax Screenshot .png; RamirezD100419(30b6)_full_ex[1].pdf |

Dear Hon. Magistrate Judge Wang,

Plaintiff submits this email as the Defendants have failed to fulfill the Order of this Court, ECF No. 102.

Prior to Plaintiff submitting this email, Plaintiff and counsel for Defendants conferred via email and phone. Defendants have not provided a time to call the Court, forcing this email.

Plaintiff seeks this Court's assistance as follows:

The Court's Order, ECF No. 102, Ordered the following:
On or before November 12, 2019, Defendants shall
1). produce the rate sheets,
2). the Promax data,
3). if there is anonymized rollback data
4). and any information on the Mitsubishi vehicle.

To the extent that any of this information is not available, Defendants shall provide an affidavit or declaration of the 30(b)(6) deponent confirming the unavailability.

Documents Defendants produced on November 11, 2019 and the Affidavit on November 12, 2019, are still materially deficient in the following ways:

**Rate Sheets**

1. Defendants produced rate sheets from the year 2019, not the rate sheets which were in use at the time the Plaintiff's application. When asked, Mr. McKinnon advised the rate sheet relevant to these proceedings no longer exists. Defendants have not identified what actions they have taken to reasonably procure the information readily available to them in ProMax.

**ProMax Data**
1. The Affidavit filed by Defendants, a representation of conduct permitted by counsel for Defendants and Defendants themselves, ignoring rules, fails to be legal requirements of C.R.S. § 24-21-504 (2) and should be considered void under C.R.S. § 24-21-504 (3).

The Affidavit fails to conform to Rules of Evidence a) as the Affidavit is unlawfully certified by Defendant, Marco Sandoval who has a disqualifying interest under C.R.S. § 24-21-504 (2)(b), meaning the Affidavit was not signed in the same manner as on file with the secretary of state in violation of C.R.S. § 24-21-515(1)(b); ; b) states it was sworn in front of Michael G. McKinnon, yet the stamp states Marco Sandoval; c) Is not signed and dated by the notarial officer in violation of C.R.S. § 24-21-515(1)(d).

2. The screenshot of the Plaintiff's information within ProMax (Attached), the third party software Auto Mart USA uses to perform many functions including but not limited to loans customer management consumer credit checks, submitting consumer information to lenders, creating and sending adverse action letters, website maintenance and undisclosed functions; substantiates Defendants and legal counsel's affirmations within ECF No. 103 as being false.

According to Defendants' Affidavit (ECF No. 103), this screen[shot] was said to have been taken on "November 07, 2019 at the request of [his] attorney.." (Id. 103), and coincidently on the same day his attorney requested, Defendant Daniel Ramirez suspiciously "found a screen with Tiffany Grays information.," (Id. 103) in ProMax. This "screen[shot]" is said to be all the notes "Promax" has "related to Tiffany Grays." (Id. 103). These notes are proffered to be limited to "04/06/18 and 07/11/18." (Id. 103).

There are various inconsistencies and omissions in Defendants' Affidavit (Id. 103) and production on November 11, 2019, substantiating noncompliance with this Court's Order :

A. The information contained within the screenshot attached was and has been in Defendants' custody and control throughout this litigation, yet was neither retrieved nor disclosed until Mr. McKinnon "asked" for it, on November 07, 2019;

B. This same screenshot displays multiple tabs which contain different information specifically related to the Plaintiff's record and require only a click to display the data, yet was undisclosed and stated under oath to be unavailable: Print History, Notes and History, Credit App, Transfer, Deals, Desking, Review and Submit, Scheduled Activity, Purchased Vehicles, Communications, and Check for Duplicates.

3. The screenshot displays multiple tabs which contain different information specifically for detailed information Auto Mart USA's inventory and website, "Inventory" and "Internet," which also require only a click to display the data;

4. Common sense would state that if notes were listed for July 11, 2018 (A "Happy Birthday" email sent by Jorge Pacheco), the Adverse Action Letter sent, and Marco Sandoval changing the sales manager, that the actions of inputting the Plaintiff's information (creation of record), the sending of the applications to lenders, the responses from those lenders, the sale of the Used Car to the Plaintiff, and the return of the Used Car to the Plaintiff would also be in those notes;

5. The Notes section (which is expressing system notes as being available, but intently hidden) shows a sliding bar on the right-hand side, indicating more notes are available had Defendant just scrolled down; revealing material notes.

