# UNITED STATES DISTRICT COURT
## District of Colorado

Civil Action No.:   18-CV-01761-MSK-NYW

**TIFFANY GRAYS**

    **Plaintiff,**

**v.**

**AUTO MART USA, LLC., JORGE PACHECO, AUTO MART USA 2, DANIEL RAMIREZ, JB OVALLE, DONNIE MCELROY, MARCO SANDOVAL, AUTO MART AND JAY BARBER.**

    **Defendants.**

---

## DEFENDANTS JORGE PACHECO, DANIEL RAMIREZ, DONNIE MCELROY, MARCO SANDOVAL AND JAY BARBER'S MOTION FOR SUMMARY JUDGMENT ON ALL OF PLAINTIFF'S CLAIMS

---

Defendants, Jorge Pacheco, Daniel Ramirez, Donnie McElroy, Marco Sandoval and Jay Barber, collectively Defendants, by and through undersigned counsel, submits its Motion for Summary Judgment on all of Plaintiff's claims in her Second Amended Complaint, pursuant to Fed. R. Civ. P.56.

Defense counsel discussed the grounds for this Motion with Plaintiff on November 13, 2019. Plaintiff opposes the relief requested herein.

### CLAIMS UPON WHICH SUMMARY JUDGMENT IS SOUGHT

**A. Defendants are entitled to Summary Judgment on Claim 1: Violations of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 m(a) and 1681 s-2(a)(2)(A).**

1. Burden of proof and elements

The Plaintiff's claim of violation of 15 U.S.C. § 1681m(a); 1681 m(a)(3)(A); 1681§ m(h)(5); 1681§ m(h)(1); 1681§ m(h)(5)(A) and 15 U.S.C.§ 1681 s-(a)(2)(A) requires the Plaintiff to establish, by a preponderance of the evidence, a *prima facie* case that: (1) a private civil cause of action exists under 15 U.S.C. §§ 1681 m and 1681 s-(a)(2)(A); (2) Defendants took adverse action with respect to Plaintiff based on information contained in Plaintiff's consumer report and; (3) Defendants are users of Plaintiff's credit information.

2. Elements that cannot be proven by Plaintiff

Element 1: The Defendants contend that Plaintiff cannot demonstrate a triable issue of fact as to whether 15 U.S.C. §1681m and 15U.S.C.§ 1681 s(a)(2)(A) provide for a private cause of action.

A. 15 U.S.C.§1681 m(h)(8)(A) provides that there are no civil actions and the sections of 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section.

The Court in Perry v. First Nat. Bank, 459 F.3d 816, 820-823 (7th Cir.2006) ruled that no private cause of action exists under 15 U.S.C.§ 1681m based upon the clear language of 15 U.S.C.§ 1681m(h)(8) and Congress' intent to preempt a private cause of action to enforce 15 U.S.C. §1681m. 15U.S.C.§ 1681 s(a)(1),(b) and (c) also makes clear that all provisions of 15 U.S.C.§ 1681m and 1681 s(a)(1), (b) and (c) can only be enforced by state or federal agencies, such as the FTC.

Element 2: The Defendants contend Plaintiff cannot demonstrate a triable issue of fact that Defendants took any adverse action regarding Plaintiff's credit application.

B. The sum of Plaintiff's argument regarding her claim of violation of the Fair Credit Reporting Act (FCRA) is that Defendants did not comply with the FCRA regarding adverse action notice. (Second Amended Complaint, pages 20-23; paragraphs 72-78) Even if there were a private cause of action under 15 U.S.C. § 1681m, Defendants did not take an adverse action regarding Plaintiffs credit application.

Adverse action is defined in 15 U.S.C. § 1681a(k) which references 15 U.S.C.§ 1691 (d) (6) as a denial or revocation of credit or a refusal to grant credit in substantially the amount or substantially the terms requested.

From Defendants Affidavits paragraphs 9, 10 and 11, it is clear that Defendants do not extend credit and do not make any decision regarding the extension of credit.

In this case, Exhibit A, the Retail Installment Sale Contract (RISC) makes clear that the Seller/Creditor for the attempted finance purchase of the subject vehicle by Plaintiff was Defendant Auto Mart USA, LLC.

Defendants are merely employees of the creditor; make no decision regarding credit-worthiness; and do not extend or attempt to extend credit to anyone, including Plaintiff. Exhibit D is the adverse action letter sent by Defendant Auto Mart USA, LLC because Defendant Auto Mart USA, LLC is the entity that attempted to arrange financing for Plaintiff and would have assigned the RISC to a lender had financing been approved. (Defendants Affidavits, paragraphs 13 of Ramirez, Sandoval, McElroy and Pacheco; paragraphs 24 of Affidavit of Ramirez, Sandoval, Pacheco; paragraph 23 of Affidavit of McElroy; paragraph 20 of Affidavit of Barbar)

3

Thus, Defendants were not required to provide any adverse action notice to Plaintiff.

Element 3: The Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that Defendants are "users" of Plaintiff's credit information.

C. The term "users" is not defined by the FCRA. However, at least 2 courts have made clear that the selling dealership is the "creditor or user" of a consumers credit report that was pulled by the dealership. In Barnette v. Brook Road Inc., 457 F.Supp. 2d 647, 656 (E.D. Va, 2006) and Padin v. Oyster Point Dodge, 397 F.Supp. 2d 712, 720-722 (E.D. Va, 2005) both Courts found that for purpose of FCRA, the dealer was the creditor who pulled the credit of the consumer and were the users of the information.

In this case, Defendant Auto Mart USA, LLC was the only user of Plaintiff's credit information. (Affidavits of Defendants, paragraph 9 and 12) Defendant Auto Mart USA, LLC is the only person who pulled Plaintiff's credit. (Affidavits of Defendants, paragraphs 5 and 9)

Thus, Defendants are not users of Plaintiff's credit information and have no obligations under the FCRA.

**A. Defendants are entitled to Summary Judgment on Claim 1: Violation of 15 U.S.C.§ 1681 (b)(a)(2).**

1. Burden of proof and elements

The Plaintiff's claim of violation of 15 U.S.C. §1681 b(a)(2) requires Plaintiff to establish, by a preponderance of the evidence, a *prima facie* case that: (1) Defendants are a consumer reporting agency as defined by 15 U.S.C.§ 1681 a(f). Defendants contend that the only element to be proven is that Defendants are a consumer reporting agency since 15 U.S.C.§

1681 b(a)(2) states that a consumer reporting agency may furnish a consumer report in accordance with the written instructions of the consumer to whom it relates.

### 2. Elements that cannot be proven by Plaintiff

Element 1: The Defendants contend Plaintiff cannot demonstrate a triable issue of fact that Defendants are a consumer reporting agency.

