# UNITED STATES DISTRICT COURT

for the

## District of Colorado

### Honorable Marcia S. Krieger

|  |  |
|---|---|
| Tiffany Grays, *pro se* | )     **Case No. 18-CV-01761-MSK-NYW** |
| *Plaintiff(s)* | ) |
|  | ) |
| - V - | ) |
|  | ) |
| Auto Mart USA, LLC;  Jorge Pacheco; | ) |
| Auto Mart USA2; Daniel Ramirez, JB Ovalle; | ) |
| Donnie McElroy; Marco Sandoval; Auto Mart; | ) |
| Jay Barbar | ) |
| *Defendant(s)* |  |

---

# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

*Pro se* Plaintiff, Tiffany Grays, hereby moves for partial summary judgment on the following claims pursuant to Fed. R. of Civ. P. 56.

## I.   CERTIFICATION

Plaintiff in good-faith, verbally discussed the grounds for this motion and the relief requested with counsel for all Defendants, Mr. Michael McKinnon, on November 13, 2019. Defendants oppose the relief requested herein.

## II.   CLAIMS UPON WHICH PARTIAL JUDGMENT IS SOUGHT

## PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT: ISSUE OF AGENCY

### 1.  Burden of proof and elements

To move for judgment on the issue of agency between Defendants; Plaintiff must prove:

   a.   Defendant: Auto Mart USA, LLC; d/b/a Auto Mart USA2; and d/b/a Auto Mart is a corporation and can act only through its officers and employees;

   b.   Its officers and employees being the individual named Defendants: Jorge Pacheco; Daniel Ramirez, JB Ovalle; Donnie McElroy; Marco Sandoval; and Jay Barbar (collectively "his" or "Individually Named Defendants");

   c.   Any act or omission of an officer or employee (Jorge Pacheco; Daniel Ramirez, JB Ovalle; Donnie McElroy; Marco Sandoval; and/or Jay Barbar) while acting within the scope of his employment and/or authority is the act or omission of Defendant Auto Mart USA, LLC; d/b/a Auto Mart USA2; and d/b/a Auto Mart.

### 2.  Undisputed facts substantiate Defendants' agency

   a.   Defendants initial Answer **(ECF No. 51)** made on May 17, 2019, admits the following on behalf of all individual Defendants named;

   i.   "Defendants admit the allegations in paragraph B (Defendant Information) of Plaintiff's Second Amended Complaint." **(ECF No. 51 ¶2 p. 1),**

A. This admission therefore admits the following contained within
paragraph B (Defendant Information) of the Second Amended
Complaint:

    a. Auto Mart USA, LLC is located at 835 S Havana St
Aurora, CO 80012;

    b. Auto Mart USA, LLC's phone number is 303-438-
4000;

    c. Auto Mart USA, LLC's main contact email address is
"dramirez@denverautomart.com"

    d. Defendant Daniel Ramirez can be contacted at Auto
Mart USA, LLC's locations listed in paragraphs a-c;

    e. Defendant Jorge Pacheco can be contacted at Auto Mart
USA, LLC's locations listed in paragraphs a and b; and
can be emailed at jpacheco@denverautomart.com;

    f. Defendant Marco Sandoval can be contacted at Auto
Mart USA, LLC's locations listed in paragraphs a and
b; and can be emailed at
msandoval@denverautomart.com;

    g. Defendant JB Ovalle can be contacted at Auto Mart
USA, LLC's locations listed in paragraph a; and can be
emailed at jovalle@denverautomart.com and by phone
at 720-412-6914;

h.   Defendant Donnie McElroy can be contacted at Auto

Mart USA, LLC's locations listed in paragraphs a and

b; and can be emailed at

dmcelroy@denverautomart.com;

i.   Defendant Jay Barber can be contacted at Auto Mart

USA, LLC's locations listed in paragraphs a and b; and

can be emailed at MBarbar@denverautomart.com.

ii.   "Defendant Auto Mart admits all allegations except the last sentence

of the paragraph…" **(ECF No. 51 ¶5 p. 4),**

A.   This admission therefore admits the following contained within

paragraph 5 of the Second Amended Complaint:

a.   Defendants Auto Mart USA, LLC, Auto Mart and Auto

Mart USA2 are one in the same;

b.   Each can be contacted at the same locations where

individually Defendants can be contacted, 835 S

Havana St. Aurora, CO 80012 and 303-438-4000;

c.   Defendants Auto Mart USA, LLC, Auto Mart and Auto

Mart USA2 is an American corporation;

d.   Defendant Daniel Ramirez is the registered agent of

Defendants Auto Mart USA, LLC, Auto Mart and Auto

Mart USA2.

