# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Tiffany Grays, *pro se*

*Plaintiff(s)*

- V -

Auto Mart USA, LLC; Jorge Pacheco; Auto Mart USA2; Daniel Ramirez, JB Ovalle; Donnie McElroy; Marco Sandoval; Auto Mart; Jay Barbar

*Defendant(s)*

Case No. **18-CV-01761-MSK-NYW**

---

# AFFIDAVIT

---

I, Tiffany Grays, being duly sworn, state as follows:

1. I am the Plaintiff in the above-entitled action and I am familiar with the file, records and pleadings in this matter.

2. Deposition transcripts have been provided as they were received from the Court reporter identified within the transcript.

3. Copies of documents from arbitration are provided as filed.

4. Reviews by customers were retrieved from online sources available to the public, by the public, and have not been altered in any way.

CONTINUED ON NEXT PAGE

5. While in the midst of this litigation, Defendants continue to advertise false and misleading statements to the public.

6. According to public statements within the Motion for Leave, with which this Affidavit is attached, the public and Plaintiff attest to being harmed by Defendants' fraudulent misrepresentations and bad-faith conduct once notified.

7. Once becoming aware of Plaintiff's claims, Defendants with the assistance of ProMax, removed and failed to retain record of evidence related to Plaintiff's claims.

8. Images within the Motion for Leave, with which this Affidavit is attached, are actual images currently being offered to the public.

9. Public statements over the previous five years affirm future harm to the public is likely, without this Court's intervention.

10. Plaintiff never authorized Defendants to run or permit to be run hard inquiries against the Plaintiff's consumer credit report.

11. Ignorance claimed by all Defendants during depositions with regards to hard or soft inquiries against consumer credit reports was untruthful as Defendants make representations to the public concerning hard and soft inquiries.

12. Defendants' initial and supplemental disclosures were void of any documentation regarding ProMax.

13. It was not until late October 2019 that Plaintiff became aware of ProMax's involvement in Plaintiff's claims.

14. Upon learning of ProMax's involvement through Court Orders ECF Nos. 92 and 102, Plaintiff contacted ProMax in attempts to resolve; ticket # 574933.

CONTINUED ON NEXT PAGE

15. ProMax has stated a belief of no obligation to correct and have thus been unresponsive and failed to take action to correct errs claimed by Plaintiff.

16. Plaintiff's suffering as a result of ProMax's and Auto Defendants' conduct causing this instant case, but also the mendacity throughout this case, have significantly increased Plaintiff's suffering; including but not limited to: substantial injury to my reputation, ability to work, loss of interest in activities, difficulty sleeping, physical, mental, and emotional injuries, in addition to loss of creditworthiness.

(Signature) _____
(Plaintiff)

(Print Name) _Tiffany Grays_
(Plaintiff)

Sworn to and subscribed before (Print Name): _Kim Hernandez_ this _30_ day of _Dec_, 2019 in _Denver_ county Colorado by Tiffany Grays.

(Signature): _____

Notary Public

Kim Hernandez
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20084026129
MY COMMISSION EXPIRES August 7, 2020

My Commission Expires: _Aug. 7-20_