UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **18-CV-01761-MSK-NYW**

Tiffany Grays, *pro se*

*Plaintiff(s)*

- V -

Auto Mart USA, LLC; Jorge Pacheco;
Auto Mart USA2; Daniel Ramirez, JB Ovalle;
Donnie McElroy; Marco Sandoval; Auto Mart;
Jay Barber

*Defendant(s)*

# PLAINTIFF'S SECOND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26, 37 AND 28 U.S.C. § 1927

**COMES NOW,** *pro se*, Plaintiff, Tiffany Grays respectfully moves this Court for entry of an Order of sanctions against Defendants and Defendants' legal counsel, Michael G. McKinnon #24689, as the conduct displayed by counsel and his clients during discovery and after this Court's Order, ECF no. 127, would be considered violations of Fed. R. Civ. P. 26 and 37; vexatiously, unreasonably, and needlessly increasing litigation costs for Plaintiff, in violation of § 1927.

1

# I.   INTRODUCTION

Litigation is not the proper venue to test one's manliness, ego, or sinister abilities to evade and avoid laws meant to protect consumers. Consumers like the Plaintiff, whom are forced to litigate their own cases in Federal Court for the very first time, need not then be unduly burdened, harassed, or bullied out of the courthouse; due only to attempting to correct egregious business errs easily admitted by Defendants. Plaintiff's plight for justice has not caused Defendants to perform authorized appropriate actions within the confines of the Rules and Orders of this Court; necessitating harsher judicial intervention as requested herein.

As a licensed attorney and Officer of this Court, Michal G. McKinnon #24689 has knowledge and comprehension of his duty to comply with Fed. R. Civ. P. 11, 26, and 37; to forgo conduct in bad-faith, absent reasonable inquiry, and based on fact and law. During discovery, it was discovered counsel and his clients failed to produce all tangible evidence within their custody or control; further failing to supplement responses in a timely manner. Since becoming aware of the aforementioned failures, counsel has refused to comply with the Rules and Orders of this Court. Therefore, the conduct of Defendants and counsel has unreasonably and vexatiously multiplied pleadings filed by *pro se* Plaintiff, causing substantial injury.

# II.   CERTIFICATION

In good-faith, Plaintiff made several attempts to gain the documents without the Court's assistance. Specifically, Plaintiff requested documents during the deposition of Auto Mart USA representative, Defendant Daniel Ramirez on October 04, 2019 **(Exhibit 17 p. 13**

2

**lines: 18-25).** Plaintiff has sent several emails to counsel, called counsel, sent counsel a Rule 11 letter, and filed Motions to compel compliance; all to no avail. The Court Ordered Defendants to produce documents responsive to this litigation **(ECF No. 127)** which Defendants have failed to comply. As indicated within Defendants' pleading ECF No. 132, and as confirmed in conferral with counsel on February 24 and 26, 2020; Defendants refuse to make some corrections, others have been refused by Defendants to be corrected within the time permitted; all substantiating sanctions.

## III.   STANDARD REVIEW

Pursuant to Rule 37(b)(2)(A), the district court where action is pending may order sanctions against a party who fails to obey an order to provide or permit discovery: (i) designating facts as established for purposes of the action;(ii) prohibiting the non-complying party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order at issue is obeyed; (v) dismissing the action; (vi) rendering a default judgment against the non-complying party; or (vii) treating as contempt of court the failure to obey the order. *Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).*

Rule 37(c) pertains to a party's failure to disclose, supplement an earlier discovery response, or admit. On motion and "after giving an opportunity to be heard," the court may also, or instead, order the non-complying party to pay his opponent's reasonable expenses caused by the failure to disclose, may inform the jury of the party's failure to disclose, or may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi). *Fed. R. Civ. P. 37(c)(1).*

3

Under Rule 26(e) Supplementing Disclosures and Responses. "In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:" *Rule 26(e)(1)*:

"in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;" *Rule 26(e)(1)*(A); or

"as ordered by the court." *Rule 26(e)(1)(B)*.

