# UNITED STATES DISTRICT COURT
for the
### District of Colorado

Case No. **18-CV-01761-MSK-NYW**

Tiffany Grays, *pro se* )

*Plaintiff(s)* )

- V - )

Auto Mart USA, LLC;  Jorge Pacheco;
Daniel Ramirez, Donnie McElroy;
Marco Sandoval; Jay Barber )

*Defendant(s)*

## BRIEF IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE THRID AMENDED COMPLAINT

*Pro se* Plaintiff Tiffany Grays, files this Brief in Support of her respectful requests for Leave **(ECF No. 134)**, as Defendants' Response, ECF No. 138, fails to substantiate a decision otherwise.  Plaintiff's claims regarding being told a soft inquiry was being performed and had been performed by Defendants, in addition to being lured to Auto Mart through the fraudulent concealment and inducement by Defendants' Mitsubishi Outlander being posted for sale on Defendants' website, with an undisclosed salvaged title; actions not arising out of the sale of the 2013 Dodge Journey, and all claims against all individual Defendants, properly remain before this Court.

1

In accordance with Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." "Unless there is good reason... to the contrary," *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir.2009), (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (brackets omitted)). The Court holds the ultimate decision whether to grant leave and it is within the sound discretion of the district court to do so, as no substantial reason exists to deny leave to amend. The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

When a party moves to amend after the scheduling order deadline, the moving party must (1) demonstrate good cause for modifying the scheduling order under Federal Rule of Civil Procedure 16(b)(4), and (2) satisfy the standards for amendment under Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018). "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." Id. *Gorsuch,* 771 F.3d at 1240.

The proposed amendments all stem from events that occurred both after the deadline for amending the pleadings, discovery requests made, discovery responses provided, depositions conducted, and discovery closing, all after Plaintiff filed her Second Amended Complaint. The party opposing a motion to amend generally bears the burden to demonstrate why the

2

amendment should not be permitted. In the absence of such a showing, amendment should be allowed. *Id*. *Wilkerson*, 606 F.3d at 1267. Plaintiff's motion easily meets Rule 16(b)(4)'s good cause standard because she could not have moved to amend any sooner than she did.

Defendants' Response is materially deficient in that Defendants fail to address:

1. The ongoing ProMax discovery which has produced documents which led to the discovery that Mr. McKinnon's client, Mr. Mike Abssi, owner and operator at Auto Mart USA's, full legal name is Mohammad Al-Abssi, not the proffered "Mike" Abssi; the proffered for over one and half years of litigation. Therefor, Defendants' admit "Mike" is really Mohammad, while Defendants and counsel made another material misrepresentation in Disclosures; in Discovery.

2. The ongoing ProMax discovery which has produced documents which state Mr. Abssi's and Mr. Daniel Ramirez's control and interest in Auto Mart USA, substantiating Plaintiff to sue Mr. Abssi and Mr. Ramirez in their individual and professional capacities.

3. The fact that within ECF No. 103, counsel and Mr. Ramirez stated under oath, all ProMax information had been produced weeks before providing the Plaintiff "over 150 pages," **(ECF No. 139 at ¶10**), of the "400" pages received as just days ago, February 20, 2020.

4. The fact the aforementioned 150 and 400 pages were provided, "[a]s Defendants previously stated in ECF No.122, the deadline to amend pleadings was June 3, 2019. Moreover, the summary judgment deadline was November 21, 2019." **(ECF No. 138 p.2).**

3

**WHEREFORE**, Defendants will not suffer any undue prejudice, as Defendants have caused the need for the relief requested in the motions and have served Defendants' interests through withholding material evidence which has been in their possession since the onset of this case. Defendants concealment material facts throughout this litigation should not be rewarded by depriving Plaintiff of the ability to bring all claims against all offenders; and in by doing so will constitute a failure to have Defendants and counsel appropriately atone and address these aforementioned breaches. As the facts alleged are sufficient to allow the trier of fact to conclude amending is appropriate, granting Plaintiff Leave is appropriate.

Respectfully Submitted,

/s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
District of Colorado

Grays, Tiffany, *pro se*                       **18-CV-01761-MSK-NYW**
    v
Auto Mart, et al

# CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 4th day of March 2020, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT:  **BRIEF IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR LEAVE TO FILE THRID AMENDED COMPLAINT**

Auto Mart et al.
C/O Michael McKinnon
mgmckinnon@msn.com
P: 303-438-4000

                                                                 /s/ Tiffany Grays, pro se

Tiffany Grays, *pro se*
PO Box 472322
Aurora CO, 80047
(720) 623-1883