UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **18-CV-01761-MSK-NYW**

Tiffany Grays, *pro se*

*Plaintiff(s)*

- V -

Auto Mart USA, LLC;  Jorge Pacheco;
Daniel Ramirez, Donnie McElroy;
Marco Sandoval; Jay Barber

*Defendant(s)*

# BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS AND RECONSIDERATION OF ECF NO. 127

*Pro se* Plaintiff Tiffany Grays, files this Brief in Support of the Court GRANTING her respectful objections and Motion for Reconsideration **(ECF No. 130)**, as Defendants' Response, ECF No. 139, fails to substantiate a decision otherwise.

The Tenth Circuit has held that because our legal system strongly prefers to decide cases on their merits, dismissal or default sanctions should be predicated on "'willfulness, bad faith, or [some] fault'" rather than simply "inability to comply." The Tenth Circuit has suggested various factors a district court may wish to consider in deciding whether dismissal is a proper sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (citation omitted). These factors "do not represent a rigid test" *Id. Lee* at 1323 (citing *Ehrenhaus*

1

*v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)), and is simply a non-exclusive list of criteria for the district court to consider prior to imposing dismissal as a sanction.

"Delays created by a party's failure to meet discovery deadlines and failure to cooperate with discovery prejudice the other parties by increasing the expense of time and attorney's fees." *Jones v. Thompson*, 996 f.2d 261, 264 (10th Cir. 1993).

Under Fed. R. Civ. P. 72, Defendants were file responses to Plaintiff's objections within 14 days. ECF No. 130 was filed on February 12, 2020, therefore 14 days would have been February 26, 2020. As such, all Responses related to the objections should be stricken from the record as untimely filed on March 04, 2020.

Defendants' misconstrue conferral requirements for objections and motions. Plaintiff, in good-faith and in accordance with the Rules, Plaintiff properly attempted to confer with counsel via phone. As indicated within ECF No. 139, counsel believes Plaintiff's call if not answered by counsel, is required to then confer via voicemail. While Plaintiff is not required to leave a message indicating the purpose of the conferral request, Plaintiff did leave a message regarding counsel's setup of the conferral call, and counsel subsequent failure to answer; all of which was indicated in previous filings. Counsel admits Plaintiff attempted to confer, which is all that is required. Counsel further admits his failure to properly confer, in violation of conferral requirements.

Plaintiff's claims regarding being told a soft inquiry was being performed and had been performed by Defendants, in addition to being lured to Auto Mart through the fraudulent concealment and inducement by Defendants' Mitsubishi Outlander being posted for sale on Defendants' website, with an undisclosed salvaged title; actions not arising out of the sale of the

2013 Dodge Journey, and all claims against all individual Defendants, properly remain before this Court.

Defendants' response fails to address:

1. Defendants' supplemental responses, which were provided to the Plaintiff on March 04, 2020, 27 days after receiving a Rule 11 Letter, which requires correction within 21 days, remain materially deficient in that:

    a. Defendants have failed to supplement all responses which deserve to be supplemented, including those pertaining to ProMax.

    b. Defendants are still denying facts which have been admitted. For example, Admission number 17, is admitted to Defendant Auto Mart, denied by all individuals, yet Jay Barbar is stated to be the author of the adverse action letter and the letter contains his signature.

    c. Defendants are denying facts learned through arbitration, after stating arbitration facts would be used to supplement responses.

2. The ongoing ProMax discovery which has produced documents, which have led to the discovery that Mr. McKinnon's client, Mr. Mike Abssi, owner and operator at Auto Mart USA's, full legal name is Mohammad Al-Abssi, not the proffered "Mike" Abssi; the proffered name for over one and half years of litigation. Therefor, Defendants' admit "Mike" is really Mohammad, resulting in Defendants and counsel having made another material misrepresentation in Disclosures; in Discovery.

3. The fact that within ECF No. 103, counsel and Mr. Ramirez stated under oath, under penalty of perjury, all ProMax information had been produced, weeks before providing

the Plaintiff "over 150 pages," **(ECF No. 139 at ¶10**), of the "400" pages received as just days ago, February 20, 2020.

4. The fact the aforementioned 150 and 400 pages were provided, after, "[a]s Defendants previously stated in ECF No.122, [affirmed] the deadline to amend pleadings was June 3, 2019. Moreover, the summary judgment deadline was November 21, 2019." **(ECF No. 138 p.2).**

5. The Court's inadvertent err in omitting claims regarding the promise of soft inquiry performance and the false advertising of the Outlander for sale on Defendants' website with an undisclosed salvaged title is good cause substantiating reconsideration.

6. Failing to issue sanctions against an attorney for insubordination, contempt, and intentional infliction of emotional distress through needless litigation upon a pro se litigant; unfairly rewards attorneys, punishes pro se litigants, and violates equal protections.

Therefore, as counsel and Defendants have remained silent upon these material issues raised in Plaintiff's motion, this silence can be construed as approval; allowing the Court to Grant Plaintiff's motion in full.

Plaintiff established that the delayed ProMax documents are of such a nature that the delay in producing them has hampered Ms. Grays's ability to prosecute her claims, as over 400 pages have been received months after discovery closed, documents which were as of the onset of this case in Defendants' and therefor counsel's custody and control. Resulting in said conduct being performed in "willfulness, bad faith, [and/] or [some] fault." *Id. Lee*.

Should the Court continue refusing costs, expenses and fees to the pro se Plaintiff, the Court would be incentivizing meritless defenses which vexatiously impact litigation by trained

4

attorneys against disadvantaged pro se litigants; which then impedes the progression of justice for individuals untrained and unable to afford counsel; yet seek the justice promised to all; as is present here in this 141st pleading. According to the Rules, as Plaintiff's motions to compel were granted, Plaintiff is entitled to costs, expenses (reasonable and other), as well as attorney's fees.

Mr. McKinnon's deposition conduct was abusive, and Defendants have intently withheld documents after given multiple opportunities to comply, which were and have remained in their custody and control the entirety of this litigation; all material to Plaintiff's claims; further hindering Plaintiff's discovery. Plaintiff is entitled to all relief requested in each motion, excluding service by publication.

As pro se litigants must comply with all Rules, and pro se litigants incur the same costs, fees and expenses as attorneys, pro se litigants ought to have the same recoveries available. Pro se litigants are already disadvantaged in litigation and the Court should not afford attorneys an additional advantage of being immune to fees, costs, and expenses when opposing a pro se litigant; equal protection for all parties is what is fair and equitable; not doing so is an abuse of discretion. Judicial economy favors intervention. Relinquishing sanctions owed to pro se parties only affords attorneys unfettered authorization to further penalize unrepresented litigants through abusive deposition conduct, discovery and disclosure mendacity, and causing vexatious litigation; all while the pro se party has already endured conduct which caused claims alleged. To avoid a miscarriage of justice, Plaintiff prays this Court will afford all parties equal protection, awarding all relief requested.

Respectfully Submitted,       /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322

Aurora, CO  80047<br>
(720) 623-1883<br>
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
## District of Colorado

Grays, Tiffany, *pro se*                                    **18-CV-01761-MSK-NYW**
    v
Auto Mart, et al

# CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 6th of March 2020, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT:  **BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS AND RECONSIDERATION OF ECF NO. 127**

    Auto Mart et al.
    C/O Michael McKinnon
    mgmckinnon@msn.com
    P: 303-438-4000

/s/ Tiffany Grays, pro se

Tiffany Grays, *pro se*
PO Box 472322
Aurora CO, 80047
(720) 623-1883
