**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Civil Action No. 18-cv-01761-MSK-NYW

**TIFFANY GRAYS,**

    Plaintiff,

v.

**AUTO MART USA, LLC,
JORGE PACHECO,
AUTO MART USA2,
DANIEL RAMIREZ,
DONNIE MCELROY,
MARCO SANDOVAL,
AUTO MART, and
JAY BARBAR,**

    Defendants.

___

**OPINION AND ORDER DENYING MOTION TO LIFT STAY, ENTERING SUMMARY JUDGMENT, AND CLOSING CASE.**
___

**THIS MATTER** comes before the Court pursuant to Ms. Grays' Motion to Lift Stay **(#153)**, the Defendants' response **(# 156)**, and Ms. Grays' reply **(# 159)**. Also pending is Ms. Grays' Motion to Strike **(# 157)** the Defendants' response to the motion to lift stay and the Defendants' response **(# 158)**.[1]

Only a brief recitation of the underlying facts is necessary here. In March 2018, Ms. Grays sought to purchase a vehicle from Defendant Auto Mart USA ("Auto Mart"), attracted by

---

[1] The Court denies that portion of Ms. Grays' motion that seeks to strike the Defendants' response to her Motion to Life The Stay. The Defendants' response to that motion is entirely appropriate. Ms. Grays' Motion to Strike also contains certain legal arguments relating to other issues that the Court considers notwithstanding the denial the motion to strike.

1

its promise of "guaranteed financing." Ms. Grays was initially attracted by an online advertisement for a Mitsubishi Outlander but, upon being told it had a salvage title, turned her attention to and eventually purchased a Dodge Journey. Auto Mart employees represented that they would only conduct "soft" checks of her creditworthiness, but proceeded to run "hard" checks that impacted Ms. Grays' credit score. She completed a vehicle purchase with initial financing through Auto Mart, with the condition that the sale was subject to Auto Mart being able to re-sell her loan to another financing company. Auto Mart was unable to do so, and a few days later, requested that Ms. Grays return the vehicle. Ms. Grays did so, then commenced this action asserting a wide array of statutory and common-law claims under state and federal law, asserted against Auto Mart itself and several of its employees.

Consistent with the terms of the sale contract, the Court ordered **(# 49)** the parties to arbitrate certain of Ms. Grays' claims against Auto Mart. The claims against the individual Defendants and certain claims that did not implicate the sales transaction, however, remained before the Court and proceeded.

In October 2020, noting that there was a "lack of clarity" regarding which claims remained for adjudication in this action, the Court granted **(# 148)** summary judgment to Ms. Grays on the issue of whether the individual Defendants were acting as agents of Auto Mart during the pertinent events. The Court then found that, to the extent Ms. Grays' claims against the individual Defendants overlapped with her pending claims in arbitration against Auto Mart, it was appropriate to stay the overlapping claims until the arbitration was complete. The Court proceeded to resolve all of the claims that "survive outside the ongoing arbitration," granting summary judgment to the Defendants on most claims and expressing an intention to enter summary judgment in favor of the Defendants pursuant to Fed. R. Civ. P. 56(f) on other claims.

At the Court's invitation, Ms. Grays submitted argument **(# 151)** on the claims the Court had identified pursuant to Rule 56(f), and the final disposition of those claims is pending.

On March 16, 2020, the arbitrator issued an interim award **(# 153-1)** that in favor of Ms. Grays and against Auto Mart on Ms. Gray's claim for negligent misrepresentation. Specifically, the arbitrator found that Auto Mart had misrepresented its intention to conduct "soft" credit checks instead of "hard" ones. The arbitrator found that Ms. Grays was unable to prove that she suffered any economic loss as a result of Auto Mart's misrepresentations, but left open the issue of whether Ms. Grays could recover non-economic damages. (The record indicates that the arbitrator subsequently issued a Supplemental Award on April 29, 2020, presumably addressing that issue, but the contents of that Supplemental Award are not part of the record in this case.) The arbitrator found in favor of Auto Mart on all of Ms. Grays' other claims. No party has sought review of that arbitration award and thus, the Court understands that it has become final.

In the instant motion **(# 153)**, Ms. Gray seeks to lift the stay and pursue the claims that remain before this Court. She tendered a chart that attempts to depict the claims she believes remain extant, including various claims against Auto Mart itself.

The entry of the final arbitration award resolving all claims that Ms. Grays asserted in the arbitration against Auto Mart operates as *res judicata* as to those same claims asserted by Ms. Grays against Auto Mart in this action. *See MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831-32 (10th Cir. 2005); *Coffey v. Dean Witter Reynolds, Inc.*, 961 F.2d 922, 925 n. 4 (10th Cir 1992). Moreover, because the Court has previously determined – at Ms. Grays' request – that the individual Defendants were acting as agents of Auto Mart at all pertinent times., the determination that Auto Mart has no liability in the arbitration collaterally estops Ms. Gray's prosecution of such claims against the individual Defendants in this action. Under Colorado law,

the doctrine of *res judicata* operates the preclude further litigation of a claim where: (i) the judgment in the prior proceeding is final; (ii) the prior and current proceeding involve identical subject matter; (iii) the prior and current proceeding involve identical claims for relief; and (iv) the parties to both proceedings were identical or in privity with one another. *Gale v. City and County of Denver*, 962 F.3d 1189, 1192-93 (10th Cir. 2020).

