**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Civil Action No. 18-cv-01761-MSK-NYW

**TIFFANY GRAYS,**

    Plaintiff,

v.

**AUTO MART USA, LLC,
JORGE PACHECO,
AUTO MART USA2,
DANIEL RAMIREZ,
DONNIE MCELROY,
MARCO SANDOVAL,
AUTO MART, and
JAY BARBAR,**

    Defendants.

---

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR COSTS PURSUANT TO FED. R. CIV. P. 37**

---

**THIS MATTER** comes before the Court pursuant to the 10th Circuit's partial remand of this case. *See Grays v. Auto Mart USA, LLC*, ___ Fed.Appx. ___, 2022 WL 2763096 (10th Cir., July 15, 2022). The 10th Circuit affirmed this Court's substantive rulings in this case over Ms. Gray's appeal, but noted that this Court had left unresolved an issue regarding a possible award to Ms. Grays of costs arising from her success in seeking to compel production of certain documents from the Defendants. This Order addresses that remaining issue, completing the 10th Circuit's remand.

1

## FACTS

The Court assumes the reader's familiarity with the proceedings to date and refers to the Court's October 26, 2020 Opinion and Order **(# 148)** to the extent that a summary of the operative facts and substantive issues is necessary.

The issue on remand arises from Ms. Grays' Motion to Compel **(# 104)**. That motion took the form of an e-mail from Ms. Grays to the Magistrate Judge's chambers on November 14, 2019. In the motion, Ms. Grays raised five issues: (i) the Defendants' failure to produce "rate sheets" requested by Ms. Grays; (ii) the Defendants' failure to produce all of the notes and other information about Ms. Grays that they kept within various "tabs" in software known as ProMax; (iii) the Defendants' failure to produce information about other "roll backs," apparently referring to situations in which customers took delivery of a vehicle only to thereafter have Auto Mart unwind the sale and demand return of the vehicle; (iv) an unclear demand relating to the Defendants not producing certain information about a Mitsubishi vehicle; and (v) a complaint that the Defendants' conduct during Ms. Grays' efforts to take their depositions needlessly obstructed and prolonged those depositions.[1]

On January 28, 2020, ruling on the papers without conducting a hearing, the Magistrate Judge issued a lengthy Order **(# 127)** resolving Ms. Grays' motion. The Magistrate Judge found that: (i) the Defendants adequately demonstrated that the rate sheets Ms. Grays sought no longer existed and thus could not be produced in discovery; (ii) the Defendants had not adequately explained their efforts to produce the data in each of the "tabs" in the ProMax software, and that

---

[1] On January 1, 2020, Ms. Grays filed a two-page Motion to Compel **(# 120)**, which contains no meaningful substantive argument relating to the ProMax data issue, and which simply noted that her prior November 2019 Motion to Compel "remains undecided."

Ms. Grays' motion was granted insofar as the Defendants were directed to "produce copies of each tab referred to by Ms. Grays"; (iii) there was no evidence of any undisclosed records relating to "roll backs" with other customers; (iv) Ms. Grays had not shown cause to disbelieve the Defendants' statements that they retained no information about the Mitsubishi vehicle after it was sold to another customer, and thus had nothing to produce; and (v) Ms. Grays had not shown evidence of obstructive deposition conduct by the Defendants. Although the Magistrate Judge granted a portion of Ms. Grays' motion, the Magistrate Judge declined to award Ms. Grays her costs and expenses in making that motion as contemplated by Fed. R. Civ. P. 37(a)(5).

Ms. Grays filed Objections to the Magistrate Judge's Order and this Court's October 26, 2020 Opinion and Order **(#148 at 32-34)** sustained those Objections in part. Specifically, the Court found that Ms. Grays was entitled to recover the relevant expenses under Rule 37.[2] The Court directed Ms. Grays to submit an "affidavit and supporting documentation itemizing the reasonable expenses she incurred specifically with regard to moving to compel production of the ProMax data."

