FILED
United States Court of Appeals
Tenth Circuit

April 28, 2023

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

TIFFANY GRAYS,

    Plaintiff - Appellant,

v.

AUTO MART USA, LLC; JORGE PACHECO; AUTO MART USA2; DANIEL RAMIREZ; JB OVALLE; DONNIE MCELROY; MARCO SANDOVAL; AUTO MART; JAY BARBAR,

    Defendants - Appellees.

No. 22-1246
(D.C. No. 1:18-CV-01761-MSK-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.
_____

    Tiffany Grays, appearing pro se, appeals the district court's order declining to award her any expenses she allegedly incurred in filing a motion to compel discovery

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that the district court granted in part. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

In a prior appeal, we affirmed a judgment in favor of defendants but remanded for the district court to consider whether to award Ms. Grays any of the $11,814.62 in expenses she claimed under Federal Rule of Civil Procedure 37(a)(5)(A) for her partial success on a motion to compel discovery. *Grays v. Auto Mart USA, LLC*, 2022 WL 2763096 at *4, *7 (10th Cir. July 15, 2022) (unpublished). Rule 37(a)(5)(A) provides that when a motion to compel discovery is granted, and unless an exception applies, a district court "must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The district court determined that Ms. Grays failed to demonstrate she incurred any reasonable expenses attributable to making the successful portion of her motion to compel and declined to award any expenses. Ms. Grays appeals.

## II. DISCUSSION

We review a district court's decision regarding the amount of costs and attorney fees to award under Rule 37(a)(5)(A) for an abuse of discretion. *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012). We afford

Ms. Grays's pro se filings a liberal construction, but we may not act as her advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).[1]

We begin our analysis by pointing out a flaw in Ms. Grays's interpretation of the limited remand this court ordered. She complains "[t]he district court abused [its] discretion by failing to follow [our] instruction [to] award [her] costs and attorney's fees." Aplt. Opening Br. at 5; *see also id.* at 11, 16 (same). Our remand order, however, did not require the district court to award Ms. Grays any expenses. Rather, we noted the district court had already determined Ms. Grays was entitled to Rule 37(a)(5)(A) expenses but had not addressed whether the expenses she requested were reasonably incurred in making the motion to compel and thus compensable under the rule. *Grays*, 2022 WL 2763096 at *4. We remanded for the district court to answer that question, and it did so.

With this understanding of our remand, we turn to whether the district court abused its discretion in determining that none of the expenses Ms. Grays claimed were reasonably incurred in making the motion to compel. Her primary argument is that because she was unable to afford counsel, equal protection and due process entitled her to an award of lost wages in lieu of the attorney fees that Rule 37(a)(5)(A) allows. But we rejected her equal protection argument in the prior appeal, 2022 WL 2763096 at *4, and she fails to make a separate due process

---

[1] Ms. Grays argues the district court failed to afford her pleadings a liberal construction, but we see nothing in the record supporting that argument and therefore reject it.

3

argument on this appeal, so it is waived, *see Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.").

We discern only one argument in Ms. Grays's opening brief directly taking issue with the district court's denial of her requested expenses.  Referring to automobile "insurance, gas, maintenance, [and] registration," she contends she needed her car to drive to defendants' business and determine whether they were complying with the district court's discovery orders, and their noncompliance necessitated the motion to compel.  Aplt. Opening Br. at 19.  But in district court, she advanced a different theory for car expenses—the need to drive to a pro se clinic for assistance in pursuing discovery.  Because Ms. Grays did not raise her new theory in the district court and has not asked for plain-error review on appeal, we deem her new theory waived and decline to review it.  *See United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

In any event, the district court properly declined to award any car expenses, which it described as including "an otherwise unidentified expense of $647 for 'Car,' $30 in gas costs, $202 in repair expenses[,] . . . and $77 reflecting the cost of [Ms. Grays's] annual car registration," R., Vol. 5 at 26.  The court viewed these expenses as "so tenuously connected to the act of preparing and filing the Motion to

Compel itself that the Court need not address them individually or even categorically." *Id.* at 30. Ms. Grays has not shown an abuse of discretion.[2]

Finally, Ms. Grays rehashes the merits of her case and attempts to bolster her claim for expenses through allegations of misconduct by defendants at other points in the litigation. None of these arguments is relevant to whether the district court abused its discretion in declining to award her any expenses tied to the partly successful motion to compel.[3]

---

[2] Ms. Grays has not specifically taken issue with the denial of any other expenses she sought, which included legal research; office supplies; a printer; subscriptions for internet access, music, storage, cell phone service, software, and a post office box; deposition transcripts; printing costs; medications to cope with stress; and $5,000 for emotional and mental anguish.

[3] Ms. Grays contends that because some of her claims arose under Colorado law, she is entitled to various expenses under several Colorado statutes. *See* Aplt. Opening Br. at 20 (discussing Colo. Rev. Stat. §§ 13-16-104, 13-16-122, and 13-17-202). We may assume, for the sake of argument, that Colorado law could apply to the expenses issue. But the Colorado statutes Ms. Grays relies on concern awards to parties prevailing in an action, not to parties who have some success on a motion to compel discovery. Instead, Colorado Rule of Civil Procedure 37(a)(4)(A) is the relevant state rule. Like its federal counterpart, the state rule limits an award of expenses for success on a motion to compel discovery to the movant's "reasonable expenses incurred in making the motion [to compel]." Colo. R. Civ. P. 37(a)(4)(A). Thus, the standard is the same under the federal rule and the state rule, and Ms. Grays has not shown the district court abused its discretion in determining she wholly failed to meet that standard.

## III. CONCLUSION

We affirm the district court's Opinion and Order Denying Plaintiff's Request for Costs Pursuant to Fed. R. Civ. P. 37.

                                    Entered for the Court

                                    Scott M. Matheson, Jr.
                                    Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

April 28, 2023

Tiffany Grays
P.O. Box 472322
Aurora, CO 80047

**RE:**   **22-1246, Grays v. Auto Mart USA, LLC, et al**
Dist/Ag docket: 1:18-CV-01761-MSK-NYW

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:   Michael Graeme McKinnon

CMW/jm