8. According to ProMax, vehicle inventory is kept and readily available in reports:
"ProMax features a variety of management reports that show detailed activity for each employee. You will know who is doing their job, and who isn't. The report also gives you a vehicle inventory summary showing inventory unit and value report of new and used, and an aged inventory unit and value report. This report is up-to-date, minute by minute. If you want more data from ProMax Unlimited, custom management reports accessing hundreds of fields of data can be easily configured. Best of all, these reports can be accessed by you anytime and anywhere from any PC with Internet access. You will never be out of touch with your business with ProMax Unlimited."
"ProMax Unlimited replaces software that can perform the following functions: 1) Special Finance; 2) New and used vehicle leasing, plus conventional finance; 3) Pull credit bureau reports and provide a fully integrated compliance suite of features such as Red Flags, Identity Validation, Adverse Action Letters, Risk Based Pricing Notices, Privacy Notices, and OFAC checks. 4) Prospect and Customer Follow up; 5) Vehicle inventory analysis and reports 6) Prepare and print proposals in seconds; 7) Prepare and print F&I menus in seconds; 8) Prepare extensive management reports on all sales department activity. All of this is in one integrated, easy to use system from one supplier. The cost savings alone makes it a practical solution for your dealership. The easy to use, fully integrated features make the decision a no-brainer."
https://www.promaxunlimited.com/faqs.html

**Roll Back**

1. Defendants' statements within the Affidavit admits there is information about rollbacks, of consumers who purchased vehicles and took delivery, by stating the information does not exist in reference to "customers who took delivery of a vehicle, but did not purchase the vehicle." This information has been and remains undisclosed.

2. In the Depositions of Ramirez for Auto Mart USA, McElroy and Barber, all identified only a few roll backs as having ever occured during their tenures', averaging five years.  Defendants' have failed to make reasonable effort, by running the report themselves or contacting ProMax for a report.

**Mitshibishi**

1. Defendants' statements within the Affidavit are void of a reason Defendants are unable to retrieve this information. The screenshot shows an inventory tab and ProMax discusses having reports.  Defendants' have failed to make reasonable effort, by running the report themselves or contacting ProMax for a report.

**Deposition Conduct**

1. Plaintiff's depositions were detrimentally impacted by counsel's continuous objecttions, surmounting to over one hundred and seventy within the six hours of depositions conducted on October 04, 2019. Mr. Daniel Ramirez stated "I don't know a total of thirty-six times during three hours in which he was responding on behalf of Auto Mart USA.

2. By failing to provide information sought through Plaintiff's Requests for Production and as a part of the duties bestowed in Initial Disclosures, Defendants have further impeded and hindered Plaintiff's depositions. Had information been disclosed in accordance with Federal Rules pertaining to Discovery, Plaintiff would surely have: 1) questioned deponents regarding the specific actions taken as noted in this system or as identified by other sources; 2) made additional discovery requests to third parties whose services provided to Defendants are in question; and 3) made different decisions with respect to discovery requests issued to Defendants.

**Relief**

Defendants' indifference continues to squander the Court's and Plaintiff's resources. Plaintiff has not the expenses mentally, physically, or financially to endure Defendants ill-purposed conduct, attaches the Requests for Production which are requests for the same documents withheld under this Court's Order and prays as follows:

a) Enlarge discovery for the Plaintiff for sixty-five days from the date the Court's Order and stay dispositive motions until said time;
b) Pursuant to Fed. R. Civ. P. 37(a)(3)(C), allow Plaintiff to take depositions concerning information contained in evidence undisclosed and depositions taken out of time, at Defendants' expense;
c) Permit Plaintiff to issue subpoenas for additional evidence Plaintiff becomes aware of through the disclosures and depositions out of time;
d) Compel Defendants to fully answer questions which were posed to the representative of Auto Mart and which went unanswered through responses such as or similar to "I don't know;"
e) Compel Defendants to comply with the Court's Order and disclose all said materials available within ProMax, related to the Roll Backs, and the Mitsubishi.
g) Order Defendant to immediately reimburse Plaintiff for additional expenses incurred through the additional and former depositions and subpoenas.

Respectfully submitted,

/s/Tiffany Grays, pro se

*** CONFIDENTIALITY NOTICE ***

The information contained in this e-mail is CONFIDENTIAL, and may be exempt from disclosure under applicable law. It is intended only for the use of the addressee.  This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. If you have received this communication in error, please immediately notify Tiffany Grays at legalgrays@gmail.com and permanently dispose of this transmission and any copies thereof. Thank you for your cooperation.