A. 15 U.S.C.§ 1681 a(f) defines the term "consumer reporting agency" to mean any person which, for monetary fees, dues, or on a cooperative nonprofit bases regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

From the Affidavits of Defendants, paragraphs 7 and 8, it is clear that Defendants do not regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for purposes of preparing or furnishing consumer reports.

Defendants are only employees of a car dealership, who is a creditor and user of credit information, supplied by consumer reporting agencies. Exhibit C, the authorization signed by Plaintiff for Defendant Auto Mart USA, LLC to pull a credit report on Plaintiff from one or more consumer credit reporting agencies, establishes that neither Defendants nor Defendant Auto Mart USA are consumer reporting agencies. (Affidavits of Defendants, paragraphs 5, 7, 8 and paragraphs 22 of Affidavit of Ramirez, Pacheco and Sandoval)

**A. Defendants are entitled to Summary Judgment on Claim 1: Violation of 15 U.S.C.§ 1681r.**

1. Burden of proof and elements

The Plaintiff's claim of violation of 15 U.S.C.§ 1681r requires Plaintiff to establish, by a preponderance of the evidence, a *prima fascie* case that  (1) Defendants are employees of a consumer reporting agency who knowingly and willfully provides information regarding an individual from the agency's files to a person not authorized to have that information. 15 U.S.C.§ 1681r

2. Elements that cannot be proven by Plaintiff

Element 1: The Defendants contend that the Plaintiff cannot demonstrate a triable issues of fact that Defendants are an officer or employee of a consumer reporting agency who knowingly and willfully provided information concerning an individual from the agency files to a person not authorized to receive that information.

A. Previously, Defendants provided the definition of consumer reporting agency under 15 U.S.C.§ 1681 a(f). From Defendants Affidavits, paragraph 5, 7 and 8, it is clear that Defendants are not an employee of a consumer reporting agency.

Defendant Auto Mart USA, LLC is a used motor vehicle dealer who is a creditor/user of consumer information. All Defendants are employees of Defendant Auto Mart USA, LLC. (Defendants Affidavits, paragraphs 3,5,7 and 8) Thus, there is no triable issue of fact that Defendants are officers or employees of a consumer reporting agency under 15 U.S.C. § 1681r.

**B. Defendants are entitled to Summary Judgment on Claim 2: Violations of Truth in Lending Act (TILA), 15 U.S.C.§ 1604 (b); 12 CFR§ 226.17(a)1, (b) and 226.17(c)(1-2).**

### 1. Burden of proof and elements

The Plaintiffs claim of violation of TILA requires Plaintiff to establish by a preponderance of the evidence, a *prima fascie* case that: 1) Defendants are creditors as defined by 15 U.S.C.§ 1602(f) and; (2) Defendants were required to make disclosures under 12 C.F.R.§§ 226.17(a)(1), (b) and (c)(1-2) and 15U.S.C.§ 1638(a)(1).

Defendants assert that under the definition of creditor and required disclosures to be made by a creditor under 15 U.S.C.§ 1638(a) and 12 C.F.R.§§ 226.17(a)(1), (b) and (c)(1-2), these Defendants are not subject to the terms of TILA.

### 2. Elements that cannot be proven by Plaintiff

Elements 1 and 2: Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that Defendants are creditors under TILA and are required to make any type of disclosures.

A. TILA was enacted by Congress to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C.§ 1601(a) TILA expressly requires creditors to affirmatively provide disclosures regarding the cost of credit extended to consumers. 15 U.S.C. § 1601(a)

15 U.S.C.§ 1638(a)(1) states that for each consumer credit transaction other than under an opened credit plan, the creditor shall disclose the creditors identity. 12 C.F.R.§§ 226.17(a)(1), (b) and (c)(1-2) require the creditor to make certain disclosures at certain times regarding a consumer credit transaction.

Exhibit A is the RISC Plaintiff entered into with Defendant Auto Mart USA, LLC. Exhibit A establishes the Seller/Creditor on the attempted sale of the subject vehicle was Defendant Auto Mart USA, LLC.

The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property, or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of indebtedness, by agreement. 15U.S.C.§ 1602(f)

No individual Defendant is a party to the RISC. Additionally, as each Defendants Affidavit makes clear, each individual Defendant did not on March 17, 2018, or at any time, regularly extend or to offer to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the RISC is initially payable. (Defendants Affidavits, paragraphs 10 and 17)

B. Since Defendants are not creditors, they are not required to make the disclosures required by 15 U.S.C.§ 1638(a)(1) or 12 C.F.R.§§ 226 17(a)(1), (b) and (c)(1-2). Moreover, Plaintiff testified in her deposition that because Defendant Marco Sandoval signed the RISC on behalf of Defendant Auto Mart USA, LLC, he is a creditor and all other Defendants are creditors because they are attempting to collect payments on behalf of their employer. (Plaintiff's Deposition, pages 189-191 attached Exhibit E)

Based upon the individual Defendants not being creditors for purposes of the TILA claim, Summary Judgment is appropriate.

8

**C. Defendants are entitled to summary judgment in Claim 3: Violation of 15 U.S.C.§**

**7001(c)**

1. Burden of proof and elements

To prove a violation of 15 U.S.C.§ 7001(c), Plaintiff must prove that the

Electronic Signatures in Global and National Commerce Act, 15 U.S.C.§ 7001 et seq (E-Sign

Act) provides for a private right of action.

2. Elements that cannot be proven by Plaintiff

Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that 15

U.S.C.§ 7001 et seq provides for a private cause of action.

15 U.S.C.§ 7001 et seq clearly does not provide for a private cause of action for any

alleged violation. Plaintiff asserted the same exact claim in Grays v. TSG et al, United States

District Court for the District of Colorado 18-CV-01762-GPG, which was dismissed by the Court

in Document No. 16. The Court referenced Levy-Tatum v. Naviant Solutions, Inc., 183 F. Supp.

3d 701 (E.D.Pa. 2016). The Court in the TSG case found that there is no private right of action

under 15 U.S.C.§ 7001 et seq. As this Court can see from 15 U.S.C.§ 7001 et seq, no private

right of action is set forth in any part of the statute. Thus, the Court's ruling in Levy-Tatum v.

Naviant Solutions, Inc., 183 F.Supp.3d 701 (E.D.Pa.2016) and the terms of the 15 U.S.C.§ 7001

et seq bar Plaintiff's Third Claim.

**D. Defendants are entitled to Summary Judgment on Claim 4: Violation of Equal**

**Credit Opportunity Act, 15 U.S.C. §1691(a)(1)(3).**

1. Burden of Proof and elements:

To state a claim of violation of 15 U.S.C.§ 1691(a)(1) Plaintiff must prove, by a preponderance of the evidence, that (1) Defendants are creditors, as defined by 15 U.S.C.§ 1691a(e); (2) Defendants as a creditor discriminated against Plaintiff as an applicant with respect to a credit transaction; (3) based upon Plaintiffs race, color or sex. 15 U.S.C.§ 1691(a)(1) and §1691a(e).