    **iii.** Defendants fail to deny and therefore admits Defendant Daniel

         Ramirez is an employee of Auto Mart USA as the Operations

         Manager. **(ECF No. 51 ¶6 p. 5).**

    **iv.** Defendants "admit [Marco] Sandoval is an employee of Defendant

         Auto Mart. **(ECF No. 51 ¶9 p. 5).**

    **v.** Defendants "admit [Donnie] McElroy is an employee of Defendant

         Auto Mart. **(ECF No. 51 ¶10 p. 5).**

 **b.** Within Defendants' initial disclosures **(ECF No. 68-1(2)),** Defendants admit:

    **i.** "Owners, managers and other employees of Auto Mart and its

         affiliated companies.." **(Id. 68-1(2))** are:

        **A.** Daniel Ramirez **(Id. 68-1(2)(b));**

        **B.** Jorge Pacheco **(Id. 68-1(2)(c));**

        **C.** Marco Sandoval **(Id. 68-1(2)(d));**

        **D.** Jay Barber **(Id. 68-1(2)(e));**

        **E.** Donnie McElroy **(Id. 68-1(3));**

        **F.** JB Ovalle **(Id. 68-1(4);**

    **ii.** Each person listed was involved with Plaintiff's claims, has

         information related to this case, and acted for Auto Mart in the

         following manners:

        **A.** Daniel Ramirez "is the Director of Operations for Auto

            Mart…" **(Id. 68-1(2)(b));**

        **B.** Jorge Pacheco "was the salesperson on the attempted sale of

            the vehicle to the Plaintiff…" **(Id. 68-1(2)(c));**

      C.  Marco Sandoval "was the General Manager for Auto Mart at the time Plaintiff attempted to purchase a vehicle…" **(Id. 68-1(2)(d));**

      D.  Jay Barber "was the Finance Manager in Plaintiff's attempted purchase.." **(Id. 68-1(2)(e));**

      E.  Donnie McElroy "was the Finance Contractor on Plaintiff's attempted purchase." **(Id. 68-1(3));**

      F.  JB Ovalle "was a salesperson involved in Plaintiff's attempted purchase." **(Id. 68-1(4);**

    **iii.**  Marco Sandoval is listed as the Dealer's Agent **(ECF No. 108-1 p. 2);**

    **iv.**  Auto Mart USA is listed as a Dealer **(ECF No. 108-1 pp. 2-3);**

    **v.**  Auto Mart admits all Individually Named Defendants are employees of Auto **(ECF No. 108-2 pp. 31-32, 85 and ECF No. 108-3);**

c.  Plaintiff's Affidavit attached hereto substantiates Defendants were acting within the scope of their employment during the actions in question;

d.  Based on evidence employees are agents of Auto Mart, and each Individually Named Defendant was an employee of Auto Mart

# PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON CLAIMS FIVE AND SIX – FRAUDULENT MISREPRESENTATION AND FRAUDULENT CONCEALMENT: "CREDIT APPROVAL GUARANTEED" AND "GUARANTEED CREDIT APPROVAL"

## 1.  Burden of proof and elements:

### A.  19:1 FALSE REPRESENTATION — ELEMENTS OF LIABILITY

1.  The defendant made a false representation of a past or present fact;

2.  The fact was material;

3.  At the time the representation was made, the defendant:

    a.  knew the representation was false; or

    b.  was aware that (he) (she) did not know whether the representation was true or false;

4.  The defendant made the representation with the intent that (the plaintiff) (a group of persons of which the plaintiff was a member) would rely on the representation;

5.  The plaintiff relied on the representation;

6.  The plaintiff's reliance was justified; and

7.  This reliance caused (injuries) (damages) (losses) to the plaintiff.

### B.  19:2 NONDISCLOSURE OR CONCEALMENT — ELEMENTS OF LIABILITY

1. The defendant (concealed a past or present fact) (failed to disclose a past or present fact which [he] [she] had a duty to disclose);

2. The fact was material;

3. The defendant (concealed it) (failed to disclose it) with the intent of creating a false impression of the actual facts in the mind of the plaintiff;

4. The defendant (concealed) (failed to disclose) the fact with the intent that the plaintiff take a course of action (he) (she) might not take if (he) (she) knew the actual facts;

5. The plaintiff took such action or decided not to act relying on the assumption that the (concealed) (undisclosed) fact did not exist or was different from what it actually was;