## IV.  ARGUMENT

The aim of § 1927 is to ensure that attorneys "regularly re-evaluate the merits of their claims and to avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006). Sanctions serve many purposes — deterrence, punishment, compensation, streamlining dockets — but deterrence is the primary goal. (*White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). Successful deterrence works for the benefit of the judicial system as much as of the Plaintiff. Sanctions may be imposed under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987).

Discovery violations arising out of Rules 26 and 37 of the Federal Rules of Civil Procedure provide authority for awarding sanctions, specifically, Rule 26(g) imposes obligations similar to

4

those found in Rule 11 upon attorneys and parties signing discovery requests, responses, or objections. **Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 37(b)(2)(C) & (d).**

This Court has the inherent authority to impose sanctions for bad faith conduct in litigation. *Chambers v. NASCO, Inc*., 501 U.S. 32, 49 (1991) "… [E]ven when there are available sanctions under statutes or various rules including 28 U.S.C. § 1927 and Fed. R. Civ .P. 11, the inherent authority of the Court is an independent basis for sanctioning bad faith conduct in litigation." *Id*. Chambers. One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or her attorney, or both, when either has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 38, 45-46 (emphasis added);

## DEFENDANTS IN DIRECT CONTEMPT

On January 28, 2020, the Court Order found Defendants to lied under oath (ECF No. 127 at pp. 12-13); performed deposition conduct arbitrary to the Local Rules; and ordered Defendants "to produce copies of each tab referred by Ms. Grays… [including] hyperlinks." *Id*. 127 at 13. After four failed attempts by Defendants to comply, Plaintiff sent notice of sanctions.

The evidence concerning ProMax produced post Orders of this Court, within the last 45 days, have contained over 400 pages of relevant information, including validation that Defendants' sold Plaintiff the 2013 Dodge Journey as noted in the "congratulations" email; documents which provide evidentiary support of Defendants making credit decisions concerning consumer credit transactions; and continued affirmations that Defendants lied to this Court in pleadings, including those made under oath.

5

The Court notes "Mr. Ramirez states no data regarding rollbacks exists," *Id*. 127 at 13, within Affidavit ECF No. 103. Defendants construe rollbacks to be the same action as "unwound[ing]" vehicle sales. Within information received from Defendants in response to Court's Order 127 on February 20, 2020, Defendants provide a screenshot of the reports tab, which contains a report entitled, "Unwound Report." **(Exhibit 46 pp.2-3).** This report within Defendants' possession from the onset of this case, just within a couple clicks of a computer mouse, was not provided for over a year and a half. This report may express the cause the deal being unwound, show the previous instances where deals have been unwound; perhaps leading to the disparate treatment of Plaintiff by individuals named within this case, individuals not in arbitration.

In addition to the "Unwound" report, Exhibit 46 also expresses multiple other reports within hyperlinks, which likely contain information relevant to Plaintiff's claims, including but not limited to, "Do Not Sell," "Daily Manager Exit Note Review," "Incident," "Risk Based Pricing;" all of which are hyperlinks, all of which were denied by Defendants.

Defendants' conduct which substantiates sanctions is evermore present in the fact that according to p.1 of Exhibit 46, there is another vehicle posted online with an undisclosed salvaged title **(Exhibit 46 pp. 1, 4-10),** another Mitsubishi Outlander like the one that lured Plaintiff. Defendants continue to harm the public by posting vehicles for sale online with undisclosed salvaged titles, not just one.

## **DEFENDANTS DISCOVERY MENDACITY**

The obligations imposed by Rule 11 are continuous. "[A] litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." ***Fed. R. Civ P. 11, Notes to 1993 Amendments.***

During discovery, Plaintiff served multiple discovery requests. These discovery requests sought admissions and explanations regarding the Mitsubishi Outlander posted for sale online with an undisclosed salvaged title; the vehicle which lured Plaintiff onto Auto Mart USA in March 2018. While Plaintiff was never shown the Mitsubishi Outlander, Plaintiff purchased a Dodge Journey, which was later returned.

Defendants have either denied knowledge of the Outlander, expressed disagreement with Plaintiff's assertions, and/or provided answers which are inconsistent with facts. Nevertheless, statements provided by Defendants Marco Sandoval and Daniel Ramirez have substantiated the denials as egregious mendacity.