There is no dispute that the arbitration award is final. It is clear that the claims Ms. Grays seeks to assert against the individual Defendants are the same claims she asserted against Auto Mart itself. Those claims have always been asserted jointly by Ms. Grays against all Defendants without differentiation, and even the chart Ms. Grays attaches to her motion to lift the stay makes clear that the claims against Auto Mart and the claims against the individual Defendants are the same. It is also apparent that the same facts underlie both claims. The individual Defendants are the Auto Mart employees that performed the acts on Auto Mart's behalf that Ms. Grays challenged in the arbitration. That leaves the fourth element: whether the individual Defendants are in privity with Auto Mart. The finding that the individual Defendants were acting as Auto Mart's agents at all pertinent times in this case satisfies the requirement of privity. *See Lowell Staats Mining Co. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1276 (10th Cir. 1989) (" A corporation acts through its officers, directors and agents. . . . Litigation involving [ ] a corporation would be res judicata in favor of such persons who conducted its affairs and determined its policies, if the plaintiff failed in an action against the corporation"). Thus, to the extent that Auto Mart succeeded (or failed) on a given claim by Ms. Grays in arbitration, Ms.

4

Grays is precluded from asserting that same claim against the individual Defendants who were acting as Auto Mart's agents.[2]

The preclusive effect of the arbitration award operates to dispose of all claims by Ms. Grays against all Defendants as those claims that were or could have been presented in the arbitration. The Court's October 26, 2020 Order sought to dispose of all remaining claims that fell outside the arbitration. That Order was conclusive except as to two issues, upon which the Court advised Ms. Grays that, pursuant to Rule 56(f), it was prepared to enter summary judgment in the Defendants' favor. Those two issues were: (i) all of Ms. Grays' claims against the individual Defendants that related to her initial interest in purchasing a Mitsubishi Outlander from Auto Mart, before Ms. Grays switched her interest to purchasing the Dodge Journey, and (ii) Auto Mart's own liability on the Truth In Lending Act claims (Claim 20) and Electronic Signatures claim (Claim 3).

By all appearances, Ms. Grays submitted claims relating to the Mitsubishi Outlander to the arbitrator. Paragraphs 21 and 22 of the March 16, 2020 award indicate that the arbitrator specifically considered Ms. Grays' claims that Auto Mart "fail[ed] to show in the on-line advertisement for the Mitsubishi Outlander that it was a salvage vehicle," but the arbitrator specifically found that Ms. Grays "cannot claim any reliance on this misrepresentation." Because Ms. Grays specifically pressed her claims about the advertising of the Mitsubishi Outlander before the arbitrator (whether or not the arbitration agreement compelled her to do so),

---

[2] By the same token, Ms. Grays' success on her negligent misrepresentation claim merges with her claim for negligent misrepresentation against whatever individual Defendant(s) made those representations. Ms. Grays has already had her damages on that claim quantified by the arbitrator and, presumably, paid by Auto Mart pursuant to the arbitration award. Thus, there is no need for further litigation in this Court on that claim.

5

the conclusions by the arbitrator dispose of any claims that Ms. Grays would seek to assert here regarding that issue.

Finally, Ms. Grays argues that summary judgment on the claims relating to the Outlander should not enter here because she can show that Auto Mart employees engaged in certain misrepresented "hard" credit checks while she was considering the Mitsubishi Outlander, before she switched her interest to the Dodge Journey. As noted above, Ms. Grays presented her claims regarding improper "hard" credit checks to the arbitrator, the arbitrator found that Auto Mart did indeed misrepresent those checks, but also found that Ms. Grays had not suffered any quantifiable economic injury as a result. Because Ms. Grays' claims relating to improper credit checks during the Outlander discussions were presented to and resolved by the arbitrator, the doctrine of preclusion prevents her from relitigating those claims against any of the individual Defendants here. Thus, the Court grants summary judgment to the individual Defendants on those issues reserved under Rule 56(f) in the October 2020 Order.

Thus, all claims asserted by Ms. Grays in this action have now been conclusively adjudicated.[3] There being no remaining claims to resolve, there is no need to lift the stay that

---

[3] Although the Court does not find it to be accurate, a review of Ms. Grays' chart attached to her Motion to Lift Stay confirms that all claims have been resolved. In the final column of that chart, she lists all claims that were asserted against Auto Mart in the arbitration. Of those, four are identified as being not raised in the arbitration and pursued in this case: (i) an unspecified Fair Credit Reporting Act claim; (ii) a fraudulent misrepresentation claim relating to an "advertisement" – either the advertising of the Mitsubishi Outlander or the advertising of "guaranteed credit approval"; (iii) a disparate treatment claim asserting that the Defendants discriminated against her on the basis of her race and sex; and (iv) an unspecified claim under the Uniform Commercial Code.

Two of these claims were clearly asserted and resolved in the arbitration. *See* Docket # 153-1 at ¶ 20 (arbitrator rejecting Ms. Grays' claims of sex and race discrimination); ¶ 22, 24 (arbitrator rejecting claims relating to misleading advertising). As to the Fair Credit and UCC claims, the Court's October 2020 Order resolved those claims to the extent they were comprehensible. *See* Docket #148 at 13-19. The resolution of all claims relating to Auto Mart

was previously imposed by the Court.  All that remains in this action is to enter judgment and close the case.  Accordingly, Ms. Grays' Motion to Lift Stay **(# 153)** and Motion to Strike **(#157)** are denied.  The Clerk of the Court shall enter judgment in favor of all Defendants on all claims not encompassed by the arbitration and shall thereafter close this case.

Dated this 20th day of August, 2021.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Senior United States District Judge

---

necessarily means that all claims against the individual Defendants have been resolved as well, for the reasons set forth above.  Thus, no claim remains for adjudication.