Ms. Grays did so **(# 152)**, claiming a total of $11,814.62 in expenses. Ms. Grays' affidavit consists of three major parts: (i) several numbered paragraphs comprising a narrative explanation of certain categories of expenses she claims; (ii) a chart that itemizes her specific claimed expenses in those categories (and others); and (iii) a separate filing of 37 pages of various receipts. *See* Docket # 152-1. In the narrative portion of the affidavit, Ms. Grays proffers an ambitious list of alleged expenses relating to her Motion to Compel:

---

[2]   The Court does not revisit the substantive ruling of whether an award of expenses under Rule 37 is appropriate here. The only matter before the Court at the point is the <u>amount</u> of expenses to which Ms. Grays is entitled.

- Automobile maintenance and operating expenses, which she associates with having to "driv[e] to meet with the *Pro Se* Clinic concerning compelling in the October and December 2019 depositions." As clarified in the chart and receipt portions, she claims an otherwise unidentified expense of $647 for "Car," $30 in gas costs, $202 in repair expenses associated with a receipt dated October 9, 2019, and $77 reflecting the cost of her annual car registration with the State of Colorado for 2019.

- What appears to be the full cost of one month of her routine personal expenses for cell phone service, internet service, software subscriptions, and a Post Office box, among others, which she states she was required to incur "to conduct legal research and in the actual preparation of the Motions and depositions." In addition to these items, the chart portion also separately itemizes an entry for $49.20 for "Legal Research," which appears to correlate to a receipt Ms. Grays tenders for payment of her PACER account charges in 2020.

- The cost of "medication in order to cope with the stress of compelling Defendants, without which [she] would not have been able to compel Defendants." It is difficult to ascertain which receipts relate to which this claimed expense. As best the Court can determine from reviewing her tendered receipts, the "medication" Ms. Grays refers to in her affidavit correlates solely to a receipt she provides for a $28 purchase from a marijuana dispensary on December 30, 2019. Docket # 152-1 at 19.

- An assertion that "compelling Defendants prevented [her] from working," accompanied by e-mails that suggest that on two occasions (November 13, 2019 and December 17, 2019), she cancelled temporary one-day job assignments that she had previously accepted from an employment agency.

4

- She states that she "printed documents for her review" that required paper and ink. A chart in her affidavit appears to estimate that she incurred the costs of printing 141 pages in conjunction with her Motion to Compel, which she bills at $1 per page.

- Ms. Grays also states that she required various office supplies, which she itemizes as totaling about $550, the vast bulk of which (roughly $430) is attributable to the cost of her purchase of a laser printer on October 14, 2019.

- She also requests, more generally, all of the costs that she incurred in deposing the Defendants, as "without [those depositions], the Rules would not have permitted [her] compelling Defendants." The chart lists three entries under "Depositions" for $800, $1,600, and $1,330.30. The Court assumes these entries reflect the cost of deposition transcripts she obtained at some point in time. These amounts correlate to two receipts from a vendor called Veritext Corp. (which are not otherwise descriptive) and one receipt from an entity called Hansen & Company, which appears to be a court reporting business.

- Finally, she requests a generalized $5,000 in "emotional and mental anguish."

As the 10th Circuit noted, the Court had not ruled on Ms. Grays' request for expenses at the time the Court entered Judgment in the case. Consistent with the 10th Circuit's remand that the Court address that outstanding issue, the Court does so now.

## ANALYSIS

In pertinent part, Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion. . . to pay the movant's reasonable expenses incurred in making the motion," unless certain conditions are met. (Those conditions are not at issue for purposes of this Order.) Notably, the expenses chargeable under Rule 37 must be those expenses associated with "making

the motion" itself, not with the events of discovery that preceded the motion. Rule 37(a)(5)'s purpose is to "deter the abuse implicit in . . . <u>forcing a discovery dispute to court</u> when no genuine dispute exists." *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012), *quoting* 1970 Advisory Committee note to then-Rule 37(a)(4) (emphasis added). Thus, the costs that may be awarded are those that the successful party incurred while <u>making the motion</u> that brought the matter before the Court. To hold that pre-motion discovery costs can be recovered through Rule 37(a)(5) would operate to shift a far broader swath of discovery costs than the Federal Rules appear to intend to shift.