<u>2. Elements that cannot be proven by Plaintiffs Element 1</u>

<u>Element 1:</u> Defendants contend that Plaintiff cannot prove a triable issues of fact that these Defendants are creditors as defined by 15U.S.C.§ 1691a(e) who extended credit, pursuant to 15 U.S.C.§ 1691 (a)(1).

A. 15 U.S.C.§ 1691a(e) defines a creditor as any person who regularly extends, renews, or continues credit; any person; who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participated in the decision to extend, renew or continue credit.

15 U.S.C.§ 1691(a)(d) defines credit as the right granted by a creditor to a debtor to defer payment of debt or incur debts and defer its payment or to purchase property or services and defer payment thereof.

Pursuant to the Affidavits of Defendants, Defendants do not regularly extend, renew or arrange for the extension, renewal or continuation of credit or are an assignee of a creditor and do not grant credit for the purchase of property or services based on a deferred payment. (Affidavit of Barbar, paragraph 24; Affidavit of Sandoval and Ramirez, paragraph 28; Affidavit of Pacheco, paragraph 30; Affidavit of McElroy, paragraph 27)

The Affidavits of all Defendants makes clear that Plaintiff executed Exhibit A, the RISC, which shows Defendant Auto Mart USA, LLC as the creditor on the RISC regarding credit extension to Plaintiff for the attempted purchase of the 2013 Dodge Journey. (Affidavit of Defendants 13 and 14) Additionally, Defendants Affidavits makes clear that Defendants did not extend credit to Plaintiff for any purchase of a vehicle as is set forth in Exhibit A, the RISC. (Affidavit of Barbar, paragraph 24; Affidavit of Sandoval and Ramirez, paragraph 28; Affidavit of Pacheco, paragraph 30; Affidavit of McElroy, paragraph 27)

Plaintiff cannot prove that Defendants were creditors or attempted to extend credit to Plaintiff regarding the 2013 Dodge Journey. Thus, Summary Judgment is appropriate.

**E. Defendants are entitled to Summary Judgment on Claim 5: Fraudulent Misrepresentation of the Terms and Conditions of the Sale.**

1. Burden of proof and elements:

Plaintiff's claim of fraudulent misrepresentation requires Plaintiff to prove, by a preponderance of the evidence, the following elements: 1) Defendant made a false representation of a past or present fact; 2) the fact was material; 3) at the time the representation was made, the Defendant (a) knew the representation was false; or (b) was aware that (he) (she) did not know whether the representation was true or false; 4)  the Defendant made the representation with the intent that the Plaintiff would rely on the representation; 5) the Plaintiff relied on the representation; 6) the Plaintiff's reliance was justified; and 7) this reliance caused damages to the Plaintiff. CJI-CIV. 19:1(2019)

2. Elements that cannot be proven by Plaintiff regarding her claim against Defendants McElroy, Sandoval and Pacheco:

Element 2: Defendants McElroy, Sandoval and Pacheco contend that Plaintiff cannot demonstrate a triable issue of fact that the alleged representations made by each of the above Defendants was a fact that was material.

A.  In her Second Amended Complaint, Plaintiff asserts that Defendants McElroy and Sandoval misrepresented to her in April of 2018 that the credit check performed on March 17, 2018 was a soft credit check. (Second Amended Complaint, Claim Five, paragraphs 2 and 3, page 10)

Plaintiff signed Exhibit C, attached, which is an authorization for Defendant Auto Mart USA, LLC to check Plaintiff's credit information regarding credit experience, including a credit report from one or more consumer reporting agencies (credit bureaus) in connection with any application for credit. (Affidavits of Defendants, paragraph 5)

CJI-CIV 19:4 provides that a fact is material if a reasonable person under the circumstances would regard it as important in deciding what to do. A fact may also be material even though a reasonable person might not regard it as important, if (the person stating it knows that) (the person concealing it knows that) the person receiving the information would regard it as important in deciding what to do.

The fact was not material given that from Exhibit C, Plaintiff was aware that Defendant Auto Mart USA, LLC would be pulling a credit report from one or more consumer reporting agencies. See Johnson v. Graham, 679 P.2d 1090, 1093 (Colo. App.1983) (Plaintiff being aware of repairs that resulted in concealment not being material.)

Element 5: Defendants McElroy, Sandoval and Pacheco contend that Plaintiff cannot demonstrate a triable issue of fact that she relied upon that representation.

B.  The fifth element to be proven by Plaintiff is reliance on the representation. Detrimental

reliance is an element of a misrepresentation or concealment claim under Colorado law. <u>Cook</u>

<u>v. Rockwell Intern. Corp.,</u> 755 F.Supp1468, 1479 (D.Colo.1991)

CJI-CIV 19:8 (2019) defines justifiable reliance by stating that a person is justified in

assuming that a representation is true if a person of the same or similar intelligence, education or

experience would rely on that representation.

If a Plaintiff has access to information that is equally available to both parties and would

have led to discovery of the true facts, the Plaintiff has no right to rely upon the

misrepresentation. <u>Balkind v. Telluride Mountain Title Co.,</u> 8 P.3d 581, 587  (Colo.App.2000)

Here both Plaintiff and Defendants had access to Exhibit C, which Plaintiff signed,

informing Plaintiff that Defendant Auto Mart USA, LLC would be pulling a credit report from

one or more consumer reporting agencies.

Thus, Plaintiff could not rely on the alleged representation regarding a soft credit check in

the face of Exhibit C, which would have led Plaintiff to the discovery of the true facts.

C.  Plaintiff cannot demonstrate a material fact or reasonable reliance regarding the

allegations that Defendant Pacheco failed to disclose that the Mitsubishi Outlander Plaintiff

looked at had a salvage title. (Second Amended Complaint, Claim 5, paragraph 4, page 10;

Second Amended Complaint, Statement of Claims, paragraphs 19 and 20, page 7)

Plaintiff asserts that it was Defendant JB Ovalle (unserved in this case), that failed to

disclose via text that the Mitsubishi Outlander Plaintiff inquired about was salvage. (Second

Amended Complaint, Statement of Claims, paragraph 20, page 7)

From Defendant Pacheco's Affidavit, paragraphs 28 and 29, it is clear that Plaintiff never attempted to purchase the Mitsubishi Outlander and instead attempted to purchase the 2013 Dodge Journey after Defendant Pacheco informed Plaintiff that the Mitsubishi was salvage. Plaintiff executed Exhibits A and B regarding the attempted purchase of the 2013 Dodge Journey.

There is no evidence that Plaintiff purchased or attempted to purchase the Mitsubishi. Thus, there is no material fact regarding the salvage nature of the Mitsubishi and because Plaintiff did not purchase or attempt to purchase the Mitsubishi, there is no reliance that is justified.

A misrepresentation is not actionable unless it is a proximate and immediate cause of a false representation. <u>Huston v. Ohio & Colorado Smelting and Refining Co.,</u> 165 P.251, 63 Colo. 152.

Neither Defendant Ramirez or Defendant Barber are referred to by Plaintiff regarding her Fraud claim. Based upon the foregoing, Defendants McElroy, Sandoval and Pacheco submit that Summary Judgment is appropriate on Plaintiffs Fifth claim.

**F. Defendants are entitled to Summary Judgment on Claim 7: Violation of C.R.S. § 5-3-110 Fraudulent Misrepresentations in Advertising.**

<u>1. Burden of proof and elements</u>

The Plaintiff must prove a violation of C.R.S. § 5-3-110 by a preponderance of the evidence and prove that; (1) Defendants are a creditor as defined by C.R.S. § 5-1-301(17); and (2) Defendants advertised, printed, displayed, published, distributed, broadcast, transmitted or caused to be advertised, printed, displayed, published, distributed, broadcast or transmitted in

any manner any false, misleading or deceptive statement or representation with regard to rates, terms or conditions of a consumer credit transaction. C.R.S. § 5-3-110(1).

As with the TILA and ECOA claims, Defendants are not creditors. Thus Plaintiff cannot make a *prima fascie* case.

### 2. Elements that cannot be proven by Plaintiff

Elements 1 and 2: Defendants contend that Plaintiff cannot demonstrate a triable issue of fact as to whether Defendants are creditors and Defendants advertised anything related to the consumer credit transaction.

A. C.R.S. § 5-1-301(17) defines "Creditor" as the seller, lessor, lender, or person who makes or arranges a consumer credit transaction and to whom the transaction is initially payable, or the assignee of a creditor's right to payment, but use of the term does not in itself impose on an assignee any obligation of his or her assignor.

C.R.S. § 5-1-301(12) defines "Consumer credit transaction" as a consumer credit sale or consumer loan or refinancing or consolidation thereof, or a consumer lease.

Based upon the Affidavits of Defendants, Defendants are not a seller, lessor, lender or person who makes or approves a consumer credit transaction and to whom the transaction is initially payable. (Affidavit of Ramirez and Sondoval, paragraph 31; Affidavit of McElroy, paragraph 30; Affidavit of Barbar, paragraph 27; Affidavit of Pacheco, paragraph 33)

Again, the RISC, Exhibit A, shows Defendant Auto Mart USA, LLC as the creditor and was the entity to whom the RISC was initially payable. Additionally, Defendants Affidavits paragraph 30 makes clear that they never advertised, displayed, printed, or published any statement or representation regarding the rates, terms or conditions of a credit of a consumer

credit transaction. (Affidavit of Ramirez and Sandoval, paragraphs 30; Affidavit of Barbar, paragraph 26; Affidavit of Pacheco, paragraph 32; Affidavit of McElroy, paragraph 29)

Summary Judgment is appropriate on this claim.

**G. Defendants are entitled to Summary Judgment on Claim 8: Breach of Contract - Promissory Estoppel**

1. Burden of proof and elements

The Plaintiff's claim of Breach of Contract - Promissory Estoppel requires Plaintiff to establish, by and preponderance of the evidence, a *prima fascie* case that: (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that a promise would induce action or forbearance by the promise; (3) the promisee in fact reasonably relied on the promise to his detriment; and (4) the promise must be enforced to prevent injustice. Peace v. Parascript Management 59 F. Supp 3d 1020 (D: Colo.2014) Promissory Estoppel is applicable only in the absence of an enforceable contract. Id

2. Elements that cannot be proven by the Plaintiff

Elements 1-4 and Non Existence of a Contract: The Defendants contend that the Plaintiff cannot demonstrate a triable issue of fact as to whether a promissory estoppel claim exists due to enforceable contracts with Defendant Auto Mart USA, LLC.

A.  Plaintiff asserts in her Second Amended Complaint that promises were made regarding soft credit check; Dealer with a heart; Guaranteed credit approval; and 90 day, 3000 mile protection plan. (Claim 8, page 3, Second Amended Complaint)

Defendants Affidavits, paragraphs 13 and 14, make clear that Plaintiff entered into 2 separate contracts regarding the attempted purchase of the subject vehicle. Exhibit A is the RISC

which relates to attempted financing of the subject vehicle. Exhibit B is the Buyers Order regarding the attempted purchase of the vehicle.

Both contracts set out the terms of the attempted sale and financing of the subject vehicle.

As the Court will notice, "The Dealer with a Heart" is an advertising slogan on Exhibit B. Whether there was an alleged "promise" by Defendant McElroy regarding a soft credit check does not create the type of promise that a claim under promissory estoppel can be based upon.

The Court in <u>Gilmore v. Ute City Mortg. Co</u>, 660 F.Supp 437, 439-440 (D.Colo.1986) referenced Section 90 of Restatement (Second) of Contracts and V<u>igoda v. Denver Urban Renewal Authority</u>, 646 P.2d 900, 905 (Colo.1982) regarding promissory estoppel being applied to prevent injustice where there has not been a mutual agreement by the parties on all essential terms of the contract and only in the absence of an enforceable contract.

In this case, Exhibits A and B establish that all essential terms of a contract were reached. Thus, because there were enforceable contracts, which include all promises of Plaintiff and Defendant Auto Mart USA, LLC, Plaintiff cannot maintain a promissory estoppel claim.

Plaintiff's Ninth Claim is for Breach of Contract regarding the RISC. Clearly, Plaintiff acknowledges that an enforceable agreement existed regarding Defendants Auto Mart USA, LLC.

**H. Defendants are entitled to Summary Judgment on Claim 9: Breach of Contract - Sellers Right to Cancel**

  1. <u>Burden of proof and elements.</u>

The Plaintiff's claim of Breach of Contract - Sellers Right to Cancel, requires Plaintiff to establish, by a preponderance of the evidence, a *prima facie* case that; 1)Defendants entered in to a contract with Plaintiff. CJI-CIV. 30:10 (2019)

2. <u>Elements that cannot be proven by Plaintiff</u>

<u>Element 1</u>: The Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that any of the Defendants were a party to the RISC, Exhibit A.

A. CJI-CIV 30:1 and 30:10 (2019) make clear that a contract is an agreement between two or more persons or entities and to prove a claim of breach of contract, Plaintiff must prove Defendants entered in to a contract with Plaintiff.

Plaintiff alleges that these Defendants breached the RISC with Plaintiff by not providing written notice canceling the RISC. (Second Amended Complaint, Claim 9, Page 14) The RISC, Exhibit A requires the Seller to give written notice of cancelation.

Exhibit A is a contract between Plaintiff and Defendant Auto Mart USA, LLC as Seller. From Defendants Affidavits, it is clear that Defendants were not a party to the RISC. (Defendants Affidavits, paragraphs 13, 14 and 15)

Given that there is no evidence of a contract between Plaintiff and Defendants regarding Sellers Right to Cancel, Plaintiffs claim must be dismissed. See <u>Coors v. Sec., Life of Denver Ins. Co.,</u> 91 P.3d 393, 402 (Colo.App.2003) (To prevail on a claim of breach of contract a party must show the existence of contract and failure to perform some term of contract by the other party.)

**I. Defendants are entitled to Summary Judgment and Claim 10: Violation of C.R.S. §§ 6-2-102 and 6-2-103.**

1.   <u>Burden of proof and elements:</u>

The Plaintiff's claim of Violation of C.R.S. §§ 6-2-102 and 6-2-103, requires Plaintiff to establish, by a preponderance of evidence, a *prima facie* case that: (1) Defendants are doing business in the State of Colorado; and (2) engaged in the production, manufacturer, distribution, or sale of any commodity, product, or service of general use or consumption, or the sale of any merchandise or product by any public utility, with the intent to destroy competition of any regular established dealer in such commodity, product, or service, or to prevent the competition of any person, firm, private corporation, or municipal or other public corporation that in good faith intends and attempts to become a dealer, to discriminate between different sections, communities, or cities, or portions thereof, or between different locations in such sections, communities, cities, or portions thereof in this state by selling or furnishing a commodity, product, or service at a lower rate in one section, community or city, or any portion thereof, or in one location in such section, community or city, or any portion thereof than in another after making allowance for the difference, if any, in the grade or quality, quantity, and actual cost of transportation from the point of manufacture, if a manufactured product or raw commodity. C.R.S.§ 6-2-103(1)

2.   <u>Elements that cannot be proven by Plaintiff</u>

<u>Element 2:</u> The Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that Defendants are engaging in any activities with the intent to destroy the competition of any regular established dealer in a commodity or prevent competition.

A.  C.R.S.§ 6-2-102 makes clear that the purpose of the article is to safe guard the public against monopolies and foster competition. See <u>Parish Oil Co., Inc. v. Dillon Companies, Inc.,</u> 523 F.3d 1244, 1247 (10th Cir .2008)

C.R.S. § 6-2-103(1) makes clear that it is unlawful to attempt to destroy competition or discriminate between communities by selling products at a lower rate in one section versus another.

From Defendants Affidavits, it is clear that they do not engage in the production, manufacture, distribution or sale of any commodities, product or service with the intent to destroy the competition or sell or furnish any product, commodity or service at a lower rate in one section of a city or community than another. (Affidavit of Barbar, paragraph 28; Affidavit of Pacheco, paragraph 34; Affidavit of Ramirez and Sandoval, paragraphs 32; Affidavit of McElroy, paragraph 31)

**J. Defendants are entitled to Summary Judgment on Claim 11: Outrageous Conduct.**

1. <u>Burden of proof and elements:</u>

The Plaintiffs claim of outrageous conduct requires Plaintiff to establish, by and preponderance of the evidence, that: 1) Defendants engaged in extreme and outrageous conduct; 2) recklessly or with intent of causing the Plaintiff severe emotional distress and; 3) causing Plaintiff sever emotional distress. <u>Riske v. King Soopers,</u> 366 F.3d 1085, 1089 (10th.Cir.2004)

2. <u>Elements that cannot be proven by Plaintiff:</u>

Elements 1-3: The Defendants contend that Plaintiff cannot demonstrate triable issue of fact that Defendant engaged in extreme and outrageous conduct, reckless or with the intent to cause Plaintiff severe emotion distress, which caused Plaintiff severe emotional distress.

A.  In determining whether conduct is extreme and outrageous, under Colorado law, the Court views the totality of the circumstances. Riske v. King Soopers, 366, F.3d 1085, 1089(10th Cir.2004)

Under Colorado law, liability for outrageous conduct exists when the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as outrageous, and utterly intolerable in a civilized society. Scott v. Hern, 216 F.3d 897, 913 (10th Cir.2000)

A vendors alleged failure to disclose latent defects in property, including property was in a flood plain, was not outrageous and could not be considered outrageous and utterly intolerable behavior. Haney v. Castle Meadows, Inc., 839 F.Supp 753, 757-758 (D.Colo.1993)

Plaintiff does not point to any specific action which was outrageous. Rather, in her claim Plaintiff says all acts described in all counts and paragraphs in Plaintiff's Second Complaint support her claim of outrageous conduct, In summary of Plaintiff's Second Amended Complaint, Plaintiff attempted to purchase a vehicle from Defendant Auto Mart USA, LLC. Plaintiff authorized Defendant Auto Mart USA, LLC to pull a credit report from consumer reporting agencies. (Exhibit C)

Defendant Auto Mart USA, LLC attempted to obtain financing for Plaintiff's purchase from several lenders. Plaintiff was declined financing approval by all lenders and returned the

2013 Dodge Journey to Defendant Auto Mart USA, LLC. Plaintiff received her $1,000.00 down payment back and traded vehicle back from Defendant Auto Mart USA, LLC.

Defendants submit that there is no allegation in Plaintiff's Second Amended Complaint regarding the individual Defendants, which, this Court, as a matter of law, can find goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community. See Scott v. Hern 216 F.3d 897, 913 (10th Cir.2000)

Consumers attempt to purchase motor vehicles every day and are denied credit extension every day. Based upon the totality of the circumstances, there is no evidence Plaintiff has or can demonstrate to support a claim of outrageous conduct.

**K. Defendants are entitled to Summary Judgment on Claim 13: Violation of C.R.S. § 5-3-210, Disparate Treatment.**

1. Burden of proof and elements:

The Plaintiffs claim of violation of C.R.S.§ 5-3-210, Disparate Treatment, requires the Plaintiff to establish, by a preponderance of the evidence, a *prima facie* case that: (1) Defendants are sellers who have made or denied consumer credit transaction, and whose total unpaid balances arising from a consumer credit transaction for the previous calendar year are less than one million dollars.

2. Elements that cannot be proven by Plaintiff

Element 1: The Defendants contend that the Plaintiff cannot demonstrate a triable issue of fact as to whether Defendants are sellers regarding any consumer credit transaction made or denied who have total original unpaid balances arising from a consumer credit transaction for the previous calendar year are less than one million dollars.

A. As is clear from Defendants Affidavits , Defendants are not sellers involved in any consumer credit sale, including the sale of goods and services when credit is granted or arranged by a person who regularly engages as a seller of credit transactions of the same kind or is the seller where a debt is evidence by a written agreement payable in installments or a finance charge is made. (Affidavit of Ramirez and Sandoval, paragraph 33; Affidavit of Pacheco, paragraph 35; Affidavit of McElroy, paragraph 32; Affidavit of Barbar, paragraph 29)

Additionally, from Defendants Affidavits, it is clear that Defendants do not have any total original unpaid balances from a consumer credit transaction for the previous calendar year. (Id.) Based upon Defendants not being sellers engaged in any credit transaction and not having any unpaid balances in the prior calendar year, Plaintiffs violation of C.R.S.§ 5-3-210 claim must be dismissed.

**L. Defendants are entitled to Summary Judgment on Claim 14: Violation of 15 U.S.C.§ 1635(a). Right of Rescission as to Certain Transactions.**

1. <u>Burden of proof and elements:</u>

The Plaintiffs claim of violation of 15 U.S.C.§ 1635(a) require that Plaintiff establish, by a preponderance of the evidence, that: (1) Defendants are creditors as defined by 15 U.S.C§ 1602(f) and; (2) there was a consumer credit transaction involving a security interest that will be retained or acquired in any property which Plaintiff uses as her private dwelling based upon an extension of credit. 15 U.S.C. § 1635(a).

2. <u>Elements that cannot be proven by Plaintiff</u>

Elements 1 and 2: The Defendants contend that the Plaintiff cannot demonstrate a triable issue of fact that Defendants are creditors under 15 U.S.C.§ 1635(a) and the consumer credit transaction involved a security interest in Plaintiff's principal dwelling.

A. 15 U.S.C.§ 1635(a) is another provision under TILA. As Defendants stated in this Motion regarding the Plaintiffs Claim Two, Violation of TILA, Defendants are not creditors as defined by 15 U.S.C. 1602(f). (Affidavit of Defendants, paragraph 10)

15 U.S.C.§ 1635(a) requires the creditor to provide a consumer with the right of rescission. Moreover, 15 U.S.C 1635(a) specifically relates to an extension of credit where the creditor will retain or acquire a security interest in the consumer's principal dwelling. See Davis v. Federal Deposit Ins. Corp., 620 F.2d 489, 491 (5th Cir. 1980)

As paragraphs 14 and 17 of Defendants Affidavits make clear, the only contemplated consumer credit transaction is set forth in Exhibit A, the RISC. (Affidavit of Barbar, paragraph 13) The RISC included the attempted financing of a 2013 Dodge Journey where Defendant, Auto Mart USA LLC was the Seller/Creditor and would have a security interest in the vehicle. (Exhibit A, Security Agreement Section on page 1)

The transaction did not involve Plaintiff's principal dwelling or any Defendant taking a security interest in Plaintiff's principal dwelling. Moreover, the entirety of Plaintiff's Second Amended Complaint makes clear that financing for the attempted purchase of the subject vehicle was denied by multiple lenders, thus there was no contract to rescind.

As a matter of law, Defendants did not violate 15 U.S.C.§ 1635(a).

**M. Defendants are entitled to Summary Judgment on Claim 15: Negligent Misrepresentation of Terms and Conditions of Sale and Promises.**

1.   Burden of proof and elements:

Plaintiff, by a preponderance of the evidence, must prove the following elements of negligent misrepresentation: 1) Defendant gave false information to the Plaintiff; 2) Defendant gave such information to the Plaintiff in the course of Defendant's employment; 3) Defendant gave information to the Plaintiff for the use of the Plaintiff in a business transaction; 4) Defendant was negligent in obtaining or communicating the information; 5) Defendant gave the information with the intent or knowing that Plaintiff would act in reliance on the information; 6) Plaintiff relied on the information supplied by the Defendant; and 7) reliance on the information supplied by the Defendant caused damage to the Plaintiff. CJI-CIV 9:4(2019)

The same argument that Defendants made regarding Plaintiff's Fifth claim, Fraud/ Misrepresentation, applies to this claim.

2. Elements that cannot be proven by the Plaintiff:

Elements 5 and 6: The Defendants contend that the Plaintiff cannot demonstrate a triable issue of fact as to she relied on the information supplied.

A.  Plaintiff again asserts that Defendant Auto Mart USA, LLC would be conducting a soft credit check. (Second Amended Complaint, Claim 15, paragraph 1, page 20) Plaintiff also asserts that Defendants represented "Credit Approval Guaranteed," which Plaintiff states is a part of the negligent misrepresentation claim (Id.)

Plaintiff could not have relied on any alleged statement or information by Defendants that Defendant Auto Mart USA, LLC was performing a soft credit check when she signed Exhibit C stating that Defendant Auto Mart, LLC was pulling credit reports from one or more consumer reporting agencies. (Defendants Affidavit, paragraph 5)

Negligent misrepresentation requires justifiable reliance by the Plaintiff. <u>Balkind v.</u>
<u>Telluride Mountain Title Co.</u>, 8 P.3d 581, 587 (Colo.App.2000)

Again, Plaintiff had access to the same information Defendants did, that being Exhibit C,
which would have led to the discovery of the true facts. See <u>Balkind</u> at 187. Thus, there could be
no possible reliance by Plaintiff.

As to the "Credit Approval Guarantee," Defendants Affidavit, make clear that is a
statement on Defendant Auto Mart's building or a sign and not any statement by the individual
Defendants. (Affidavit of McElroy, paragraph 25; Affidavit of Pacheco, Ramirez and Sandoval,
paragraph 26; Affidavit of Barbar, paragraph 22)

Since this statement is not a representation of Defendants, there is no claim for negligent
misrepresentation regarding Defendants. The remainder of Plaintiffs allegations in her Fifteenth
claim only references claims Two, Three, Five, Six and Seven, which have been addressed by
Defendants in this Motion. Defendants cannot imagine how a violation of TILA; 15 U.S.C.§
7001(c); 15 U.S.C.§ 1691(a)(1) Fraudulent Misrepresentation; and violation of C.R.S.§ 5-3-110
can be the basis for a negligent misrepresentation claim against Defendants.

Defendants incorporate each of its arguments regarding Plaintiff's Claims Two, Three,
Four, Five and Seven into this argument on this claim.

As the Court will note, Plaintiff's claim Six, Fraudulent Concealment of Material Facts,
is only asserted against Defendant Auto Mart USA, LLC. As such, these Defendants have not
addressed that claim in this Motion.

**N. Defendants are entitled to Summary Judgment on Claim 16: Violation of C.R.S.§**
**4-5-109(a)**

1.  Burden of proof and elements:

C.R.S.§ 4-5-109(a) requires Plaintiff to prove, by a preponderance of the evidence, that: (1) Defendants made a presentation of a document to Plaintiff as issuer under a letter of credit; (2) which turned out to be forged or materially fraudulent. C.R.S. § 4-5-109(a)

2.  Elements that cannot be proven by Plaintiff

Elements 1 and 2: Defendants contend that there is no triable issue of fact that in this case that there was ever a document or letter of credit presented or issued that was fraudulent or forged.

A.  C.R.S.§ 4-5-109(a) deals specifically with a presentation that appears on its face to strictly comply with the terms of a letter of credit, which turns out to be forged or materially fraudulent.

C.R.S.§ 4-5-102(12) defines "Presentation" to mean delivery of a document to an issuer or nominated person for honor or giving of value under a letter of credit.

C.R.S. § 4-5-102(6) defines "Documents" to mean a draft or other demand, document of title, investment security, certificate, invoice, or other record, statement, or representation of fact, law, right or opinion (i) which is presented in a written or other medium permitted by the letter of credit or, unless prohibited by the letter of credit, by the standard practice referred to in section 4-5-108(e) and (ii) which is capable of being examined for compliance with the terms and conditions of the letter of credit. A document may not be oral.

C.R.S. § 4-5-102(10) defines "Letter of Credit" to mean a definite undertaking that satisfies the requirements of section 4-5-104 by an issuer to be a beneficiary at the request or for

the account of an applicant form in the case of a financial institution, to itself or for its own account, to honor a documentary presentation by payment or delivery of an item of value.

Nowhere on page 27 of Plaintiff's Second Amended Complaint does Plaintiff set forth any allegations regarding presentation of a document permitted under letter of credit that in fact was forged or materially fraudulent.

Additionally, Defendants Affidavits make clear that they never presented any document, as defined by C.R.S.§ 4-5-102(6), to Plaintiff under a letter of credit which was forged or materially fraudulent. (Affidavit of Ramirez and Pacheco, paragraphs 27; Affidavit of McElroy, paragraph 26; Affidavit of Barbar, paragraph 23) Plaintiff cannot prove any issue of triable fact regarding Claim Sixteen.

**N. Defendants are entitled to Summary Judgment on Claim 16: Violation of C.R.S.§ 4-1-304.**

1.   Burden of proof and elements:

The Plaintiff must prove by a preponderance of the evidence that: 1) Plaintiff and Defendants entered into a contract.

2.   Elements that cannot be proven by Plaintiff

Element 1: The Defendants contend that Plaintiff cannot prove Defendants and Plaintiff entered into a contract.

A. C.R.S. § 4-1-304 provides that every contract or duty within this title imposes an obligation in its performance and enforcement. See Cassidy v. Millers Cas. Ins. Co. of Texas, 1 F.Supp 2d 1200, 1206 (D.Colo.1998)(Pursuant to Colorado law, every contract contains an implied covenant of good faith and fair dealing)

In their argument regarding Claim Nine, Defendants previously stated that there is no evidence that Plaintiff and Defendants entered into any type of contract. (Defendants Affidavits 13, 14, 15 and 16)

The only contracts that relate to any of Plaintiff's claims are Exhibits A and B, which are between Plaintiff and Defendant Auto Mart USA, LLC. Given that there is no contract between Plaintiffs and Defendants, Plaintiffs claim under C.R.S.§ 4-1-304 must be dismissed.

**O. Defendants are entitled to Summary Judgment on Claim 17: Violation of C.R.S.§ 5-5-109.**

1.   Burden of proof and elements:

Regarding the alleged violation of C.R.S.§ 5-5-109, the Plaintiff must show, by a preponderance of the evidence, that: (1) Defendants entered into an agreement or transaction with Plaintiff which at the time it was made was unconscionable or was induced by unconscionable conduct. C.R.S.§ 5-5-109(1)(a).

2.   Elements that cannot be proven by Plaintiff.

Element 1: The Defendants contend that Plaintiffs cannot demonstrate a triable issue of fact that Plaintiff and Defendants entered into any agreement or transaction.

A.  Defendants Affidavits, paragraphs 14 and 15, make clear that the individual Defendants never entered into any agreement or transaction with Plaintiff regarding her attempted purchase of a motor vehicle. Exhibits A and B are the only two agreements that relate to the transaction, both of which are agreements between Defendant Auto Mart USA, LLC and Plaintiff.

More importantly, from the entirety of Plaintiff's Second Amended Complaint, it is clear that financing for the purchase of subject vehicle was not approved and the subject vehicle was returned by Plaintiff to Defendant Auto Mart USA, LLC. Plaintiff's Second Amended Complaint also makes clear that Plaintiff received her $1,000.00 down payment and trade vehicle back. Thus, there can be no unconscionable agreement in existence if there is no longer an enforceable contract with either party having any obligations under the agreement remaining.

C.R.S.§ 5-5-109(1)(a) and (b) makes clear that there must be an existing agreement in place that the Court finds has an unconscionable section or unconscionable conduct induced the party to enter into the agreement. Since there is no existing agreement with Defendants in this case, Plaintiff cannot prevail on her claim of C.R.S. § 5-5-109.

**P. Defendants are entitled to Summary Judgment on Claim 18: Breach of Fiduciary Duty.**

1. Burden of proof and elements:

In order to prevail on a claim of breach of fiduciary duty, Plaintiff must prove, by a preponderance of the evidence, that: 1) Defendant was acting as a fiduciary of the Plaintiff with respect to the purchase of a motor vehicle; 2) Defendant breached a fiduciary duty to the Plaintiff; 3) Plaintiff had damages; and 4) Defendant's breach of fiduciary duty was a cause of Plaintiff's damages. CJI-CIV 26:1(2019)

2. Elements that cannot be proven by Plaintiff:

Element 1: The Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that Defendants were acting as a fiduciary for Plaintiff.

A. A fiduciary relationship exists whenever one person is entrusted to act for the benefit of or in the interests of another and has the legal authority to do so. CJI-CIV 26:2(2019)

In this case, Defendants Affidavits make clear that Defendants were employees of Defendant Auto Mart USA, LLC and did not receive any compensation from Plaintiff regarding the attempted purchase of the subject vehicle by Plaintiff. (Affidavit of Defendants, paragraph 3; Affidavit of Sandoval and Pacheco, paragraph 25; Affidavit of McElroy, paragraph 24; Affidavit of Barbar, paragraph 21)

Defendant Auto Mart USA, LLC pulled Plaintiff's credit report (Defendants Affidavits, paragraphs 5, 17 and 18). Defendant Auto Mart USA, LLC was the one who was attempting to obtain financing for Plaintiff's purchase of a vehicle. Additionally, Defendants did not deny Plaintiffs credit application as is evident from Exhibit D, Adverse Action Notice from Defendant Auto Mart USA, LLC.

A fiduciary is a person having a duty, created by his or her undertaking, to act primarily for the benefit of another in matters connected with the undertaking. Tepley v. Public Employees Retirement, 955 P.2d 573, 577 (Colo.App.1997)

Under Colorado law, the existence of fiduciary duty must be judged on substance of transaction, rather than on its form. F.D.I.C. v. Refco Group, Ltd., 989 F.Supp.1052, 1081 (D.Colo.1997) Contract for sale of crops between sugar beet growers and sugar company did not create a fiduciary relationship and was nothing more than a sales contract. Stray v. Hunt Intern. Resources Corp., 749 F.2d 1437, 1440(1984)

Defendants were acting exclusively for Defendant Auto Mart USA, LLC regarding the sale of a vehicle to Plaintiff. Defendants had no fiduciary duties regarding Plaintiff any more

than if Plaintiff went to a furniture store and talked to a salesperson about buying a couch, which was going to be financed, but was denied financing approval. The salesperson who helped Plaintiff could not be said to be a fiduciary of Plaintiff.

The substance of this transaction in no way suggests that any of Defendants were acting as a fiduciary for Plaintiff.

**Q. Defendants are entitled to Summary Judgment on Claim 19: Negligence**

    1.  <u>Burden of proof and elements:</u>

        To prove a claim of negligence, by a preponderance of the evidence, Plaintiff must prove: 1) Defendant owed a duty to Plaintiff; 2) Defendant breached that duty; and 3) the breach proximately caused Plaintiff's injury. <u>Ayala v. U.S.</u> 49 F.3d 607, 610 (10th.Cir.1995)

Defendants only challenge if they had owed Plaintiff a duty.

        <u>2. Elements that cannot be proven by Plaintiff:</u>

            <u>Element 1:</u> The Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that Defendants owed Plaintiff a duty.

A. Plaintiff asserts that through all counts and paragraphs, Defendant performed negligently. (Second Amended Complaint, Claim 19, paragraph 1, page 20) Other than the above, Plaintiff does not set out facts that Defendants owed Plaintiff any duty.

The threshold question in any negligence action is whether Defendant owed a legal duty to protect Plaintiff against injury. <u>Ayala v. U.S.</u> 49 F.3d 607, 610 (10th.Cir.1995) Source of legal duty may be either legislative or common law <u>Id.</u> Whether a duty exists is a question of law for the Court <u>Id.</u> Negligence claim fails if under the circumstances presented, the law imposes no

duty of care on Defendant regarding Plaintiff. <u>Klein v. Morgen</u> 760 F.Supp 1403, 1408 (D.Colo.

1991)

Factors to be considered by Court in a negligence action in determining if duty exists

include foreseeability and likelihood of harm, magnitude of burden placed on Defendant to guard

against injury, consequences of placing that burden on Defendant, and social utility of

Defendant's conduct. <u>Woolsey v. Holiday Health Clubs</u>, 820 P.2d 1201, 1203(Colo.App.1991)

Defendants have already addressed all other claims that Plaintiff contends Defendants

breached, violated or committed. Again, this was the attempted purchase of a vehicle by Plaintiff

from Defendant Auto Mart USA, LLC. Defendants were merely employees of Defendant Auto

Mart USA, LLC, who, as part of their job, showed Plaintiff a vehicle and prepared paper work

related to the attempted sale.

All actions in this case were undertaken by Defendant Auto Mart USA, LLC, not these

Defendants. As has previously been stated, Defendants were not creditors, consumer reporting

agencies, users of information or a party to any agreement or contract.

The sale was not completed and Defendant Auto Mart USA, LLC returned all payments

made and vehicle traded by Plaintiff. It is not foreseeable that Defendant Auto Mart USA, LLC

wouldn't sell Plaintiff a vehicle or that Plaintiff would be allegedly harmed, which she was not

by any of these Defendants.

Additionally, to say that all salespeople owe a duty to a consumer to ensure they're able

to purchase an item creates a huge burden on the entire sales industry.

This countries economy is largely based on sales. To require salespeople in any industry

to ensure a consumer can purchase an item is unrealistic. Defendants submit that from Plaintiff's

Second Amended Complaint, Plaintiff has failed to establish that Defendants owed any duty to Plaintiff.

**R. Defendants are entitled to Summary Judgment on Claim 20: Violation of 15 U.S.C.§ 1638(a)(1); 1638(b)(1), Part B-Credit Transaction.**

1. Burden of proof and elements:

In order to prevail on Plaintiffs claim of violation of 15 U.S.C. §§ 1638(a)(1) and 1638(b)(1), Plaintiff must prove, by a preponderance of the evidence, that: 1) Defendants were creditors, as defined by 15 U.S.C.§ 1602(f) and; 2) Defendants were required to make disclosures under 15 U.S.C.§ 163 S(a)(1) and (b)(1).

2. The elements that cannot be proven by the Plaintiff:

Elements 1 and 2: The Defendants contend that Plaintiff cannot demonstrate a triable issue of fact that Defendants are creditors under 15 U.S.C.§ 1602(f) and were required to make any disclosures under TILA.

A.  15 U.S.C.§ 1638 is part of TILA. Plaintiff's Second Claim is violation of TILA. In its argument regarding Summary Judgment on Plaintiff's Second Claim, Defendants addressed the reason why Defendants are not creditors and why no disclosures were required to be made.

Defendants incorporate their argument set forth regarding Summary Judgment on Plaintiff's Second Claim for violation of TILA into this request for Summary Judgment on Claim 20 of violation 15 U.S.C. § 1638(a)(1); 1638 (b)(1) and Part-B.

**CONCLUSION**

Defendants submit that Summary Judgment is appropriate on all claims asserted by Plaintiff against Defendants. Plaintiff's Sixth and Twentieth Claims were not brought against these Defendants but only Defendant Auto Mart USA, LLC. Thus, these Defendants have not addressed those claims in this Motion.

Based upon the lack of triable issues of fact, Defendants move the Court to dismiss all of Plaintiff's claims.


s/Michael McKinnon
Michael G. McKinnon, # 24689
Attorney for Defendants
5984 South Prince Street Suite 100
Littleton CO 80120
(303) 795-2526
mgmckinnon@msn.com


## CERTFICATE OF SERVICE

I hereby certify that on November 21, 2019, I electronically filed Defendants Motion for Summary Judgment with the Clerk of Court using the CM/ECF system. I hereby certify that I have served a true and correct copy of the foregoing to the following in the same manner, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court and mailed a copy of postage, prepaid by, United States mail and emailed a copy to:

Tiffany Grays
P.O. Box 472322
Aurora, Co 80013
legalgrays@gmail.com


s/Wes Olivas