6. The plaintiff's reliance was justified; and

7. This reliance caused (injuries) (damages) (losses) to the plaintiff.


## 2. Undisputed facts substantiate Defendants' fraudulently misrepresented and concealed material facts from the Plaintiff.

  a. Individually Named Defendants falsely represented the fact of "guaranteed credit approval," and "credit approval guaranteed," to the Plaintiff;

    i. Defendants held a duty to disclose under 12 C.F.R. § 226.17(b); 15 U.S.C. § 1631(b);

    ii. C.R.S. § 5-3-101(2); C.R.S. § 5-3-110; C.R.S. § 6-1-708(1)(a)(I);

    iii. Plaintiff is a consumer as defined in C.R.S. § 5-1-301(10); 15 U.S.C. § 1602(i);

    iv. Plaintiff is listed as the buyer **(ECF No. 108-1 pp. 2-3)**

    v. Defendants are creditors as defined in C.R.S. § 5-1-301(17); 15 U.S.C. § 1602(g);

    vi. Defendants are listed as the seller on the RISC **(ECF No. 108-1 pp. 2-3);**

     vii.  Plaintiff and Defendants engaged in a consumer credit transaction as defined in C.R.S. § 5-1-301(12) by and through **(ECF No. 108-1 pp. 2-3)**

    viii.  "guaranteed credit approval," and "credit approval guaranteed," were advertisements as defined in C.R.S. § 6-1-102(1) **(ECF No. 108-2 p. 77) (ECF No. 108-4)**

    ix.  Defendants sold the Plaintiff the 2013 Dodge Journey **(ECF No. 108-1 pp. 2-3)** on March 17, 2018.

b.  Defendants Jorge Pacheco, Donnie McElroy and JB Ovalle falsely represented the fact that the Mitsubishi Outlander was for sale as all other vehicles posted online **(ECF No. 108-5 ¶¶ 12-14);**

    i.  Defendants held a duty to disclose the salvaged title under C.R.S. § 6-2-114.

c.  These facts of all credit not being approved and the Mitsubishi Outlander having a salvaged title were material to the Plaintiff **(ECF No. 108-5 ¶¶ 5-17).**

d.  Auto admits that Individually Named Defendants could not have known what the "guaranteed credit approval," and "credit approval guaranteed," meant, as Auto itself was ignorant **(ECF No. 108-2 p. 77-80)**.

e.  Therefore Individually Named Defendants knew the representation "guaranteed credit approval," and "credit approval guaranteed," were false and/or was aware that (he) did not know whether the representation was true or false;

f.  Defendants admit advertisements containing "guaranteed credit approval," and "credit approval guaranteed,"

       i.   were statements which held no validity and enforceability within Auto **(ECF No. 108-2 pp. 77-80)**

      ii.  Were known to create a false impression in the mind of the Plaintiff of the actual facts that credit was not guaranteed to be approved **(ECF No. 108-2 pp. 77-80);**

    iii.  Were made to induce the Plaintiff as other unsuspecting consumers into action of purchasing cars from Defendants who might not have considered Auto if the credit approval was not guaranteed.  **(ECF No. 108-2 p. 80)**

g. The Plaintiff communicated with Individually Named Defendants, went to Auto, and permitted a soft inquiry against her credit relying on the assumption that her credit was guaranteed to be approved and the Mitsubishi Outlander was a vehicle without a salvaged title **(ECF No. 108-5 ¶¶ 5-17).**

h. Plaintiff's reliance was justified **(ECF No. 108-5 ¶¶ 5-17).**

i. Plaintiff's reliance was detrimental as the Plaintiff's credit was not approved and the vehicle Plaintiff travelled to Auto seeking to purchase held a salvaged title which meant the vehicle had sustained damage which totaled the vehicle, severely reducing its value

j. As a direct result of Defendants' actions, Plaintiff has sustained damages to be proven at trial **(ECF No. 16 - E. Requests for Relief).**

## III.   CONCLUSION

Judicial economy favors partial summary judgment in favor of the Plaintiff on all claims stated and evidence provided to the Court on the record substantiates said findings.

DATED: November 21, 2019

Respectfully Submitted,

   /s/ Tiffany Grays, pro se   

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Grays, Tiffany, *pro se*

v

Auto Mart, et al

### 18-CV-01761-MSK-NYW

# CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 21st day of November 2019, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT:  **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;**

DOCUMENT:  **Affidavit, Exhibits 21-24**

Auto Mart et al.
C/O Michael McKinnon
mgmckinnon@msn.com
P: 303-438-4000

     /s/ Tiffany Grays, pro se

Tiffany Grays, *pro se*
PO Box 472322
Aurora CO, 80047
(720) 623-1883