Specifically, Daniel Ramirez has filed an affidavit outside this instant case on 01/17/2020 affirming, "the advertisement regarding the Mitsubishi Outlander erroneously did not include a statement that the vehicle was salvaged."

Specifically, on 08/03/2018, Marco Sandoval told Colorado Department of Revenue as part of a formal investigation, "… [Grays] came into the dealership [Auto Mart USA] to look at a Mitsubishi Endeavor [Outlander] however it had a salvaged title."

7

Plaintiff's discovery requests filed nearly a year after Mr. Sandoval's admission, Defendants choose to prolong Plaintiff's suffering in by failing to admit the fraudulent inducement in this instant case; meaning when Mr. McKinnon signed the responses to Plaintiff's discovery requests, Mr. McKinnon did so failing to conduct "reasonable inquiry," *Fed. R. Civ. P. 26(g)(1)*, and filed the pleading interposed for improper purposes to "harass, cause unnecessary delay, [and/]or needlessly increase the cost of litigation," *Id.* 26(g)(1)(B)(ii), to the pro se Plaintiff; all in violation of Fed. R. Civ. P. 11 and Fed. R. Civ. P. 26(g)(1)(B)(ii).

Pursuant to Fed. R. Civ. P. 26(e)(1), "A party who has … responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:" "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *Id*. 26(e)(1)(A).

Defendants' admissions "has not otherwise been made known to the other parties [Plaintiff,] during the discovery process or in writing;" substantiating compelling. *Id*. 26(e)(1)(A).

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" *Fed. R. Civ. P. 11(b),* "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" *Id.* 11(b)(1); "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" *Id.* 11(b)(3); and "the denials of factual contentions are warranted on

8

the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *Id.* 11(b)(4).

Defendants' filing ECF No. 132 showcases Defendants' and counsel's willful noncompliance, not only admitting to failing to make reasonable inquiry into multiple affidavits ECF Nos. 103, 107, and 108, the answer to the Complaint ECF No. 16, and in Responses to multiple discovery requests as alleged in ECF Nos. 104, 120, 128; counsel acknowledges responses to admissions will be updated on counsel's time, which is explicitly admonished in Rule 11. Specifically, the Rules states supplementation must occur within 21 days of receiving the Rule 11 letter. Counsel intends on taking over 30 days, without seeking nor receiving this Court's consent to do so; an additional willful violation of the Rules.
According to Defendants' Affidavit (ECF No. 103), the ProMax "screen[shot] was said to have been taken on "November 07, 2019 at the request of [his] attorney.." (***Id.* 103)**, and coincidently on the same day his attorney requested, Defendant Daniel Ramirez suspiciously "found a screen with Tiffany Grays information.," (***Id.* 103)** in ProMax. This "screen[shot]" is said to be all the notes "Promax" has "related to Tiffany Grays." (***Id.* 103)**. These notes are proffered to be limited to "04/06/18 and 07/11/18." (***Id.* 103)**.

Plaintiff was correct when stating there were various inconsistencies and omissions, substantiating mendacity within the statements provided to this Court in Defendants' the Affidavit (***Id.* 103);** warranting sanctions expeditiously:

1. The information contained within the screenshot was and has been in Defendants' custody and control throughout this litigation, yet was not disclosed until Mr. McKinnon "asked" for it, on November 07, 2019;

9

2. This Court's Orders have caused Defendants to produce the tabs within the screenshot containing different information specifically related to the Plaintiff record and required only a click to display the data; (Print History, Notes and History, Credit App, Transfer, Deals, Desking, Review and Submit, Scheduled Activity, Purchased Vehicles, Communications, Check for Duplicates); these tabs showed specific actions conducted by Defendants, actions which Plaintiff would have questioned Defendants and/or provided to substantiate Plaintiff's Motion for Summary Judgment.

3. The Notes section which expressed system notes as being available, but intently hidden by Defendants, did in fact show notes substantiating Defendant's credit decisions and failures to disclose the salvaged title of the vehicle in communications with the Plaintiff prior to her arrival.

Defendants' words and affidavits have been shown to be untrustworthy.

## **VEXATIOUSLY AND UNREASONABLY MULTIPLIED PROCEEDINGS**

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197 (10th Cir. 2008). "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis [or [as is the case here]] when the entire course of proceedings was unwarranted." *Dominion Video Satellite Inc. v. Echostar Satellite L.L.C.,* 430 F.3d 1269 (10th Cir. 2005).

Plaintiff has been forced to seek judicial assistance in multiple filings in this case, including but not limited to, Plaintiff's motion to compel Defendants' compliance within Discovery **(ECF Nos. 104, 120, 128, 133, and 134);** which have caused the Court to Compel Defendants into compliance **(ECF No. 127)**. While these decisions affirm Defendants' noncompliance, Defendants continue prolonging Plaintiff's suffering through intentional withholding of evidence.

Pursuant to § 1927, three requirements must be met for liability to be imposed: (1) a multiplication of proceedings by an attorney; (2) by conduct that can be characterized as unreasonable and vexatious; and (3) a resulting increase in the cost of the proceedings. *Hidahl v. Gilpin County Dept. of Social Services*, 699 F. Supp. 846, 850 (D. Colo. 1988).

This present case currently amounts to over 130 filings. 130 filings when Defendants have admitted to fraudulent inducement and concealment over a year ago, is the direct result of Mr. McKinnon, an attorney multiplying preceedings. To claim defenses when fraud has been admitted is minimally unreasonable and at maximum vexatious. The costs incurred by Plaintiff have significantly increased as a direct result of Mr. McKinnon's unreasonable conduct. Plaintiff has paid numerous expenses and costs physically, mentally, financially, and in exertion. Specifically, as a direct result of Defendants' and counsel's hinderances, Plaintiff has been forced to conduct multiple discovery hearings; forced to conduct additional depositions; forced to file motion to enlarge discovery; forced to email counsel multiple times in attempt to resolve without court assistance; forced to file multiple motions to compel; forced to confer with counsel; thereby substantiating pro se Plaintiff's costs, expenses, and fees as totaled within Exhibit 48.

Defendants' discovery lies regarding ProMax and Defendants' conduct with the Plaintiff, has led to the multiplication of proceedings and additional costs and expenses to Plaintiff, as this case should never have been litigated by Mr. McKinnon; all consequential violations of the standards prescribed by Rule 11 subdivision (b). By assisting Defendants' continued unfounded statements after the onset of this case, after statements contrary to defenses were provided to the Colorado Auto Industry Division, Mr. McKinnon willfully, wantonly, and unreasonably multiplied the proceedings in violation of § 1927.

## V.   CONCLUSION

8. Under Rule 37(d)(3), the Court "must require the party failing to act…to pay the reasonable expenses, including attorney's fees, caused by the failure." *Carbajal v. Warner,* No. 10-cv-02862-REB-KLM, 2013 WL 5609342, at *2 (D. Colo. Oct. 11, 2013). "This mandatory award of expenses may stand on its own or be in addition to any other permissible sanction the mandatory nature of this sanction." *Id*. Carbajal at *2. Plaintiff is entitled to all expenses and fees incurred as a direct result of counsels' failures. "When false evidence is provided under oath, knowingly and with intent to deceive, a party commits a fraud on the court." *Philips Elecs. N. Am. Corp. v. BC Tech*., 773 F. Supp. 2d 1211; 2010 U.S. Dist. LEXIS 141472; quoting *Garcia v. Berkshire Life Ins. Co. of Am*., 569 F.3d at 1181 (10th Cir. 2009).

12. § 1927 places an affirmative duty on counsel to dispose of unsubstantiated defenses; Rule 37 places affirmative duties upon counsel to uphold the sanctity of the justice system, to comply with Discovery Requests, timely and in full; to conduct all actions in good-faith, to do substantial

12

justice at all times. Counsel can face severe monetary sanctions for breaching these duties. Motions for sanctions under § 1927 and Rule 37 can effectively prevent counsel's attempt to bully the *pro se* Plaintiff out of the courthouse, quash the squandering of Court's, and Plaintiff's limited resources and provide a strong disincentive for refusing to drop frivolous defenses.

13. Defendants' egregious actions, refusing to comply with Rules and Orders in this case time and time again, warrant the additional sanction of default **(ECF No. 41)** against Defendants. Both parties and counsel may be held personally liable for expenses, including attorneys' fees, caused by the failure to comply with discovery orders. *Roadway, Exp., Inc. v. Piper*, 447 U.S. 752, 763-764 (1980). Counsel should not assist clients who have defrauded unsuspecting consumers in consumer credit transactions and continue making known false statements to counsel and the Court. While a showing of bad faith is not required in the Tenth Circuit before a Court imposes sanctions pursuant to § 1927, *Hamilton v. Boise Cascade Express,* 519 F.3d 1197, 1202 (10th Cir. 2008), Defendants and counsel have shown bad-faith throughout this litigation. The Tenth Circuit found that § 1927 "sanctions are not reserved for the worst offenders," because they "are levied to compensate the victims of dilatory practices, not as a means of punishment." *Id.* Hamilton, 519 F.3d at 1203.

"A party facing the possible assessment of costs, expenses or attorney fees has a due process right to notice that such sanctions are being considered by the court and a subsequent opportunity to respond. An opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements." *Resolution Trust Corp. v. Dabney,* 73 F.3d 262, 268 (10th Cir. 1995).

**WHEREFORE**, the extent of misconduct by counsel and Defendants, documented herein and elsewhere in the record, substantiates the Court's exercise of its inherent power in this instant case as the interests of judicial economy, equitable justice, and reverence for this Court and the judicial system at large; all justifying sanctions. Therefore, Plaintiff prays the Court enter an Order of sanctions against Defendants and counsel for Defendants, Michael G. McKinnon and:

a) Strike Defendants Answer to the Complaints and enter Entry of Default (ECF No. 41);

b) Compel Defendants to fully answer questions which were posed to the representative of Auto Mart and which went unanswered through responses such as or similar to "I don't know."

c) Pursuant to Fed. R. Civ. P. 37(a)(3)(C), allow Plaintiff to take depositions concerning information contained in evidence undisclosed and depositions taken out of time;

d) Order Defendant to immediately reimburse Plaintiff for additional expenses incurred through the additional depositions and subpoenas;

e) Permit Plaintiff to issue subpoenas for additional evidence Plaintiff become aware of through the disclosures and depositions out of time;

f) Assess interest at the rate of 5%, compounded monthly for all fees paid outside of 14 days.

g) Allow Plaintiff to inspect and record the ProMax system at Auto Mart, including printing of documents at Auto Mart USA, at Auto Mart USA's expense;

h) Plaintiff respectfully requests the Court Order Defendants to supplement its responses to Plaintiff's First Interrogatories: 6; Plaintiff's Second Interrogatories: 19, 20, 24; and Plaintiff's Second Admissions: 21, and 24; forthwith;

14

i) The Court ADOPT Plaintiff's claims as true, finding Defendants fraudulent inducement and concealment, false advertising,

j) The Court fully GRANT Plaintiff's Motions for Summary Judgment (ECF No. 109); and/or

k) The Court GRANT Plaintiff's Leave to Amend the Motion for Summary Judgement and to file the Second Amended Complaint (ECF No. 119); and/or

l) Award Plaintiff reasonable litigation costs and expenses incurred in responding to Defendants insubordination of Court's Orders and Rules, to be provided to the Court within fourteen (14) days of any Order granting this Motion.

m) Other relief this Court deems just and proper.

Respectfully Submitted,

  /s/ Tiffany Grays, pro se  

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

15

# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Grays, Tiffany, *pro se*　　　　　　　　　　　　　　**18-CV-01761-MSK-NYW**
　　　v
　Auto Mart, et al

## CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 02nd day of March 2020, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT: **PLAINTIFF'S SECOND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 26, 37 AND 28 U.S.C. § 1927**

DOCUMENT: **Exhibits 46-47**

　　Auto Mart et al.
　　C/O Michael McKinnon
　　mgmckinnon@msn.com
　　P: 303-438-4000

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Tiffany Grays, pro se

　　　　　　　　　　　　　　　　　　　　　　　　　Tiffany Grays, *pro se*
　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 472322
　　　　　　　　　　　　　　　　　　　　　　　　　Aurora CO, 80047
　　　　　　　　　　　　　　　　　　　　　　　　　(720) 623-1883