Limiting the reach of the rule to the actual costs of bringing the motion to compel itself operates to disqualify many of the costs claimed by Mr. Grays. Many of her claimed expenses are tied not to the costs attendant to drafting and filing her November 14, 2019 motion (or even the January 1, 2020 motion that incorporated its predecessor by reference), but to the costs of litigation generally. Ms. Grays requests the costs of an entire month of internet service or a PACER account, or the full cost of a laser printer, but it is clear that she incurred these expenses for the litigation generally, not specifically and solely for the Motion to Compel.³ Ms. Grays' request for reimbursement of the cost of printing 141 pages of paper ostensibly related to the Motion to Compel is inconsistent with the record, which reveals that her four-page Motion to

---

³ To the extent that one could argue the theoretical proposition that some miniscule fraction of Ms. Grays' internet or electric service was indeed devoted to her preparation and filing of the Motion to Compel in November 2019 (and an even smaller fraction that was devoted to preparing the <u>successful</u> arguments in that motion), the Court finds that the task of calculating that percentage is so speculative and imprecise that, if called upon to do so, it would decline to exercise its discretion to attempt to apportion those costs under Rule 37(a)(5)(C).

Compel[4] was sent to the Court and opposing counsel by e-mail, not printed out. *See Docket #104, see also Docket* #127 at 4. To the extent Ms. Grays made the number of copies indicated, she necessarily did so for her own convenience, not for the purpose of filing a motion with the Court. For similar reasons, the costs of obtaining the deposition transcripts of the Defendants is not an expense chargeable under Rule 37(a)(5), particularly where her <u>successful</u> arguments in the motion – those concerning the ProMax data hidden in tabs – were not supported by any citations to those deposition transcripts.[5] Thus, the Court cannot conclude that the cost of obtaining the deposition transcripts was a cost that Ms. Grays incurred in the course of making the successful portion of her Motion to Compel.

The Court rejects Ms. Grays' request for compensation for having declined job opportunities, such as on November 13, 2019, the day before she filed her motion. The Court finds that Ms. Grays has not demonstrated that the demands of preparing the motion necessarily precluded her from working for a portion of that same day. More importantly, however, the Court notes that the same reasoning that led the 10th Circuit to agree that Ms. Grays, as a *pro se* litigant, was not entitled to an award of attorney fees warrants denial of her request for compensation for missing work. In *Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1376 (Fed. Cir. 2002), the *pro se* movant requested expenses under Rule 37 reflecting "sanctions equaling his income lost as a result of time away from work." The court denied that request,

---

[4]    Ms. Grays' Motion to Compel was supported by 19 pages of exhibits, but only one of those pages, Docket # 104-3, related to her successful request to compel production of ProMax data in tabs. There is no indication in the record that Ms. Grays filed this exhibit in a paper, rather than electronic, form.

[5]    Ms. Grays' arguments concerning ProMax data challenge the representations in an affidavit **(# 103)** filed by the Defendants. This portion of the motion makes no mention of any deposition testimony at all.

7

deeming it as a way of claiming attorney fees in a different form: "[w]hether a *pro se* litigant seeks an award of attorney fees as though he had been represented by counsel or <u>as an opportunity cost</u> makes no difference. In either case, the award of attorney fees to a *pro se* litigant is not within the plain meaning of the rule." (Emphasis added.) By requesting payment for employment she passed up in order to litigate this case, Ms. Grays is once again requesting payment for her time – essentially, an impermissible award of attorney fees. Thus, the Court denies that request as well.

The remainder of Ms. Grays' requests are so tenuously connected to the act of preparing and filing the Motion to Compel itself that the Court need not address them individually or even categorically.

Accordingly, the Court finds that Ms. Grays has not demonstrated that she incurred any reasonable costs attributable to making the (successful portion of) her November 2019 Motion to Compel. Thus, the Court finds that she is not entitled to any award of expenses under Rule 37(a)(5).

Dated this 19th day of July, 2022.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge